# NO. 25-1095

In The

# United States Court Of Appeals
## For The Fourth Circuit

## In re: ABTIN VAZIRI.

------------------------------

## ABTIN VAZIRI,

*Debtor - Appellee,*

## v.

## CYRUS AMIRI,

*Creditor - Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT ALEXANDRIA

————————

## JOINT APPENDIX

————————

Robert S. Brandt
LAW OFFICE OF ROBERT S. BRANDT
600 Cameron Street
Alexandria, VA 22314
(703) 342-7330

Daniel M. Press
CHUNG & PRESS, PC
6718 Whittier Avenue
Suite 200
McLean, VA 22101
(703) 734-3800

*Counsel for Appellant*                    *Counsel for Appellee*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

## TABLE OF CONTENTS
### Joint Appendix

Page:

Docket Entries. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA1

Notice of Appeal from Bankruptcy Court
      filed February 16, 2024. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA3

Lower Bankruptcy Record on Appeal
      filed March 13, 2024:

      Chapter 13 Voluntary Petition
            filed May 30, 2023. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA6

      Chapter 13 Plan
            filed May 30, 2023. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA73

      Trustee's Objection to Confirmation of Chapter 13 Plan
            filed July 19, 2023. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA87

      Amended/Modified Chapter 13 Plan
            filed September 8, 2023. . . . . . . . . . . . . . . . . . . . . . . . . . . . JA90

      Objection to Confirmation of Chapter 13 Plan
            filed October 4, 2023. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA104

      Trustee's Objection to Confirmation of Chapter 13 Plan,
            filed October 18, 2023. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA106

i

**Lower Bankruptcy Record on Appeal**
**filed March 13, 2024, Continued:**

**Amended/Modified Chapter 13 Plan**
      filed November 30, 2023. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA109

**Motion to Dismiss Chapter 13 Case with Prejudice**
      filed December 20, 2023. . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA123

**Debtor's Response to Motion to Dismiss**
      filed January 11, 2024. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA128

**Transcript of Hearing on Motion to**
**Dismiss Case with Prejudice Before**
**The Honorable Klinette H. Kindred**
      on January 18, 2024. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA131

**Objection to Confirmation of Plan by Cyrus Amiri**
      filed January 24, 2024. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA166

**Debtor's Response to Creditor's**
**Objection to Confirmation of Plan**
      filed January 26, 2024. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA172

**Order Denying Creditor's**
**Motion to Dismiss with Prejudice**
      filed January 31, 2024. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA180

**Transcript of Hearing on Objection to**
**Confirmation of Chapter 13 Plan Before**
**The Honorable Klinette H. Kindred**
      on February 1, 2024. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . JA182

**Order Confirming Plan**
      **filed February 2, 2024**................................. **JA188**

**Memorandum Opinion and Order**
      **filed January 3, 2025**................................... **JA191**

**Notice of Appeal**
      **filed January 27, 2025**................................. **JA200**

Query    Reports    Utilities    Help    Log Out

APPEAL,CLOSED

# U.S. District Court
## Eastern District of Virginia - (Alexandria)
## CIVIL DOCKET FOR CASE #: 1:24-cv-00236-MSN-WEF

Amiri v. Vaziri
Assigned to: District Judge Michael S Nachmanoff
Referred to: Magistrate Judge William E. Fitzpatrick
Case in other court: USBC EDVA 23-10896-KHK
                       4th Circuit, 25-01095
Cause: 28:0158 Bankruptcy Appeal from Judgment/Order

Date Filed: 02/16/2024
Date Terminated: 01/03/2025
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**In Re:**

**Abtin Vaziri**

**Appellant**

**Cyrus Amiri**
*c/o Robert S. Brandt, Esq*

represented by **Robert Sergio Brandt**
The Law Office of Robert S. Brandt
1513 King Street
Alexandria, VA 22314
703-342-7330
Email: brandt@brandtlawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**Abtin Vaziri**

represented by **Ashley Frances-May Morgan**
Ashley F. Morgan Law, PC
722 Grant Street
Suite G
Herndon, VA 20170
703-880-4881
Email: ashley@afmorganlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**USBC-Alexandria (United States Bankruptcy Court)**

| Date Filed | # | Docket Text |
|---|---|---|

# JA1

| 02/16/2024 | 1 | Notice of APPEAL FROM BANKRUPTCY COURT. Bankruptcy Court case number 23-10896-KHK filed by Cyrus Amiri. (Attachments: # 1 Transmittal of Notice of Appeal, # 2 Docket Sheet)(swil) (Entered: 02/16/2024) |
| 03/13/2024 | 2 | Bankruptcy Transmittal Cover Sheet. (Attachments: # 1 Record on Appeal)(swil) (Entered: 03/19/2024) |
| 03/19/2024 | 3 | Bankruptcy Scheduling Order - Appellant Brief due by 4/18/2024. (swil) (Entered: 03/19/2024) |
| 04/17/2024 | 4 | Appellant's BRIEF by Cyrus Amiri. (Brandt, Robert) (Entered: 04/17/2024) |
| 05/17/2024 | 5 | Appellee's BRIEF by Abtin Vaziri. (Morgan, Ashley) (Entered: 05/17/2024) |
| 05/29/2024 | 6 | Appellant's REPLY BRIEF by Cyrus Amiri. (Brandt, Robert) (Entered: 05/29/2024) |
| 01/03/2025 | 7 | MEMORANDUM OPINION and ORDER that Appellant's appeal is DENIED and the Bankruptcy Court's orders denying Appellant's motion to dismiss and confirming Appellee's bankruptcy plan are AFFIRMED (see Order for further details). Signed by District Judge Michael S Nachmanoff on 1/3/2025. (swil) (Entered: 01/03/2025) |
| 01/27/2025 | 8 | NOTICE OF APPEAL as to 7 Memorandum Opinion,, Order, by Cyrus Amiri. Filing fee $ 605, receipt number AVAEDC-9971629. (Brandt, Robert) (Entered: 01/27/2025) |
| 01/28/2025 | 9 | Transmission of Notice of Appeal to US Court of Appeals re 8 Notice of Appeal (All case opening forms, plus the transcript guidelines, may be obtained from the Fourth Circuit's website at www.ca4.uscourts.gov) (swil) (Entered: 01/28/2025) |
| 01/30/2025 | 10 | USCA Case Number 25-1095 4th Circuit, Case Manager Cyrus Amiri for 8 Notice of Appeal, filed by Cyrus Amiri. (Dest) (Entered: 01/30/2025) |

| **PACER Service Center** | | |
| **Transaction Receipt** | | |
| 03/06/2025 08:29:47 | | |
| **PACER Login:** | tmstuckey | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:24-cv-00236-MSN-WEF |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

**JA2**

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

**In re:**

| | |
|---|---|
| **Abtin Vaziri** | **Case No. 23-10896-KHK** |
| **Debtor** | **Chapter 13** |

_____

## NOTICE OF APPEAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

Comes now, Cyrus Amiri (the creditor), a creditor in the instant case, by counsel, and respectfully files this Notice of Appeal to the United States District Court for the Eastern District of Virginia, Alexandria Division.

The creditor appeals from the Order denying his motion to dismiss with prejudice filed by the creditor and subsequently entered on January 31, 2024 as well as the Order Confirming the Debtor's Plan entered on February 2, 2024 over the objection of the creditor by the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division, in the above-captioned case.

- Order entered on January 31, 2024 (Docket No. 52) and order entered on February 2, 2024 (Docket no. 54).

A true and correct copy of the foregoing orders are currently available having been entered by the Court on January 31, 2024 and February 2, 2024

**JA3**

respectively.  A transcript of the proceedings relevant to these orders has been

ordered and is currently available.

The names of all parties to the orders appealed from, and the name,

addresses, and telephone numbers of their respective attorneys, are as follows:

Party: Abtin Vaziri, the debtor

Counsel: Ashley Morgan
722 Grant Street, Suite G
Herndon, VA 22030

Party: Cyrus Amiri, the creditor

Counsel: Robert S. Brandt
          600 Cameron Street
          Alexandria, VA 22314
          703-342-7330

/s/Robert S. Brandt
The Law Office of Robert S. Brandt
VSB#46196
600 Cameron Street
Alexandria, VA 22314
703-342-7330
brandt@brandtlawfirm.com
Counsel for the creditor

**JA4**

Case 23-10896-KHK    Doc 61    Filed 02/12/24    Entered 02/12/24 17:30:45    Desc Main
Document       Page 3 of 3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of February, 2024 a true copy of the foregoing Notice of Appeal was filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all interested parties.

<u>/s/Robert S. Brandt</u>

**JA5**

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF VIRGINIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/22

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Abtin**<br>First name<br><br>_____<br>Middle name<br><br>**Vaziri**<br>Last name and Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name and Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. |  |  |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-0590 |  |

JA6

Debtor 1    **Abtin Vaziri** _____    Case number _(if known)_ _____

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4.** **Your Employer Identification Number (EIN), if any.** | <br>EIN | <br>EIN |
| **5.** **Where you live** | **13705 James Monroe Hwy**<br>**Leesburg, VA 20176-5437**<br>Number, Street, City, State & ZIP Code<br><br>**Loudoun**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:**<br><br>Number, Street, City, State & ZIP Code<br><br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6.** **Why you are choosing _this district_ to file for bankruptcy** | _Check one:_<br><br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.) | _Check one:_<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.) |

JA7

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document        Page 3 of 67

| Debtor 1 | **Abtin Vaziri** | Case number *(if known)* | |

---

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |

**7.** The chapter of the Bankruptcy Code you are choosing to file under

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)*). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
■ Chapter 13

**8.** How you will pay the fee

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.** Have you filed for bankruptcy within the last 8 years?

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.** Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?

■ No
☐ Yes.

| Debtor | _____ | | Relationship to you | _____ |
| District | _____ | When | Case number, if known | _____ |
| Debtor | _____ | | Relationship to you | _____ |
| District | _____ | When | Case number, if known | _____ |

**11.** Do you rent your residence?

☐ No.    Go to line 12.
■ Yes.    Has your landlord obtained an eviction judgment against you?

■ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

JA8

Debtor 1     **Abtin Vaziri** _____     Case number *(if known)* _____

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

�■ No.     Go to Part 4.

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☐ Yes.     Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐     Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐     Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐     Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐     Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐     None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined by 11 U.S.C. § 1182(1)?**
For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines. If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

�■ No.     I am not filing under Chapter 11.

☐ No.     I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.     I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.     I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

�■ No.

☐ Yes.     What is the hazard?     _____

If immediate attention is needed, why is it needed?     _____

Where is the property?     _____

_____
Number, Street, City, State & Zip Code

**JA9**

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 5 of 67

| Debtor 1 | **Abtin Vaziri** | Case number *(if known)* | |

---

**Part 5:** **Explain Your Efforts to Receive a Briefing About Credit Counseling**

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

   ☐ **Incapacity.**
   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

   ☐ **Disability.**
   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

   ☐ **Active duty.**
   I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

   ☐ **Incapacity.**
   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

   ☐ **Disability.**
   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

   ☐ **Active duty.**
   I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**JA10**

Case 23-10896-KHK     Doc 1     Filed 05/30/23     Entered 05/30/23 11:48:50     Desc Main
Document     Page 6 of 67

Debtor 1     **Abtin Vaziri**                                                                   Case number *(if known)*  _____

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

| 16. | What kind of debts do you have? | 16a. | **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." |
|---|---|---|---|
| | | | ☐ No. Go to line 16b. |
| | | | ■ Yes. Go to line 17. |
| | | 16b. | **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment. |
| | | | ☐ No. Go to line 16c. |
| | | | ☐ Yes. Go to line 17. |
| | | 16c. | State the type of debts you owe that are not consumer debts or business debts  _____ |

| 17. | Are you filing under Chapter 7? | ■ No. | I am not filing under Chapter 7. Go to line 18. |
|---|---|---|---|
| | Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors? | ☐ Yes. | I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors? |
| | | | ☐ No |
| | | | ☐ Yes |

| 18. | How many Creditors do you estimate that you owe? | ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|---|
| | | ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| | | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | | ☐ 200-999 | | |

| 19. | How much do you estimate your assets to be worth? | ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|---|---|
| | | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| 20. | How much do you estimate your liabilities to be? | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|---|---|
| | | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | | ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | | ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Abtin Vaziri**
_____                              _____
**Abtin Vaziri**                                                              Signature of Debtor 2
Signature of Debtor 1

Executed on   **May 30, 2023**                                 Executed on   _____
MM / DD / YYYY                                                      MM / DD / YYYY

JA11

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 7 of 67

Debtor 1    **Abtin Vaziri** _____    Case number *(if known)* _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Ashley F. Morgan** _____    Date    **May 30, 2023**
Signature of Attorney for Debtor                                           MM / DD / YYYY

**Ashley F. Morgan 86464** _____
Printed name

**Ashley F. Morgan Law, PC** _____
Firm name

**722 Grant St.**
**Suite G**
**Herndon, VA 20170-4532**
Number, Street, City, State & ZIP Code

Contact phone    **703-880-4881** _____    Email address    **AFMorganLaw@gmail.com**

**86464 VA** _____
Bar number & State

---

Official Form 101        **Voluntary Petition for Individuals Filing for Bankruptcy**        page 7

## JA12

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Abtin Vaziri** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (if known) | _____ |

☐ Check if this is an
   amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information     12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.**

**Part 1:    Summarize Your Assets**

|  |  | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
|  | 1a. Copy line 55, Total real estate, from Schedule A/B....................................................... | $ 0.00 |
|  | 1b. Copy line 62, Total personal property, from Schedule A/B............................................. | 17,265.00 |
|  | 1c. Copy line 63, Total of all property on Schedule A/B....................................................... | $ 17,265.00 |

**Part 2:    Summarize Your Liabilities**

|  |  | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
|  | 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D...* | $ 0.00 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
|  | 3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................. | $ 10,000.00 |
|  | 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $ 199,950.00 |
|  | **Your total liabilities** | $ 209,950.00 |

**Part 3:    Summarize Your Income and Expenses**

|  |  |  |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*................................................................. | $ 7,837.00 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*......................................................................... | $ 5,380.00 |

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6.   **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐  No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

■  Yes

7.   **What kind of debt do you have?**

■  **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐  **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum          **Summary of Your Assets and Liabilities and Certain Statistical Information**          page 1 of 2

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

## JA13

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 9 of 67

Debtor 1    **Abtin Vaziri**                                            Case number *(if known)* _____

8.  **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
    122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

    $ _____ **11,917.67**

9.  **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ 10,000.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ _____ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ 0.00 |

9g. **Total.** Add lines 9a through 9f.

    $ _____ **10,000.00**

JA14

| Fill in this information to identify your case and this filing: | |
|---|---|

| Debtor 1 | **Abtin Vaziri** |
|---|---|
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number | _____ |

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☒ No. Go to Part 2.
☐ Yes. Where is the property?

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No
☒ Yes

| 3.1 | Make: | **BMW** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
|---|---|---|---|---|---|
| | Model: | **325CL** | ☒ Debtor 1 only | | |
| | Year: | **2006** | ☐ Debtor 2 only | Current value of the entire property? | Current value of the portion you own? |
| | Approximate mileage: | _____ | ☐ Debtor 1 and Debtor 2 only | | |
| | Other information: | | ☐ At least one of the debtors and another | | |
| | | | ☐ Check if this is community property (see instructions) | **$5,500.00** | **$5,500.00** |

4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☒ No
☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.................................................................=>    **$5,500.00**

**Part 3:    Describe Your Personal and  Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

## JA15

| Debtor 1 | **Abtin Vaziri** | Case number *(if known)* | |

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| Household Goods, Furnishings and Furniture, including housewares, couches, chairs, tables, kitchen appliances and cookware, other appliances and household miscellaneous. | $500.00 |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes. Describe.....

| Electronics, including cell phone, computer, printer, television, related equipment and miscellaneous electronics. | $750.00 |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☐ No
■ Yes. Describe.....

| Art objects and collections or collectibles. | $10.00 |

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
■ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

| Wearing Apparel -- Personal Clothing | $850.00 |

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes. Describe.....

| Costume Jewelry | $150.00 |

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
■ No
☐ Yes. Describe.....

**14. Any other personal and household items you did not already list, including any health aids you did not list**
■ No

JA16

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 12 of 67

Debtor 1    **Abtin Vaziri**                                Case number *(if known)*

☐ Yes.  Give specific information.....

15.  **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached**
     **for Part 3. Write that number here** ................................................................................

| | |
|---|---|
| | **$2,260.00** |

| Part 4: | Describe Your Financial Assets |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

16.  **Cash**
     *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
     ☐ No
     ■ Yes..............................................................................................................

|  | Cash on Hand | $200.00 |
|---|---|---|

17.  **Deposits of money**
     *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
     ☐ No
     ■ Yes........................            Institution name:

| 17.1. | **Checking - 0863** | **Bank of America** | $1,300.00 |
|---|---|---|---|

18.  **Bonds, mutual funds, or publicly traded stocks**
     *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
     ■ No
     ☐ Yes.................            Institution or issuer name:

19.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
     ■ No
     ☐ Yes.  Give specific information about them...................
             Name of entity:                            % of ownership:

20.  **Government and corporate bonds and other negotiable and non-negotiable instruments**
     *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
     *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
     ■ No
     ☐ Yes. Give specific information about them
             Issuer name:

21.  **Retirement or pension accounts**
     *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
     ■ No
     ☐ Yes. List each account separately.
             Type of account:            Institution name:

22.  **Security deposits and prepayments**
     Your share of all unused deposits you have made so that you may continue service or use from a company
     *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
     ■ No
     ☐ Yes. .....................            Institution name or individual:

23.  **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
     ■ No
     ☐ Yes.............            Issuer name and description.

Official Form 106A/B                        Schedule A/B: Property                        page 3

# JA17

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 13 of 67

Debtor 1   **Abtin Vaziri** _____    Case number *(if known)* _____

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
■ No
☐ Yes............    Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
■ No
☐ Yes.  Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes.  Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
■ No
☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
☐ No
■ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| | | |
|---|---|---|
| Anticipated and Accumulated Tax Refunds. | Federal and State | $1.00 |
| Possible Tax Refunds attributable to child or earned income tax credits. | Federal and State | $1.00 |

29. **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

30. **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
benefits; unpaid loans you made to someone else
■ No
☐ Yes.  Give specific information..

31. **Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
■ No
☐ Yes. Name the insurance company of each policy and list its value.
Company name:                        Beneficiary:                        Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
someone has died.
☐ No
■ Yes.  Give specific information..

Official Form 106A/B                        Schedule A/B: Property                        page 4

**JA18**

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 14 of 67

Debtor 1    **Abtin Vaziri**                                    Case number *(if known)*

| | |
|---|---|
| Any interest in property the debtor acquires or becomes entitled to acquire within 180 days of this filing by bequest, devise, inheritance, beneficiary designation or otherwise, or any other entitlements (none now known or anticipated). | **$1.00** |

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ☐ No
    ■ Yes.  Describe each claim.........

| | |
|---|---|
| Any and all causes of action for personal injury or wrongful death and the proceeds derived from court award, settlement or otherwise whether as injured party or statutory beneficiary and whether known or unknown, or which arise, vest or accrue within one year of the date of the filing of this case. | **$1.00** |

| | |
|---|---|
| **Pending Garnishments** | **$8,000.00** |

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes.  Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**................................................................................................................ | **$9,504.00** |

| **Part 5:** | **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.** |

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes.  Go to line 47.

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ☐ No
    ■ Yes. Give specific information.........

| **Miscellaneous** | **$1.00** |

54. **Add the dollar value of all of your entries from Part 7. Write that number here**  ..................................... | **$1.00** |

Official Form 106A/B                    Schedule A/B: Property                    page 5

**JA19**

Debtor 1    **Abtin Vaziri**  _____    Case number *(if known)* _____

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

| | | |
|---|---|---|
| 55. | **Part 1: Total real estate, line 2** ............................................................................................ | $0.00 |
| 56. | **Part 2: Total vehicles, line 5** | $5,500.00 |
| 57. | **Part 3: Total personal and household items, line 15** | $2,260.00 |
| 58. | **Part 4: Total financial assets, line 36** | $9,504.00 |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 |
| 61. | **Part 7: Total other property not listed, line 54**  + | $1.00 |

62.   **Total personal property.** Add lines 56 through 61...     $17,265.00     Copy personal property total     $17,265.00

63.   **Total of all property on Schedule A/B**. Add line 55 + line 62          $17,265.00

**JA20**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Abtin Vaziri** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (if known) | _____ |

☐ Check if this is an
amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt          **4/22**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **2006 BMW 325CL**<br>Line from *Schedule A/B*: **3.1** | $5,500.00 | ■ $5,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Va. Code Ann. § 34-26(8)** |
| **Household Goods, Furnishings and Furniture, including housewares, couches, chairs, tables, kitchen appliances and cookware, other appliances and household miscellaneous.**<br>Line from *Schedule A/B*: **6.1** | $500.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Va. Code Ann. § 34-26(4a)** |
| **Electronics, including cell phone, computer, printer, television, related equipment and miscellaneous electronics.**<br>Line from *Schedule A/B*: **7.1** | $750.00 | ■ $750.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Va. Code Ann. § 34-26(4a)** |
| **Art objects and collections or collectibles.**<br>Line from *Schedule A/B*: **8.1** | $10.00 | ■ $10.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Va. Code Ann. § 34-4** |

## JA21

Case 23-10896-KHK   Doc 1   Filed 05/30/23   Entered 05/30/23 11:48:50   Desc Main
Document   Page 17 of 67

Debtor 1   **Abtin Vaziri**

Case number (if known) _____

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Wearing Apparel -- Personal Clothing**<br>Line from *Schedule A/B*: **11.1** | $850.00 | ■ $850.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-26(4) |
| **Costume Jewelry**<br>Line from *Schedule A/B*: **12.1** | $150.00 | ■ $150.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-26(4) |
| **Cash on Hand**<br>Line from *Schedule A/B*: **16.1** | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-4 |
| **Checking - 0863: Bank of America**<br>Line from *Schedule A/B*: **17.1** | $1,300.00 | ■ $287.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-4 |
| **Checking - 0863: Bank of America**<br>Line from *Schedule A/B*: **17.1** | $1,300.00 | ■ $1,013.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-29 |
| **Federal and State: Anticipated and Accumulated Tax Refunds.**<br>Line from *Schedule A/B*: **28.1** | $1.00 | ■ $1.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-4 |
| **Federal and State: Possible Tax Refunds attributable to child or earned income tax credits.**<br>Line from *Schedule A/B*: **28.2** | $1.00 | ■ $1.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-26(9) |
| **Any interest in property the debtor acquires or becomes entitled to acquire within 180 days of this filing by bequest, devise, inheritance, beneficiary designation or otherwise, or any other entitlements (none now known or anticipated).**<br>Line from *Schedule A/B*: **32.1** | $1.00 | ■ $1.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-4 |
| **Any and all causes of action for personal injury or wrongful death and the proceeds derived from court award, settlement or otherwise whether as injured party or statutory beneficiary and whether known or unknown, or which arise, vest or accrue within one**<br>Line from *Schedule A/B*: **34.1** | $1.00 | ■ **100% of value of claim or proceeds**<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-28.1 |
| **Pending Garnishments**<br>Line from *Schedule A/B*: **34.2** | $8,000.00 | ■ $4,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Va. Code Ann. § 34-4 |

Official Form 106C   **Schedule C: The Property You Claim as Exempt**   page 2 of 3

JA22

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document     Page 18 of 67

Debtor 1    **Abtin Vaziri**                                Case number (if known) _____

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Miscellaneous**<br>Line from *Schedule A/B*: **53.1** | $1.00 | ■   $1.00<br>☐   100% of fair market value, up to any applicable statutory limit | **Va. Code Ann. § 34-4** |

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ☐ No

        ☐ Yes

## JA23

| Fill in this information to identify your case: | |
|---|---|

**Debtor 1**    **Abtin Vaziri**
First Name          Middle Name          Last Name

**Debtor 2**
(Spouse if, filing)    First Name          Middle Name          Last Name

United States Bankruptcy Court for the:    EASTERN DISTRICT OF VIRGINIA

Case number
(if known)

☐ Check if this is an amended filing

## Official Form 106D
## Schedule D: Creditors Who Have Claims Secured by Property          12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).**

**1. Do any creditors have claims secured by your property?**

☑ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☐ Yes. Fill in all of the information below.

**JA24**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Abtin Vaziri** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number | |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

**Part 1:    List All of Your PRIORITY Unsecured Claims**

1.  **Do any creditors have priority unsecured claims against you?**

    ☐ No. Go to Part 2.

    ☐ Yes.

2.  **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

    (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|
| **2.1** | **Internal Revenue Service** | | | |

| | |
|---|---|
| Priority Creditor's Name | Last 4 digits of account number _____   Total claim: **Unknown**   Priority amount: **Unknown**   Nonpriority amount: **Unknown** |
| **PO Box 7346** | |
| **Philadelphia, PA 19107-3460** | **When was the debt incurred?** _____ |
| Number Street City State Zip Code | |
| **Who incurred the debt?** Check one. | **As of the date you file, the claim is:** Check all that apply |
| ■ Debtor 1 only | ☐ Contingent |
| ☐ Debtor 2 only | ☐ Unliquidated |
| ☐ Debtor 1 and Debtor 2 only | ☐ Disputed |
| ☐ At least one of the debtors and another | **Type of PRIORITY unsecured claim:** |
| ☐ **Check if this claim is for a community debt** | ☐ Domestic support obligations |
| **Is the claim subject to offset?** | ■ Taxes and certain other debts you owe the government |
| ■ No | ☐ Claims for death or personal injury while you were intoxicated |
| ☐ Yes | ☐ Other. Specify _____ |

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 21 of 67

Debtor 1  **Abtin Vaziri**

Case number (if known) _____

| 2.2 | **Virginia Dept of Taxation** | Last 4 digits of account number ___ ___ ___ ___ | $10,000.00 | $10,000.00 | $0.00 |

Priority Creditor's Name
**Bankruptcy Unit**
**PO Box 2156**
**Richmond, VA 23218-2156**

Number Street City State Zip Code

When was the debt incurred? _____

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

■ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____
**Income Taxes**

---

**Part 2:    List All of Your NONPRIORITY Unsecured Claims**

3. **Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☐ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

| 4.1 | **Ad Astra Recovery** | Last 4 digits of account number  **0828** | $1,645.00 |

Nonpriority Creditor's Name
**7330 West 33rd Street North**
**Suite 118**
**Wichita, KS 67205**

Number Street City State Zip Code

When was the debt incurred?  **Opened 07/20  Last Active 01/20**

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Collection Attorney Speedycash.Com 169-Va**

---

**JA26**

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 22 of 67

Debtor 1    **Abtin Vaziri**

Case number (if known) _____

| 4.2 | **Amex** | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Amex** | Last 4 digits of account number | **9693** | **$42,270.00** |
| Nonpriority Creditor's Name | | | |
| **Correspondence/Bankruptcy** | | | |
| **PO Box 981540** | When was the debt incurred? | **Opened 07/13  Last Active** | |
| **El Paso, TX 79998** | | **3/25/20** | |
| Number Street City State Zip Code | | | |
| Who incurred the debt? Check one. | As of the date you file, the claim is: Check all that apply | | |
| ■ Debtor 1 only | ☐ Contingent | | |
| ☐ Debtor 2 only | ☐ Unliquidated | | |
| ☐ Debtor 1 and Debtor 2 only | ■ Disputed | | |
| ☐ At least one of the debtors and another | Type of NONPRIORITY unsecured claim: | | |
| ☐ Check if this claim is for a community debt | ☐ Student loans | | |
| Is the claim subject to offset? | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims | | |
| ■ No | ☐ Debts to pension or profit-sharing plans, and other similar debts | | |
| ☐ Yes | ■ Other. Specify  **Credit Card** | | |

| 4.3 | **BB&T/Truist** | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **BB&T/Truist** | Last 4 digits of account number | **1677** | **$21,532.00** |
| Nonpriority Creditor's Name | | | |
| **Attn: Bankruptcy** | | | |
| **PO Box 1847** | When was the debt incurred? | **Opened 08/14  Last Active** | |
| **Wilson, NC 27894** | | **12/27/20** | |
| Number Street City State Zip Code | | | |
| Who incurred the debt? Check one. | As of the date you file, the claim is: Check all that apply | | |
| ■ Debtor 1 only | ☐ Contingent | | |
| ☐ Debtor 2 only | ☐ Unliquidated | | |
| ☐ Debtor 1 and Debtor 2 only | ☐ Disputed | | |
| ☐ At least one of the debtors and another | Type of NONPRIORITY unsecured claim: | | |
| ☐ Check if this claim is for a community debt | ☐ Student loans | | |
| Is the claim subject to offset? | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims | | |
| ■ No | ☐ Debts to pension or profit-sharing plans, and other similar debts | | |
| ☐ Yes | ■ Other. Specify  **Credit Card** | | |

| 4.4 | **Capital One** | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Capital One** | Last 4 digits of account number | **0382** | **$937.00** |
| Nonpriority Creditor's Name | | | |
| **PO Box 30285** | When was the debt incurred? | **2023** | |
| **Salt Lake City, UT 84130** | | | |
| Number Street City State Zip Code | | | |
| Who incurred the debt? Check one. | As of the date you file, the claim is: Check all that apply | | |
| ■ Debtor 1 only | ☐ Contingent | | |
| ☐ Debtor 2 only | ☐ Unliquidated | | |
| ☐ Debtor 1 and Debtor 2 only | ☐ Disputed | | |
| ☐ At least one of the debtors and another | Type of NONPRIORITY unsecured claim: | | |
| ☐ Check if this claim is for a community debt | ☐ Student loans | | |
| Is the claim subject to offset? | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims | | |
| ■ No | ☐ Debts to pension or profit-sharing plans, and other similar debts | | |
| ☐ Yes | ■ Other. Specify _____ | | |

JA27

Case 23-10896-KHK   Doc 1   Filed 05/30/23   Entered 05/30/23 11:48:50   Desc Main
Document     Page 23 of 67

Debtor 1   **Abtin Vaziri**

Case number (if known) _____

| 4.5 | **Capital One** | Last 4 digits of account number | **8384** | $324.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**PO Box 30285**
**Salt Lake City, UT 84130**

When was the debt incurred?   **2022**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.6 | **CBE Group** | Last 4 digits of account number | **1823** | $986.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**PO Box 900**
**Waterloo, IA 50704**

When was the debt incurred?   **Opened 11/21  Last Active 09/21**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.7 | **CCI/Contract Callers Inc** | Last 4 digits of account number | **9879** | $986.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**Attn: Bankruptcy Dept**
**501 Greene St Ste 302**
**Augusta, GA 30901**

When was the debt incurred?   **Opened 04/22  Last Active 10/21**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Collection Attorney Dominion Resources Inc.**

---

**JA28**

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 24 of 67

Debtor 1  **Abtin Vaziri**                                                   Case number *(if known)*

---

| 4.8 | **Chase Card Services** | Last 4 digits of account number | **3254** | **$4,627.00** |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**P.O. 15298**
**Wilmington, DE 19850**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

**When was the debt incurred?**   **Opened 10/16  Last Active 9/17/20**

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   **Credit Card**

---

| 4.9 | **Discover Financial** | Last 4 digits of account number | **2306** | **$5,964.00** |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 3025**
**New Albany, OH 43054**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

**When was the debt incurred?**   **Opened 04/18  Last Active 6/22/20**

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   **Credit Card**

---

| 4.10 | **Fortiva/Atlanticus** | Last 4 digits of account number | **2706** | **$696.00** |

Nonpriority Creditor's Name

**PO Box 105555**
**Atlanta, GA 30348-5555**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

**When was the debt incurred?**   **2023**

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify

---

## JA29

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document      Page 25 of 67

Debtor 1  **Abtin Vaziri**                                               Case number (if known) _____

---

| 4.1 1 | **Genesis FS Card Services** | Last 4 digits of account number | **6716** | $682.00 |

Nonpriority Creditor's Name
**PO Box 4477**
**Beaverton, OR 97076**
Number Street City State Zip Code

When was the debt incurred?    **2023**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify _____

- ■ No
- ☐ Yes

---

| 4.1 2 | **I.C. System, Inc.** | Last 4 digits of account number | **4698** | $263.00 |

Nonpriority Creditor's Name
**PO Box 64378**
**Saint Paul, MN 55164-4378**
Number Street City State Zip Code

When was the debt incurred?    **2022**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify _____

- ■ No
- ☐ Yes

---

| 4.1 3 | **Nordstrom FSB** | Last 4 digits of account number | **6894** | $5,283.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**PO Box 6555**
**Englewood, CO 80155**
Number Street City State Zip Code

When was the debt incurred?    **Opened 12/16  Last Active 12/04/20**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Credit Card**

- ■ No
- ☐ Yes

---

**JA30**

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 26 of 67

Debtor 1  **Abtin Vaziri**

Case number (*if known*)

---

| 4.14 | **OneMain Financial** | Last 4 digits of account number | **2166** | $3,362.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 3251**
**Evansville, IN 47731**

When was the debt incurred?    **Opened 10/19  Last Active 11/04/20**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☑ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  **Unsecured**

---

| 4.15 | **Pro Collect, Inc** | Last 4 digits of account number | **2304** | $8,532.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**12170 N Abrams Road, Ste 100**
**Dallas, TX 75243**

When was the debt incurred?    **Opened 11/20  Last Active 08/20**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  **Collection Attorney The Next At Odu Apartments / M**

---

| 4.16 | **Resurgent Capital Services** | Last 4 digits of account number | **2029** | $24,221.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 10497**
**Greenville, SC 29603**

When was the debt incurred?    **Opened 06/20  Last Active 01/20**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  **Factoring Company Account Sofi Lending Corp.**

---

**JA31**

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 27 of 67

Debtor 1    **Abtin Vaziri**

Case number (if known) _____

| 4.17 | **Resurgent Capital Services** | Last 4 digits of account number | **2845** | $803.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 10497**
**Greenville, SC 29603**

When was the debt incurred?    **Opened 08/20  Last Active 01/20**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only          □ Contingent
□ Debtor 2 only          □ Unliquidated
□ Debtor 1 and Debtor 2 only     □ Disputed
□ At least one of the debtors and another     **Type of NONPRIORITY unsecured claim:**
■ **Check if this claim is for a  community**     □ Student loans
**debt**          □ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**     report as priority claims
■ No           □ Debts to pension or profit-sharing plans, and other similar debts
□ Yes          ■ Other. Specify    **Factoring Company Account Credit One Bank N.A.**

---

| 4.18 | **STEVEN KRIEGER LAW PLLC** | Last 4 digits of account number | | $17,100.00 |

Nonpriority Creditor's Name
**2200 WILSON BLVD**
**SUITE 102**
**Arlington, VA 22201**

When was the debt incurred?

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only          □ Contingent
□ Debtor 2 only          □ Unliquidated
□ Debtor 1 and Debtor 2 only     □ Disputed
□ At least one of the debtors and another     **Type of NONPRIORITY unsecured claim:**
■ **Check if this claim is for a  community**     □ Student loans
**debt**          □ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**     report as priority claims
■ No           □ Debts to pension or profit-sharing plans, and other similar debts
□ Yes          ■ Other. Specify    **Default Judgment**

---

| 4.19 | **Tower Federal C U** | Last 4 digits of account number | **9224** | $34,278.00 |

Nonpriority Creditor's Name

**7901 Sandy Spring Rd**
**Laurel, MD 20707**

When was the debt incurred?    **Opened 02/18  Last Active 2/26/21**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

■ Debtor 1 only          □ Contingent
□ Debtor 2 only          □ Unliquidated
□ Debtor 1 and Debtor 2 only     □ Disputed
□ At least one of the debtors and another     **Type of NONPRIORITY unsecured claim:**
□ **Check if this claim is for a  community**     □ Student loans
**debt**          □ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**     report as priority claims
■ No           □ Debts to pension or profit-sharing plans, and other similar debts
□ Yes          ■ Other. Specify    **Credit Card**

---

**JA32**

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 28 of 67

Debtor 1    **Abtin Vaziri**

Case number (if known) _____

| 4.20 | **Truist Bank** | Last 4 digits of account number **7620** | **$21,200.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Mail Code VA-RVW-6290 POB 85092**
**Richmond, VA 23286**

When was the debt incurred?    **Opened 08/13  Last Active 10/20**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ Check if this claim is for a community debt

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Debts to pension or profit-sharing plans, and similar debts
■ Other. Specify    **Unsecured**

| 4.21 | **Verizon Wireless** | Last 4 digits of account number **0001** | **$4,259.00** |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**500 Technology Dr, Ste 599**
**Weldon Springs, MO 63304**

When was the debt incurred?    **Opened 11/09  Last Active 5/31/22**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ Check if this claim is for a community debt

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**

■ No
☐ Yes

☐ Debts to pension or profit-sharing plans, and similar debts
■ Other. Specify    _____

---

**Part 3:**    List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**American Experss Company**
**200 Vesey Street**
**New York, NY 10285-3106**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.2** of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Capital One**
**1600 Capital One Drive**
**Mc Lean, VA 22102**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.4** of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Cyrus Amiri**
**c/o Steven Krieger, Esq.**
**2200 Wilson Blvd #102**
**Arlington, VA 22201**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.18** of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address

On which entry in Part 1 or Part 2 did you list the original creditor?

JA33

Debtor 1  **Abtin Vaziri**                                                    Case number (if known)

| | |
|---|---|
| **Michael R. Cogan, PC**<br>**12 South Summit Avenue**<br>**Suite 250**<br>**Gaithersburg, MD 20877** | Line **4.20** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number |

| | |
|---|---|
| Name and Address<br>**Speedy Cash**<br>**3527 N Ridge Rd**<br>**Wichita, KS 67205-1212** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.1** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number |

| | |
|---|---|
| Name and Address<br>**Truist**<br>**214 North Tryon Street**<br>**Charlotte, NC 28202** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.3** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims |
| | Last 4 digits of account number |

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6.  **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.**

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 10,000.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 10,000.00 |

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 199,950.00 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 199,950.00 |

JA34

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Abtin Vaziri** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).**

1.  **Do you have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1 | |
| Name | |
| Number      Street | |
| City          State          ZIP Code | |
| 2.2 | |
| Name | |
| Number      Street | |
| City          State          ZIP Code | |
| 2.3 | |
| Name | |
| Number      Street | |
| City          State          ZIP Code | |
| 2.4 | |
| Name | |
| Number      Street | |
| City          State          ZIP Code | |
| 2.5 | |
| Name | |
| Number      Street | |
| City          State          ZIP Code | |

JA35

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Abtin Vaziri** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors
12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: **Your codebtor** Name, Number, Street, City, State and ZIP Code | Column 2: **The creditor to whom you owe the debt** Check all schedules that apply: |
|---|---|
| 3.1 _____ Name _____ Number    Street City    State    ZIP Code | ☐ Schedule D, line _____ ☐ Schedule E/F, line _____ ☐ Schedule G, line _____ |
| 3.2 _____ Name _____ Number    Street City    State    ZIP Code | ☐ Schedule D, line _____ ☐ Schedule E/F, line _____ ☐ Schedule G, line _____ |

## JA36

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Abtin Vaziri** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (If known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                          12/15

**Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

| Part 1: | Describe Employment |
|---|---|

1. **Fill in your employment information.**

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| If you have more than one job, attach a separate page with information about additional employers. | **Employment status** | ■ Employed ☐ Not employed | ■ Employed ☐ Not employed |
| Include part-time, seasonal, or self-employed work. | **Occupation** | Salesman | |
| | **Employer's name** | Dulles Motorsports | |
| Occupation may include student or homemaker, if it applies. | **Employer's address** | 107-109 Catoctin Cir SE Leesburg, VA 20175 | |
| | **How long employed there?** | 8 months | |

| Part 2: | Give Details About Monthly Income |
|---|---|

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 11,177.00 | $ 0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ 11,177.00 | $ 0.00 |

## JA37

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 33 of 67

Debtor 1  **Abtin Vaziri**                                                   Case number (*if known*) _____

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Copy line 4 here | 4. $ **11,177.00** | $ **0.00** |
| 5. | **List all payroll deductions:** | | |
| | 5a. Tax, Medicare, and Social Security deductions | 5a. $ **3,333.00** | $ **0.00** |
| | 5b. Mandatory contributions for retirement plans | 5b. $ **0.00** | $ **0.00** |
| | 5c. Voluntary contributions for retirement plans | 5c. $ **0.00** | $ **0.00** |
| | 5d. Required repayments of retirement fund loans | 5d. $ **0.00** | $ **0.00** |
| | 5e. Insurance | 5e. $ **7.00** | $ **0.00** |
| | 5f. Domestic support obligations | 5f. $ **0.00** | $ **0.00** |
| | 5g. Union dues | 5g. $ **0.00** | $ **0.00** |
| | 5h. Other deductions. Specify: _____ | 5h.+ $ **0.00** + $ **0.00** | |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. $ **3,340.00** | $ **0.00** |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. $ **7,837.00** | $ **0.00** |
| 8. | **List all other income regularly received:** | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. $ **0.00** | $ **0.00** |
| | 8b. Interest and dividends | 8b. $ **0.00** | $ **0.00** |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. $ **0.00** | $ **0.00** |
| | 8d. Unemployment compensation | 8d. $ **0.00** | $ **0.00** |
| | 8e. Social Security | 8e. $ **0.00** | $ **0.00** |
| | 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. $ **0.00** | $ **0.00** |
| | 8g. Pension or retirement income | 8g. $ **0.00** | $ **0.00** |
| | 8h. Other monthly income. Specify: _____ | 8h.+ $ **0.00** + $ **0.00** | |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. $ **0.00** | $ **0.00** |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. $ **7,837.00** + $ **0.00** = $ **7,837.00** | |
| 11. | **State all other regular contributions to the expenses that you list in** *Schedule J.* Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.* Specify: _____ | 11. +$ **0.00** | |
| 12. | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies | 12. $ **7,837.00** **Combined monthly income** | |

13. Do you expect an increase or decrease within the year after you file this form?

■ No.

☐ Yes. Explain:  | Client is partially paid on commissions, which have been lower YTD 2023 compared to last year in 2022. As a result, his forward looking income has dropped.

**JA38**

**Fill in this information to identify your case:**

Debtor 1      **Abtin Vaziri**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    EASTERN DISTRICT OF VIRGINIA

Case number
(If known)

Check if this is:

☐  An amended filing
☐  A supplement showing postpetition chapter
    13 expenses as of the following date:

    _____
    MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses                                    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

**Part 1:      Describe Your Household**

1.    **Is this a joint case?**

☐  No. Go to line 2.
☐  Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.    **Do you have dependents?**    ☐ No

| Do not list Debtor 1 and Debtor 2.<br><br>Do not state the dependents names. | ☐ Yes. Fill out this information for each dependent.............. | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|---|
| | | _____ | _____ | ☐ No<br>☐ Yes |
| | | _____ | _____ | ☐ No<br>☐ Yes |
| | | _____ | _____ | ☐ No<br>☐ Yes |
| | | _____ | _____ | ☐ No<br>☐ Yes |

3.    **Do your expenses include expenses of people other than yourself and your dependents?**      ☐ No
                                                                          ☐ Yes

**Part 2:      Estimate Your Ongoing Monthly Expenses**

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)**

|  |  | **Your expenses** |
|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $                2,500.00 |
| | **If not included in line 4:** | |
| 4a. | Real estate taxes | 4a. $                0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $                0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $                25.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $                0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $                0.00 |

JA39

Debtor 1    **Abtin Vaziri**                                    Case number (if known) _____

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 100.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 20.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 150.00 |
| | 6d. | Other. Specify:  **Cell Phone** | 6d. $ | 75.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 600.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 200.00 |
| 10. | **Personal care products and services** | | 10. $ | 250.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 100.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 400.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 150.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 680.00 |
| | 15c. | Vehicle insurance | 15c. $ | 100.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify:  **Personal Property Tax** | | 16. $ | 30.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: | | 21. +$ | 0.00 |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | 5,380.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | 5,380.00 |
| 23. | **Calculate your monthly net income** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 7,837.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | 5,380.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | 2,457.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes.    Explain here: **Debtor's vehicle is older and needs more work than typical.**

**JA40**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Abtin Vaziri** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (if known) | |

☐ Check if this is an
amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X **/s/ Abtin Vaziri**                                      X _____
**Abtin Vaziri**                                            Signature of Debtor 2
Signature of Debtor 1

Date  **May 30, 2023**                                Date _____

**JA41**

---

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Abtin Vaziri** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy

04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Give Details About Your Marital Status and Where You Lived Before**

1.  **What is your current marital status?**

   ☐ Married
   ■ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

   ■ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | | |

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ■ No
   ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2    Explain the Sources of Your Income**

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips | $55,471.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

---

## JA42

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 38 of 67

Debtor 1   **Abtin Vaziri**                                                        Case number *(if known)*

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>**(January 1 to December 31, 2022 )** | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | **$115,648.00** | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |
| **For the calendar year before that:**<br>**(January 1 to December 31, 2021 )** | ■ Wages, commissions, bonuses, tips<br><br>■ Operating a business | **$38,886.00** | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |

**5.   Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

■ No
☐ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |

| **Part 3:** | **List Certain Payments You Made Before You Filed for Bankruptcy** |
|---|---|

**6.   Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐   **No.   Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $7,575* or more?
☐ No.   Go to line 7.
☐ Yes   List below each creditor to whom you paid a total of $7,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
* Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.

■   **Yes.   Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?
■ No.   Go to line 7.
☐ Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

Statement of Financial Affairs for Individuals Filing for Bankruptcy

JA43

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 39 of 67

Debtor 1    **Abtin Vaziri**                                  Case number (*if known*) _____

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    ■ No
    ☐ Yes. List all payments to an insider.

    | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
    |---|---|---|---|---|
    | | | | | |

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ■ No
    ☐ Yes. List all payments to an insider

    | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
    |---|---|---|---|---|
    | | | | | |

    **Part 4:**    Identify Legal Actions, Repossessions, and Foreclosures

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ☐ No
    ■ Yes. Fill in the details.

    | Case title Case number | Nature of the case | Court or agency | Status of the case |
    |---|---|---|---|
    | **Lvnv Funding Llc vs ABTIN VAZIRI** 59GV2200259200 | **CIVIL JUDGMENT** | **19TH GENERAL DISTRICT COURT** | ☐ Pending ☐ On appeal ☐ Concluded <br><br> **- 23,789.00** |
    | **Discover Bank vs ABTIN VAZIRI** 59GV2200075400 | **CIVIL JUDGMENT** | **19TH GENERAL DISTRICT COURT** | ☐ Pending ☐ On appeal ☐ Concluded <br><br> **- 5,964.00** |
    | **Truist Bank vs ABTIN VAZIRI** 107GV2101282100 | **CIVIL JUDGMENT** | **20TH GENERAL DISTRICT COURT** | ☐ Pending ☐ On appeal ☐ Concluded <br><br> **- 21,200.00** |
    | **Cyrus Amiri vs ABTIN VAZIRI** 107GV2100933200 | **CIVIL JUDGMENT** | **20TH GENERAL DISTRICT COURT** | ☐ Pending ☐ On appeal ☐ Concluded <br><br> **- 17,115.00** |
    | **Cyrus Amiri v. Abtin Vaziri** GV21009332-03 | **Garnishment** | **Loudoun General District Court** **18 East Market Street** **Leesburg, VA 20176** | ■ Pending ☐ On appeal ☐ Concluded |

JA44

Case 23-10896-KHK     Doc 1     Filed 05/30/23     Entered 05/30/23 11:48:50     Desc Main
Document     Page 40 of 67

Debtor 1  **Abtin Vaziri**

Case number *(if known)* _____

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Truist Bank v. Abtin Vaziri GV21012821-02 | Garnishment | Loudoun County General District Court 18 East Market Street Leesburg, VA 20176 | ☐ Pending ☐ On appeal ■ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☐ No. Go to line 11.
■ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property Explain what happened | Date | Value of the property |
|---|---|---|---|
| **Truist 214 North Tryon Street Charlotte, NC 28202** | **Wages garnished** ☐ Property was repossessed. ☐ Property was foreclosed. ■ Property was garnished. ☐ Property was attached, seized or levied. | **2022 to 2023** | **Unknown** |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

■ No
☐ Yes

**Part 5:**  List Certain Gifts and Contributions

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that  total more than $600 Charity's Name Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

JA45

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 41 of 67

Debtor 1    **Abtin Vaziri**                                                    Case number (if known) _____

---

| Part 6: | List Certain Losses |
|---|---|

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

---

| Part 7: | List Certain Payments or Transfers |
|---|---|

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Ashley F. Morgan Law, PC<br>722 Grant St.<br>Suite G<br>Herndon, VA 20170-4532<br>AFMorganLaw@gmail.com | $1,500.00 for legal fees, plus estimated costs of $413.00 for costs for $313.00 filing fee, plus fees for credit report, credit counseling and homestead deed, if any, travel, parking, phone calls, faxes, copies, plus any miscellaneous office expenses. | | $1,913.00 |

---

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

---

JA46

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 42 of 67

Debtor 1    **Abtin Vaziri**

Case number *(if known)*

---

**Part 8:**    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20.    Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21.    Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22.    Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

■ **No**
☐ **Yes. Fill in the details.**

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

**Part 9:**    Identify Property You Hold or Control for Someone Else

23.    Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

■ **No**
☐ **Yes. Fill in the details.**

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:**    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.    Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

■ **No**
☐ **Yes. Fill in the details.**

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

JA47

Debtor 1    **Abtin Vaziri**                                                    Case number (*if known*)

---

25. **Have you notified any governmental unit of any release of hazardous material?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

■ **No**
☐ **Yes. Fill in the details.**

| Case Title Case Number | Court or agency Name Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|
| | | | |

**Part 11:    Give Details About Your Business or Connections to Any Business**

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

■ **No. None of the above applies.  Go to Part 12.**
☐ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name Address (Number, Street, City, State and ZIP Code) | Describe the nature of the business  Name of accountant or bookkeeper | Employer Identification number Do not include Social Security number or ITIN.  Dates business existed |
|---|---|---|
| | | |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ **No**
☐ **Yes. Fill in the details below.**

| Name Address (Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

---

JA48

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 44 of 67

Debtor 1    **Abtin Vaziri**                                                    Case number (*if known*) _____

---

**Part 12:** **Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Abtin Vaziri**
_____            _____
**Abtin Vaziri**                                    **Signature of Debtor 2**
**Signature of Debtor 1**

Date    **May 30, 2023**                            Date    _____
_____

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**

■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

---

Official Form 107                    **Statement of Financial Affairs for Individuals Filing for Bankruptcy**                    page **8**

Case 23-10896-KHK   Doc 1   Filed 05/30/23   Entered 05/30/23 11:48:50   Desc Main
Document      Page 45 of 67

# United States Bankruptcy Court
### Eastern District of Virginia

In re    **Abtin Vaziri** _____    Case No. _____

Debtor(s)                                Chapter      **13** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **5,800.00** |
| Prior to the filing of this statement I have received | $ | **1,500.00** |
| Balance Due | $ | **4,300.00** |

2.    $   **338.00**   of the filing fee has been paid.

3.    The source of the compensation paid to me was:

■ Debtor        ☐ Other *(specify)*

4.    The source of compensation to be paid to me is:

■ Debtor        ☐ Other *(specify)*

5.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

6.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.  Other provisions as needed:
**Fee INCLUDES any and all anticipated expenses in a typical Chapter 13 through Confirmation, such as $313.00 Bankruptcy Court filing fee, credit report fees, credit counseling course fees, homestead deed filing fees, and general office expenses, such as copies, faxes, travel expenses, including mileage, tolls and parking, and all other expenses that might be incurred through Discharge.**

7.    By agreement with the debtor(s), the above-disclosed fee does not include the following services:
**Representation of Debtor in any advesaries, objection to discharge, 2004 hearings and related hearings.**

## JA50

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **May 30, 2023** | **/s/ Ashley F. Morgan** |
| *Date* | **Ashley F. Morgan 86464** |
| | *Signature of Attorney* |
| | |
| | **Ashley F. Morgan Law, PC** |
| | *Name of Law Firm* |
| | **722 Grant St.** |
| | **Suite G** |
| | **Herndon, VA 20170-4532** |
| | **703-880-4881  Fax: 571-376-5891** |

---

*For use in Chapter 13 Cases where Fees Requested <u>Not in Excess of $5,488</u>*
*<u>(For all Cases Filed on or after 01/01/2021)</u>*

### NOTICE TO DEBTOR(S), STANDING CHAPTER 13 TRUSTEE AND UNITED STATES TRUSTEE
### PURSUANT TO LOCAL BANKRUPTCY RULE 2016-1(C) AND CLERK'S CM/ECF POLICY 9

Notice is hereby given that pursuant to Local Bankruptcy Rule 2016-1(C), you must file an objection with the court to the fees requested in this disclosure of compensation opposing said fees in their entirety, or in a specific amount, no later than the last day for filing objections to confirmation of the chapter 13 plan.

### PROOF OF SERVICE

The undersigned hereby certifies that on this date the foregoing Notice was served upon the debtor(s), the standing Chapter 13 trustee, and U. S. trustee pursuant to Local Bankruptcy Rule 2016-1(C) and the Clerk's CM/ECF Policy 9, either electronically or in paper form (first class mail).

| | |
|---|---|
| **May 30, 2023** | **/s/ Ashley F. Morgan** |
| *Date* | **Ashley F. Morgan 86464** |
| | *Signature of Attorney* |

---

[2030edva ver. 01/21]

## JA51

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Abtin Vaziri** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Eastern District of Virginia |
| Case number (if known) | |

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

■ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☐ 3. The commitment period is 3 years.

■ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

10/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Average Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.

   ■ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $  11,917.67 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $  0.00 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $  0.00 | $ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | |
| Net monthly income from a business, profession, or farm | $ 0.00 | Copy here -> $ 0.00 | $ |

6. **Net income from rental and other real property**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | |
| Net monthly income from rental or other real property | $ 0.00 | Copy here -> $ 0.00 | $ |

## JA52

Debtor 1    **Abtin Vaziri**                                        Case number (*if known*) _____

| | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|

7. **Interest, dividends, and royalties**    $    0.00    $

8. **Unemployment compensation**    $    0.00    $

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you    $    0.00

For your spouse    $

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.    $    0.00    $

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

_____    $    0.00    $

_____    $    0.00    $

Total amounts from separate pages, if any.    +    $    0.00    $

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.    $    11,917.67    +    $    =    $    11,917.67

Total average monthly income

| Part 2: | **Determine How to Measure Your Deductions from Income** |
|---|---|

12. **Copy your total average monthly income from line 11.**    $    11,917.67

13. **Calculate the marital adjustment.** Check one:

■ You are not married. Fill in 0 below.

☐ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

_____    $

_____    $

_____    +$

Total    $    0.00    Copy here=>    -    0.00

14. **Your current monthly income.** Subtract line 13 from line 12.    $    11,917.67

15. **Calculate your current monthly income for the year.** Follow these steps:

15a.  Copy line 14 here=>    $    11,917.67

JA53

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 49 of 67

Debtor 1    **Abtin Vaziri**                                        Case number (*if known*)

| | | |
|---|---|---|
| Multiply line 15a by 12 (the number of months in a year). | | **x 12** |
| 15b.  The result is your current monthly income for the year for this part of the form. ......................................... | | $    **143,012.04** |

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.                        **VA**

16b. Fill in the number of people in your household.             **1**

16c. Fill in the median family income for your state and size of household.                    $    **75,376.00**

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

17a. ☐    Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b. ■    Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
|---|---|

18. **Copy your total average monthly income from line 11** .                        $    **11,917.67**

19. **Deduct the marital adjustment if it applies. If you are married,** your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a.                    -$    **0.00**

19b. **Subtract line 19a from line 18.**                            $    **11,917.67**

20. **Calculate your current monthly income for the year.**  Follow these steps:

20a. Copy line 19b                                $    **11,917.67**

Multiply by 12 (the number of months in a year).                **x 12**

20b. The result is your current monthly income for the year for this part of the form        $    **143,012.04**

20c. Copy the median family income for your state and size of household from line 16c        $    **75,376.00**

21. **How do the lines compare?**

☐    Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

■    Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

**X  /s/ Abtin Vaziri**

**Abtin Vaziri**
Signature of Debtor 1

Date  **May 30, 2023**
MM / DD  / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

JA54

Debtor 1     **Abtin Vaziri**                                    Case number (*if known*)

JA55

| Fill in this information to identify your case: |
| --- |

Debtor 1 ___**Abtin Vaziri**___

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the:   Eastern District of Virginia

Case number _____
(if known)

☐ Check if this is an amended filing

<u>Official Form 122C-2</u>
# Chapter 13 Calculation of Your Disposable Income
04/22

To fill out this form, you will need your completed copy of *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* (Official Form 122C-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form, Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Deductions from Your Income |
| --- | --- |

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 122C–1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 122C–1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5.    **The number of people used in determining your deductions from income**

Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

| 1 |
| --- |

| National Standards | You must use the IRS National Standards to answer the questions in lines 6-7. |
| --- | --- |

6.    **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.

$ _____ 841.00

7.    **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health car costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

JA56

Debtor 1    **Abtin Vaziri**                                          Case number (*if known*) _____

---

**People who are under 65 years of age**

| | | | | | |
|---|---|---|---|---|---|
| 7a. | Out-of-pocket health care allowance per person | $ | 79 | | |
| 7b. | Number of people who are under 65 | X | 1 | | |
| 7c. | **Subtotal.** Multiply line 7a by line 7b. | $ | 79.00 | **Copy here=>** $ | 79.00 |

**People who are 65 years of age or older**

| | | | | | |
|---|---|---|---|---|---|
| 7d. | Out-of-pocket health care allowance per person | $ | 154 | | |
| 7e. | Number of people who are 65 or older | X | 0 | | |
| 7f. | Subtotal. Multiply line 7d by line 7e. | $ | 0.00 | **Copy here=>** $ | 0.00 |
| 7g. | **Total.** Add line 7c and line 7f .................... | $ | 79.00 | **Copy total here=>** $ | 79.00 |

---

**Local Standards**    You must use the IRS Local Standards to answer the questions in lines 8-15.

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

■ **Housing and utilities - Insurance and operating expenses**

■ **Housing and utilities - Mortgage or rent expenses**

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.**

8.    **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.                                    $    587.00

9.    **Housing and utilities - Mortgage or rent expenses:**

9a.    Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.    $    2,403.00

9b.    Total average monthly payment for all mortgages and other debts secured by your home.

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| **-NONE-** | $ |

9b. Total average monthly payment    $    0.00    **Copy here=>**    -$    0.00    Repeat this amount on line 33a.

9c.    Net mortgage or rent expense.

Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0.    $    2,403.00    **Copy here=>**    $    2,403.00

10.    **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**    $    0.00

Explain why: _____

---

JA57

Debtor 1     **Abtin Vaziri**                                                                     Case number (*if known*)

---

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

☐ 0. Go to line 14.

☑ 1. Go to line 12.

☐ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.    $ _____ **294.00**

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

| Vehicle 1 | Describe Vehicle 1: |
|---|---|

13a. Ownership or leasing costs using IRS Local Standard..................................................    $ _____ **0.00**

13b. Average monthly payment for all debts secured by Vehicle 1.
Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| -NONE- | $ |

Total Average Monthly Payment    $ _____ **0.00**    Copy here => -$ _____ **0.00**    Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense
Subtract line 13b from line 13a. if this number is less than $0, enter $0. ...................    $ _____ **0.00**    Copy net Vehicle 1 expense here =>    $ _____ **0.00**

| Vehicle 2 | Describe Vehicle 2: |
|---|---|

13d. Ownership or leasing costs using IRS Local Standard..................................................    $ _____ **0.00**

13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| | $ |

Total average monthly payment    $ _____    Copy here => -$ _____ **0.00**    Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense
Subtract line 13e from line 13d. if this number is less than $0, enter $0. .......................    $ _____ **0.00**    Copy net Vehicle 2 expense here =>    $ _____ **0.00**

14. **Public transportation expense: If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the** *Public Transportation* **expense allowance regardless of whether you use public transportation.**    $ _____ **0.00**

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation.*    $ _____ **0.00**

---

JA58

Case 23-10896-KHK   Doc 1   Filed 05/30/23   Entered 05/30/23 11:48:50   Desc Main
Document   Page 54 of 67

Debtor 1    **Abtin Vaziri**                                        Case number (*if known*)

| | | | |
|---|---|---|---|

<table>
<tr><td colspan="2"><b>Other Necessary Expenses</b>   In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories.</td></tr>
</table>

16. **Taxes:** The total monthly amount that you will actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.
Do not include real estate, sales, or use taxes. $ **3,333.00**

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

    Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings. $ **0.00**

18. **Life Insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.
Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term. $ **100.00**

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

    Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35. $ **0.00**

20. **Education:** The total monthly amount that you pay for education that is either required:
    ■ as a condition for your job, or
    ■ for your physically or mentally challenged dependent child if no public education is available for similar services. $ **0.00**

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.
Do not include payments for any elementary or secondary school education. $ **0.00**

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
Payments for health insurance or health savings accounts should be listed only in line 25. $ **0.00**

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.

    Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122C-1, or any amount you previously deducted. +$ **50.00**

24. **Add all of the expenses allowed under the IRS expense allowances.**
Add lines 6 through 23. $ **7,687.00**

<table>
<tr><td colspan="2"><b>Additional Expense Deductions</b>   These are additional deductions allowed by the Means Test.<br><i>Note:</i> Do not include any expense allowances listed in lines 6-24.</td></tr>
</table>

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

| | | | |
|---|---|---|---|
| Health insurance | $ **680.00** | | |
| Disability insurance | $ **0.00** | | |
| Health savings account | + $ **0.00** | | |
| Total | $ **680.00** | Copy total here=> | $ **680.00** |

Do you actually spend this total amount?
☐ No. How much do you actually spend? $ _____
■ Yes

26. **Continuing contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b) $ **0.00**

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.

    By law, the court must keep the nature of these expenses confidential. $ **0.00**

JA59

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document      Page 55 of 67

Debtor 1    **Abtin Vaziri**                                    Case number (*if known*) _____

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

    If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs

    You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.                                    $ _____ 0.00

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $189.58* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

    You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

    * Subject to adjustment on 4/01/25, and every 3 years after that for cases begun on or after the date of adjustment.    $ _____ 0.00

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

    To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

    You must show that the additional amount claimed is reasonable and necessary.                        $ _____ 28.00

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)(3) and (4).

    Do not include any amount more than 15% of your gross monthly income.                          $ _____ 0.00

32. **Add all of the additional expense deductions.**
    Add lines 25 through 31.                                            $ _____ 708.00

### Deductions for Debt Payment

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

    To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

    **Mortgages on your home**                                    **Average monthly payment**

33a.  Copy line 9b here                                    =>    $ _____ 0.00

    **Loans on your first two vehicles**

33b.  Copy line 13b here                                    =>    $ _____ 0.00

33c.  Copy line 13e here                                    =>    $ _____ 0.00

33d.  List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| **-NONE-** | | ☐ No  ☐ Yes | $ _____ |
| | | ☐ No  ☐ Yes | $ _____ |
| | | ☐ No  ☐ Yes  + | $ _____ |

33e.  Total average monthly payment. Add lines 33a through 33d ...........    $ _____ 0.00    Copy total here=>    $ _____ 0.00

**JA60**

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document      Page 56 of 67

Debtor 1    **Abtin Vaziri**                                          Case number (*if known*) _____

**34.** **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

■ No.   Go to line 35.

☐ Yes.   State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | Monthly cure amount |
|---|---|---|---|
| -NONE- | | $ ÷ 60 = $ | |

|  | | Total | $ 0.00 | Copy total here=> $ 0.00 |

**35.** **Do you owe any priority claims - such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

☐ No.   Go to line 36.

■ Yes.   Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

Total amount of all past-due priority claims ................................  $ **10,000.00**  ÷ 60  $ **166.67**

**36.** **Projected monthly Chapter 13 plan payment**                      $ **2,800.00**

Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).
To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

X   **10.00**

Average monthly administrative expense                  $ **280.00**   Copy total here=> $ **280.00**

**37.** **Add all of the deductions for debt payment.** Add lines 33e through 36.                 $ **446.67**

**Total Deductions from Income**

**38.** **Add all of the allowed deductions.**

Copy line 24, *All of the expenses allowed under IRS expense allowances*           $ **7,687.00**

Copy line 32, *All of the additional expense deductions*           $ **708.00**

Copy line 37, *All of the deductions for debt payment*           +$ **446.67**

Total deductions........................................................................  $ **8,841.67**   Copy total here=> $ **8,841.67**

JA61

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document    Page 57 of 67

Debtor 1    **Abtin Vaziri**                                  Case number (*if known*) _____

| Part 2: | Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2) |
|---|---|

39. Copy your total current monthly income from line 14 of Form 122C-1, *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.*    $ **11,917.67**

40. **Fill in any reasonably necessary income you receive for support for dependent children.** The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 122C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child.    $ **0.00**

41. **Fill in all qualified retirement deductions.** The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19).    $ **0.00**

42. **Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).** Copy line 38 here  =>  $ **8,841.67**

43. **Deduction for special circumstances.** If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

| Describe the special circumstances | Amount of expense |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| **Total** | $ **0.00** |

Copy here=> $ **0.00**

44. **Total adjustments.** Add lines 40 through 43.  =>  $ **8,841.67**    Copy here=> -$ **8,841.67**

45. **Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39.    $ **3,076.00**

| Part 3: | Change in Income or Expenses |
|---|---|

46. **Change in income or expenses.** If the income in Form 122C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 122C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | ____ | _____ | _____ | ☐ Decrease | $ _____ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | ____ | _____ | _____ | ☐ Decrease | $ _____ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | ____ | _____ | _____ | ☐ Decrease | $ _____ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | ____ | _____ | _____ | ☐ Decrease | $ _____ |

JA62

Debtor 1    **Abtin Vaziri** _____    Case number (*if known*) _____

| | |
|---|---|

**Part 4:**    **Sign Below**

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

**X** **/s/ Abtin Vaziri** _____

**Abtin Vaziri**
Signature of Debtor 1

Date **May 30, 2023** _____
MM / DD / YYYY

**JA63**

Debtor 1    **Abtin Vaziri**                                                    Case number (*if known*) _____

## Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **11/01/2022** to **04/30/2023**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Dulles Motorcars**
Year-to-Date Income:
Last Year:
Starting Year-to-Date Income: **$89,235.00** from check dated **10/31/2022** .
Ending Year-to-Date Income: **$115,648.00** from check dated **12/31/2022** .

This Year:
Current Year-to-Date Income: **$45,093.00** from check dated **4/30/2023** .

Income for six-month period (Current+(Ending-Starting)): **$71,506.00** .
Average Monthly Income: **$11,917.67** .

**JA64**

## Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

This notice is for you if:

> You are an individual filing for bankruptcy, and

> Your debts are primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

> Chapter 7 - Liquidation

> Chapter 11 - Reorganization

> Chapter 12 - Voluntary repayment plan for family farmers or fishermen

> Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $78 | administrative fee |
| + $15 | trustee surcharge |
| $338 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their non-exempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

> most taxes;

> most student loans;

> domestic support and property settlement obligations;

JA65

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

---

**Chapter 11: Reorganization**

|   |        |                    |
|---|-------:|--------------------|
|   | $1,167 | filing fee         |
| + |  $571  | administrative fee |
|   | $1,738 | total fee          |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

**Chapter 12: Repayment plan for family farmers or fishermen**

---

| | | |
|---|---:|---|
| | $200 | filing fee |
| + | $78 | administrative fee |
| | $278 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

---

**Chapter 13: Repayment plan for individuals with regular income**

---

| | | |
|---|---:|---|
| | $235 | filing fee |
| + | $78 | administrative fee |
| | $313 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

---

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/forms/bankruptcy-forms

**Bankruptcy crimes have serious consequences**

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

**Make sure the court has your mailing address**

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

**Understand which services you could receive from credit counseling agencies**

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

In Alabama and North Carolina, go to: http://www.uscourts.gov/services-forms/bankruptcy/credit-counseling-and-debtor-education-courses.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

JA68

Abtin Vaziri
13705 James Monroe Hwy
Leesburg, VA 20176-5437


United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314


Ad Astra Recovery
7330 West 33rd Street North
Suite 118
Wichita, KS 67205


American Experss Company
200 Vesey Street
New York, NY 10285-3106


Amex
Correspondence/Bankruptcy
PO Box 981540
El Paso, TX 79998


BB&T/Truist
Attn: Bankruptcy
PO Box 1847
Wilson, NC 27894


Capital One
PO Box 30285
Salt Lake City, UT 84130


Capital One
1600 Capital One Drive
Mc Lean, VA 22102


CBE Group
Attn: Bankruptcy
PO Box 900
Waterloo, IA 50704


CCI/Contract Callers Inc
Attn: Bankruptcy Dept
501 Greene St Ste 302
Augusta, GA 30901

**JA69**

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850


ChexSystems, Inc.
Attn: Consumer Relations
7805 Hudson Road, Suite 100
Woodbury, MN 55125-1703


Cyrus Amiri
c/o Steven Krieger, Esq.
2200 Wilson Blvd #102
Arlington, VA 22201


Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany, OH 43054


Equifax
PO Box 740241
Atlanta, GA 30374-0241


Experian
475 Anton Boulevard
Costa Mesa, CA 92626-7037


Fortiva/Atlanticus
PO Box 105555
Atlanta, GA 30348-5555


Genesis FS Card Services
PO Box 4477
Beaverton, OR 97076


I.C. System, Inc.
PO Box 64378
Saint Paul, MN 55164-4378


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19107-3460

**JA70**

Michael R. Cogan, PC
12 South Summit Avenue
Suite 250
Gaithersburg, MD 20877


Nordstrom FSB
Attn: Bankruptcy
PO Box 6555
Englewood, CO 80155


OneMain Financial
Attn: Bankruptcy
Po Box 3251
Evansville, IN 47731


Pro Collect, Inc
Attn: Bankruptcy
12170 N Abrams Road, Ste 100
Dallas, TX 75243


Resurgent Capital Services
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603


Speedy Cash
3527 N Ridge Rd
Wichita, KS 67205-1212


STEVEN KRIEGER LAW PLLC
2200 WILSON BLVD
SUITE 102
Arlington, VA 22201


Tower Federal C U
7901 Sandy Spring Rd
Laurel, MD 20707


TransUnion
PO Box 2000
Chester, PA 19022-2000


Truist
214 North Tryon Street
Charlotte, NC 28202

**JA71**

Case 23-10896-KHK    Doc 1    Filed 05/30/23    Entered 05/30/23 11:48:50    Desc Main
Document        Page 67 of 67

```
Truist Bank
Attn: Bankruptcy
Mail Code VA-RVW-6290 POB 85092
Richmond, VA 23286


Verizon Wireless
Attn: Bankruptcy
500 Technology Dr, Ste 599
Weldon Springs, MO 63304


Virginia Dept of Taxation
Bankruptcy Unit
PO Box 2156
Richmond, VA 23218-2156
```

**JA72**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

23-10896

**CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

Name of Debtor(s):      **Abtin Vaziri**                                          Case No:

This plan, dated __**May 30, 2023**__ , is:

■ the *first* Chapter 13 plan filed in this case.
☐ a modified Plan, which replaces the
☐ confirmed or ☐ unconfirmed Plan dated _____.

Date and Time of <u>Modified Plan</u> Confirmation Hearing:
____
Place of <u>Modified Plan</u> Confirmation Hearing:
____

The Plan provisions modified by this filing are:
____

Creditors affected by this modification are:
____

**1. Notices**

**To Creditors:**

**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.**

**(1) Richmond and Alexandria Divisions:**
**The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.**
**(2) Norfolk and Newport News Divisions: a confirmation hearing will be held even if no objections have been filed.**
    **(a) A scheduled confirmation hearing will not be convened when:**
        **(1) an amended plan is filed prior to the scheduled confirmation hearing; or**
        **(2) a consent resolution to an objection to confirmation anticipates the filing of an amended plan and the objecting party removes the scheduled confirmation hearing prior to 3:00 pm on the last business day before the confirmation hearing.**

**In addition, you may need to file a timely proof of claim in order to be paid under any plan.**

**The following matters may be of particular importance.**

**Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
|---|---|---|---|
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | ☐ Included | ■ Not included |
| C. | Nonstandard provisions, set out in Part 12 | ☐ Included | ■ Not included |

**2.      Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $ __2,500.00__ per __month__ for __60__ months. Other payments to the Trustee are as follows:

**JA73**

The total amount to be paid into the Plan is $ __150,000.00__ .

23-10896

**3.    Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    **A.    Administrative Claims under 11 U.S.C. § 1326.**

        1.    The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

        2.    Check one box:

■ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $ __4,300.00__ , balance due of the total fee of $ __5,800.00__ concurrently with or prior to the payments to remaining creditors.

☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

    **B.    Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Internal Revenue Service** | **Taxes and certain other debts** | 0.00 | **Prorata** <br> **0 months** |
| **Virginia Dept of Taxation** | **Taxes and certain other debts** | 10,000.00 | **Prorata** <br> **6 months** |

    **C.    Claims under 11 U.S.C. § 507(a)(1).**

The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

**4.    Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    **A.    Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

    **B.    Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

23-10896

**C.      Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.      Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| -NONE- | | | | |

**E.      Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

**5.      Unsecured Claims.**

   **A.      Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately   **60**  %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately   **0**   %.

   **B.      Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**6.      Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   **A.      Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

Case 23-10896-KHK     Doc 2     Filed 05/30/23     Entered 05/30/23 11:52:36     Desc Main
Document     Page 4 of 14

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

**B.** **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**C.** **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| -NONE- | | | | |

**7.     Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

**A.     Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

**B.** **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

**8.     Liens Which Debtor(s) Seek to Avoid.**

**A.** **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| -NONE- | | | | |

**B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such   pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**JA76**

9.     **Treatment and Payment of Claims.**

23-10896

- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
- If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.
- Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

10.     **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not transfer, sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

11.     **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

12.     **Nonstandard Plan Provisions**

■ **None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.**

Dated:    **May 30, 2023**

/s/ Abtin Vaziri                                        /s/ Ashley F. Morgan
**Abtin Vaziri**                                      **Ashley F. Morgan 86464**
Debtor                                           Debtor's Attorney

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

**Exhibits:**       **Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan**

Certificate of Service

I certify that on    **May 30, 2023**   , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                                                /s/ Ashley F. Morgan
                                                **Ashley F. Morgan 86464**
                                                Signature

                                                **722 Grant St.**
                                                **Suite G**
                                                **Herndon, VA 20170-4532**
                                                Address

                                                **703-880-4881**
                                                Telephone No.

CERTIFICATE OF SERVICE PURSUANT TO RULE 7004          23-10896

I hereby certify that on ___**May 30, 2023**___ true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

☐ by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

☐ by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

**/s/ Ashley F. Morgan**
**Ashley F. Morgan 86464**

23-10896

**Fill in this information to identify your case:**

Debtor 1     **Abtin Vaziri**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    EASTERN DISTRICT OF VIRGINIA

Case number
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income            12/15

**Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

**Part 1:**    Describe Employment

1. **Fill in your employment information.**

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed <br> ☐ Not employed | ■ Employed <br> ☐ Not employed |
| Occupation | Salesman | |
| Employer's name | Dulles Motorsports | |
| Employer's address | 107-109 Catoctin Cir SE <br> Leesburg, VA 20175 | |
| How long employed there? | 8 months | |

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

**Part 2:**    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 11,177.00 | $ 0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. $ 11,177.00 | $ 0.00 |

JA79

Case 23-10896-KHK    Doc 2    Filed 05/30/23    Entered 05/30/23 11:52:36    Desc Main
Document    Page 8 of 14

Debtor 1    **Abtin Vaziri**

Case number (*if known*)    23–10896

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** | 4. | $ 11,177.00 | $ 0.00 |
| **5.** | **List all payroll deductions:** | | | |
| | 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 3,333.00 | $ 0.00 |
| | 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| | 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| | 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| | 5e. Insurance | 5e. | $ 7.00 | $ 0.00 |
| | 5f. Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| | 5g. Union dues | 5g. | $ 0.00 | $ 0.00 |
| | 5h. Other deductions. Specify: | 5h.+ | $ 0.00 + | $ 0.00 |
| **6.** | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 3,340.00 | $ 0.00 |
| **7.** | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 7,837.00 | $ 0.00 |
| **8.** | **List all other income regularly received:** | | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| | 8b. **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| | 8d. **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| | 8e. **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| | 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ 0.00 |
| | 8g. **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| | 8h. **Other monthly income.** Specify: | 8h.+ | $ 0.00 + | $ 0.00 |
| **9.** | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 0.00 | $ 0.00 |
| **10.** | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 7,837.00 + | $ 0.00 = $ 7,837.00 |
| **11.** | **State all other regular contributions to the expenses that you list in *Schedule J.*** Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.* Specify: | 11. | +$ 0.00 | |
| **12.** | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies | 12. | $ 7,837.00 **Combined monthly income** | |

**13.** Do you expect an increase or decrease within the year after you file this form?

�■ No.

☐ Yes. Explain:    Client is partially paid on commissions, which have been lower YTD 2023 compared to last year in 2022. As a result, his forward looking income has dropped.

**Schedule I: Your Income**

**JA80**

**23-10896**

Fill in this information to identify your case:

Debtor 1    **Abtin Vaziri**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    EASTERN DISTRICT OF VIRGINIA

Case number
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter
13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No
        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**    ■ No

    Do not list Debtor 1 and    ☐ Yes.    Fill out this information for
    Debtor 2.                              each dependent..............

    Do not state the
    dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |
| | _____ | _____ | ☐ No  ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | **Your expenses** |
|---|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $    2,500.00

    If not included in line 4:

    4a.    Real estate taxes                                          4a. $    0.00
    4b.    Property, homeowner's, or renter's insurance              4b. $    0.00
    4c.    Home maintenance, repair, and upkeep expenses            4c. $    25.00
    4d.    Homeowner's association or condominium dues              4d. $    0.00
5.  **Additional mortgage payments for your residence,** such as home equity loans    5. $    0.00

Case 23-10896-KHK    Doc 2    Filed 05/30/23    Entered 05/30/23 11:52:36    Desc Main
Document     Page 10 of 14

| Debtor 1 | **Abtin Vaziri** | Case number (if known) | ~~23-10896~~ |
|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a.   Electricity, heat, natural gas | 6a. | $ | 100.00 |
| | 6b.   Water, sewer, garbage collection | 6b. | $ | 20.00 |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 150.00 |
| | 6d.   Other. Specify:   **Cell Phone** | 6d. | $ | 75.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ | 600.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 200.00 |
| 10. | **Personal care products and services** | 10. | $ | 250.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 100.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 400.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 150.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a.   Life insurance | 15a. | $ | 0.00 |
| | 15b.   Health insurance | 15b. | $ | 680.00 |
| | 15c.   Vehicle insurance | 15c. | $ | 100.00 |
| | 15d.   Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify:   **Personal Property Tax** | 16. | $ | 30.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b.   Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c.   Other. Specify: | 17c. | $ | 0.00 |
| | 17d.   Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a.   Mortgages on other property | 20a. | $ | 0.00 |
| | 20b.   Real estate taxes | 20b. | $ | 0.00 |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e.   Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: | 21. | +$ | 0.00 |

| | | | | |
|---|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | 5,380.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 5,380.00 |

| | | | | |
|---|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | 7,837.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | 5,380.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | 2,457.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes.    Explain here: **Debtor's vehicle is older and needs more work than typical.**

JA82

23-10896

Abtin Vaziri
13705 James Monroe Hwy
Leesburg, VA 20176-5437


United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314


Ad Astra Recovery
7330 West 33rd Street North
Suite 118
Wichita, KS 67205


American Experss Company
200 Vesey Street
New York, NY 10285-3106


Amex
Correspondence/Bankruptcy
PO Box 981540
El Paso, TX 79998


BB&T/Truist
Attn: Bankruptcy
PO Box 1847
Wilson, NC 27894


Capital One
PO Box 30285
Salt Lake City, UT 84130


Capital One
1600 Capital One Drive
Mc Lean, VA 22102


CBE Group
Attn: Bankruptcy
PO Box 900
Waterloo, IA 50704


CCI/Contract Callers Inc
Attn: Bankruptcy Dept
501 Greene St Ste 302
Augusta, GA 30901

23-10896

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850


ChexSystems, Inc.
Attn: Consumer Relations
7805 Hudson Road, Suite 100
Woodbury, MN 55125-1703


Cyrus Amiri
c/o Steven Krieger, Esq.
2200 Wilson Blvd #102
Arlington, VA 22201


Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany, OH 43054


Equifax
PO Box 740241
Atlanta, GA 30374-0241


Experian
475 Anton Boulevard
Costa Mesa, CA 92626-7037


Fortiva/Atlanticus
PO Box 105555
Atlanta, GA 30348-5555


Genesis FS Card Services
PO Box 4477
Beaverton, OR 97076


I.C. System, Inc.
PO Box 64378
Saint Paul, MN 55164-4378


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19107-3460

**JA84**

23-10896

Michael R. Cogan, PC
12 South Summit Avenue
Suite 250
Gaithersburg, MD 20877


Nordstrom FSB
Attn: Bankruptcy
PO Box 6555
Englewood, CO 80155


OneMain Financial
Attn: Bankruptcy
Po Box 3251
Evansville, IN 47731


Pro Collect, Inc
Attn: Bankruptcy
12170 N Abrams Road, Ste 100
Dallas, TX 75243


Resurgent Capital Services
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603


Speedy Cash
3527 N Ridge Rd
Wichita, KS 67205-1212


STEVEN KRIEGER LAW PLLC
2200 WILSON BLVD
SUITE 102
Arlington, VA 22201


Tower Federal C U
7901 Sandy Spring Rd
Laurel, MD 20707


TransUnion
PO Box 2000
Chester, PA 19022-2000


Truist
214 North Tryon Street
Charlotte, NC 28202

**JA85**

23-10896

```
Truist Bank
Attn: Bankruptcy
Mail Code VA-RVW-6290 POB 85092
Richmond, VA 23286


Verizon Wireless
Attn: Bankruptcy
500 Technology Dr, Ste 599
Weldon Springs, MO 63304


Virginia Dept of Taxation
Bankruptcy Unit
PO Box 2156
Richmond, VA 23218-2156
```

**JA86**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE**

**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In the Matter of: | Chapter 13 |
| ABTIN VAZIRI | Case No. 23-10896-KHK |
| Debtor | |

**OBJECTION TO CONFIRMATION OF PLAN,**
**NOTICE OF OBJECTION TO CONFIRMATION OF PLAN**
**AND**
**NOTICE OF SCHEDULED HEARING ON THIS OBJECTION**

Thomas P. Gorman, Chapter 13 Trustee, has filed this objection to confirmation of your Chapter 13 Plan filed May 30, 2023.  The cause for this objection is as follows:

**Violation of 11 U.S.C. §1325(a)(3)** - Good Faith - Above median Debtor shows $3,076.00/mo. of disposable income (with no anticipated changes noted at Line 46 of Form 122C-2) yet proposes a 60% Plan with payments of only $2,500.00/mo.

**Violation of 11 U.S.C. §1325(a)(6)** - Feasibility - Plan is underfunded as follows due to high filed IRS claim (Claim # 19):

| PERFORMANCE | | | |
|---|---|---|---|
| | Amount of Plan Payment | 2,500.00 | |
| | Number of Months | 60 | |
| | **Total Receipts** | | 150,000.00 |
| | **Disbursements Required** | | |
| | Trustee | 13,344.55 | 10.00% |
| | Attorney | 4,300.00 | |
| | Taxes/Other Priority | 13,535.32 | |
| | Secured | 0.00 | |
| | Unsecured | 129,591.79 | 215,986.33x60% |
| | Other | 0.00 | |
| | **Total Disbursements** | | 160,771.66 |

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

**JA87**

**Notice of Objection To Confirmation**
Abtin Vaziri, Case # 23-10896-KHK

If you do not wish the court to grant the relief sought in the objection, or if you want the court to consider your views on the objection, then on or before five business days prior to the hearing date, you or your attorney must:

File with the court a written response with supporting memorandum as required by Local Bankruptcy Rule 9013-1(H). Unless a written response and supporting memorandum are filed and served by the date specified, the Court may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing. If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. You must mail a copy to the persons listed below.

***Attend the hearing to be held on August 17, 2023 at 1:30 p.m., in Courtroom III on the 3rd floor, United States Bankruptcy Court, 200 South Washington Street, Alexandria, VA 22314.*** If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.

A copy of any written response must be mailed to the following persons:

> Thomas P. Gorman
> 300 North Washington Street, Ste, 400
> Alexandria, VA 22314

> Clerk of the Court
> United States Bankruptcy Court
> 200 South Washington Street
> Alexandria, VA 22314

If you or your attorney do not take steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date: _July 19, 2023_____          ___/s/Thomas P. Gorman _____
                                    Thomas P. Gorman
                                    Chapter 13 Trustee
                                    300 N. Washington Street, #400
                                    Alexandria, VA 22314
                                    (703) 836-2226
                                    VSB 26421

**JA88**

**Notice of Objection To Confirmation**
Abtin Vaziri, Case # 23-10896-KHK

### CERTIFICATE OF SERVICE

I hereby certify that I have this 19th day of July, 2023, served via ECF to authorized users or mailed a true copy of the foregoing Objection to Confirmation, Notice of Objection and Notice of Hearing to the following parties.

Abtin Vaziri                 Ashley Frances-May Morgan
Chapter 13 Debtor         Attorney for Debtor
13705 James Monroe Hwy     722 Grant Street, Suite G
Leesburg, VA 20176-5437     Herndon, VA 20170


                                __/s/ Thomas P. Gorman_____
                                Thomas P. Gorman

**JA89**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

**CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

Name of Debtor(s):    **Abtin Vaziri**                                    Case No:  **23-10896**

This plan, dated ___**September 8, 2023**___ , is:

☐ the *first* Chapter 13 plan filed in this case.
☑ a modified Plan, which replaces the
☐ confirmed or ☑ unconfirmed Plan dated ___**May 30, 2023**___ .

Date and Time of Modified Plan Confirmation Hearing:
___**November 9, 2023 at 1:30 PM**___
Place of Modified Plan Confirmation Hearing:
**Judge Kindred's Courtroom U.S. Bankruptcy Court**
**200 S. Washington St.**
**Alexandria, VA 22314-5405**

The Plan provisions modified by this filing are:
___**Amounts paid in**___

Creditors affected by this modification are:
___**All**___

**1. Notices**

**To Creditors:**

**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.**

**The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015.**

**In addition, you may need to file a timely proof of claim in order to be paid under any plan.**

**The following matters may be of particular importance.**

**Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
|----|----|----|----|
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | ☐ Included | ☑ Not included |
| C. | Nonstandard provisions, set out in Part 12 | ☐ Included | ☑ Not included |

**2.** **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of **$2,500.00 per month for 14 months, then $3,200.00 per month for 46 months.**
Other payments to the Trustee are as follows:

The total amount to be paid into the Plan is $___**182,200.00**___ .

**3.** **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

**A.** **Administrative Claims under 11 U.S.C. § 1326.**

Page 1

**JA90**

1.   The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

2.   Check one box:

☑ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $__**4,300.00**__, balance due of the total fee of $__**5,800.00**__ concurrently with or prior to the payments to remaining creditors.

☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

**B.   Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Internal Revenue Service** | **Taxes and certain other debts** | 13,400.00 | **Prorata** **8 months** |
| **Virginia Dept of Taxation** | **Taxes and certain other debts** | 350.00 | **Prorata** **8 months** |

**C.   Claims under 11 U.S.C. § 507(a)(1).**

The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **-NONE-** | | | |

**4.   Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

**A.   Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **-NONE-** | | | | |

**B.   Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **-NONE-** | | | |

**JA91**

**C.    Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.    Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| -NONE- | | | | |

**E.    Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

**5.    Unsecured Claims.**

    **A.    Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __73__%. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__%.

    **B.    Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**6.    Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    **A.    Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    **B.    Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such

debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

**C.**    **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| **-NONE-** | | | | |

**7.**    **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

     **A.**    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

     **B.**    **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **-NONE-** | | | | |

**8.**    **Liens Which Debtor(s) Seek to Avoid.**

     **A.**    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| **-NONE-** | | | | |

     **B.**    **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **-NONE-** | | | |

**9.**    **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

**JA93**

will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
- If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.
- Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

**10.** **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not transfer, sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**11.** **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Form Plan, other than any nonstandard provisions included in Part 12.

**12.** **Nonstandard Plan Provisions**

☑ **None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.**

Dated:   **September 8, 2023**

| | |
|---|---|
| /s/ Abtin Vaziri | /s/ Ashley F. Morgan |
| **Abtin Vaziri** | **Ashley F. Morgan 86464** |
| Debtor | Debtor's Attorney |

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

**Exhibits:**   **Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan**

Certificate of Service

I certify that on ___ **September 8, 2023** ___, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

/s/ Ashley F. Morgan
**Ashley F. Morgan 86464**
Signature

**722 Grant St.**
**Suite G**
**Herndon, VA 20170-4532**
Address

**703-880-4881**
Telephone No.

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

**JA94**

## CERTIFICATE OF SERVICE PURSUANT TO RULE 7004

I hereby certify that on __**September 8, 2023**__ true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

☐ by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

☐ by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

**/s/ Ashley F. Morgan**
**Ashley F. Morgan 86464**
Signature of attorney for debtor(s)

[ver. 06/23]

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

**JA95**

**Fill in this information to identify your case:**

Debtor 1 **Abtin Vaziri**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA

Case number **23-10896**
(If known)

Check if this is:

■ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I
## Schedule I: Your Income    12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

| 1. | Fill in your employment information. | | Debtor 1 | Debtor 2 or non-filing spouse |
|----|----|----|----|----|
| | If you have more than one job, attach a separate page with information about additional employers. | Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| | Include part-time, seasonal, or self-employed work. | Occupation | Salesman | |
| | | Employer's name | Dulles Motorsports | |
| | Occupation may include student or homemaker, if it applies. | Employer's address | 107-109 Catoctin Cir SE<br>Leesburg, VA 20175 | |
| | | How long employed there? | 8 months | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|----|----|----|----|----|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 11,177.00 | $ 0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ 11,177.00 | $ 0.00 |

JA96

Case 23-10896-KHK    Doc 20    Filed 09/08/23    Entered 09/08/23 09:11:51    Desc Main
Document    Page 8 of 14

Debtor 1  **Abtin Vaziri**                                   Case number (*if known*)  **23-10896**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| Copy line 4 here | | 4. | $    11,177.00 | $    0.00 |
| **5.** | **List all payroll deductions:** | | | |
| | 5a. Tax, Medicare, and Social Security deductions | 5a. | $    3,333.00 | $    0.00 |
| | 5b. Mandatory contributions for retirement plans | 5b. | $    0.00 | $    0.00 |
| | 5c. Voluntary contributions for retirement plans | 5c. | $    0.00 | $    0.00 |
| | 5d. Required repayments of retirement fund loans | 5d. | $    0.00 | $    0.00 |
| | 5e. Insurance | 5e. | $    7.00 | $    0.00 |
| | 5f. Domestic support obligations | 5f. | $    0.00 | $    0.00 |
| | 5g. Union dues | 5g. | $    0.00 | $    0.00 |
| | 5h. Other deductions. Specify: _____ | 5h.+ | $    0.00 + | $    0.00 |
| **6.** | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $    3,340.00 | $    0.00 |
| **7.** | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $    7,837.00 | $    0.00 |
| **8.** | **List all other income regularly received:** | | | |
| | 8a. Net income from rental property and from operating a business, profession, or farm | | | |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $    0.00 | $    0.00 |
| | 8b. Interest and dividends | 8b. | $    0.00 | $    0.00 |
| | 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive | | | |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $    0.00 | $    0.00 |
| | 8d. Unemployment compensation | 8d. | $    0.00 | $    0.00 |
| | 8e. Social Security | 8e. | $    0.00 | $    0.00 |
| | 8f. Other government assistance that you regularly receive | | | |
| | Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $    0.00 | $    0.00 |
| | 8g. Pension or retirement income | 8g. | $    0.00 | $    0.00 |
| | 8h. Other monthly income. Specify: _____ | 8h.+ | $    0.00 + | $    0.00 |
| **9.** | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $    0.00 | $    0.00 |
| **10.** | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $    7,837.00 + | $    0.00  = $    7,837.00 |
| **11.** | **State all other regular contributions to the expenses that you list in *Schedule J.*** Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.* Specify: _____ | | | 11.  +$    0.00 |
| **12.** | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies | | | 12.  $    7,837.00 <br> **Combined monthly income** |

13. **Do you expect an increase or decrease within the year after you file this form?**

■  No.

☐  Yes. Explain:  | Client is partially paid on commissions, which have been lower YTD 2023 compared to last year in 2022. As a result, his forward looking income has dropped. This reduction is the basis for his current payment, but he does anticipate some increase. |

JA97

**Fill in this information to identify your case:**

Debtor 1        **Abtin Vaziri**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    EASTERN DISTRICT OF VIRGINIA

Case number    **23-10896**
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Your Household**

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**    No
   Do not list Debtor 1 and    ☐ Yes.    Fill out this information for
   Debtor 2.                              each dependent..............

   Do not state the
   dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

**Part 2:    Estimate Your Ongoing Monthly Expenses**

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ **2,500.00**

   If not included in line 4:

   | 4a. | Real estate taxes | 4a. $ | **0.00** |
   |---|---|---|---|
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $ | **0.00** |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | **25.00** |
   | 4d. | Homeowner's association or condominium dues | 4d. $ | **0.00** |

5. **Additional mortgage payments for your residence,** such as home equity loans    5. $ **0.00**

JA98

Case 23-10896-KHK    Doc 20    Filed 09/08/23    Entered 09/08/23 09:11:51    Desc Main
Document    Page 10 of 14

| Debtor 1 | **Abtin Vaziri** | Case number (if known) | **23-10896** |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **6.** | **Utilities:** | | |
| | 6a.    Electricity, heat, natural gas | 6a. $ | **100.00** |
| | 6b.    Water, sewer, garbage collection | 6b. $ | **20.00** |
| | 6c.    Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **150.00** |
| | 6d.    Other. Specify:   **Cell Phone** | 6d. $ | **75.00** |
| **7.** | **Food and housekeeping supplies** | 7. $ | **600.00** |
| **8.** | **Childcare and children's education costs** | 8. $ | **0.00** |
| **9.** | **Clothing, laundry, and dry cleaning** | 9. $ | **200.00** |
| **10.** | **Personal care products and services** | 10. $ | **250.00** |
| **11.** | **Medical and dental expenses** | 11. $ | **100.00** |
| **12.** | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | **400.00** |
| **13.** | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | **150.00** |
| **14.** | **Charitable contributions and religious donations** | 14. $ | **0.00** |
| **15.** | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a.    Life insurance | 15a. $ | **0.00** |
| | 15b.    Health insurance | 15b. $ | **680.00** |
| | 15c.    Vehicle insurance | 15c. $ | **100.00** |
| | 15d.    Other insurance. Specify: | 15d. $ | **0.00** |
| **16.** | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify:   **Personal Property Tax** | 16. $ | **30.00** |
| **17.** | **Installment or lease payments:** | | |
| | 17a.    Car payments for Vehicle 1 | 17a. $ | **0.00** |
| | 17b.    Car payments for Vehicle 2 | 17b. $ | **0.00** |
| | 17c.    Other. Specify: | 17c. $ | **0.00** |
| | 17d.    Other. Specify: | 17d. $ | **0.00** |
| **18.** | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $ | **0.00** |
| **19.** | **Other payments you make to support others who do not live with you.** Specify: | $ | **0.00** |
| **20.** | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a.    Mortgages on other property | 20a. $ | **0.00** |
| | 20b.    Real estate taxes | 20b. $ | **0.00** |
| | 20c.    Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d.    Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e.    Homeowner's association or condominium dues | 20e. $ | **0.00** |
| **21.** | **Other:** Specify: | 21. +$ | **0.00** |

| | | | |
|---|---|---|---|
| **22.** | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | **5,380.00** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | **5,380.00** |

| | | | |
|---|---|---|---|
| **23.** | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | **7,837.00** |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | **5,380.00** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | **2,457.00** |

**24.**   **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes.    Explain here: **Debtor's vehicle is older and needs more work than typical.**

**JA99**

Abtin Vaziri
13705 James Monroe Hwy
Leesburg, VA 20176-5437


United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314


Ad Astra Recovery
7330 West 33rd Street North
Suite 118
Wichita, KS 67205


American Experss Company
200 Vesey Street
New York, NY 10285-3106


Amex
Correspondence/Bankruptcy
PO Box 981540
El Paso, TX 79998


BB&T/Truist
Attn: Bankruptcy
PO Box 1847
Wilson, NC 27894


Capital One
PO Box 30285
Salt Lake City, UT 84130


Capital One
1600 Capital One Drive
Mc Lean, VA 22102


CBE Group
Attn: Bankruptcy
PO Box 900
Waterloo, IA 50704


CCI/Contract Callers Inc
Attn: Bankruptcy Dept
501 Greene St Ste 302
Augusta, GA 30901

**JA100**

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850


ChexSystems, Inc.
Attn: Consumer Relations
7805 Hudson Road, Suite 100
Woodbury, MN 55125-1703


Cyrus Amiri
c/o Steven Krieger, Esq.
2200 Wilson Blvd #102
Arlington, VA 22201


Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany, OH 43054


Equifax
PO Box 740241
Atlanta, GA 30374-0241


Experian
475 Anton Boulevard
Costa Mesa, CA 92626-7037


Fortiva/Atlanticus
PO Box 105555
Atlanta, GA 30348-5555


Genesis FS Card Services
PO Box 4477
Beaverton, OR 97076


I.C. System, Inc.
PO Box 64378
Saint Paul, MN 55164-4378


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19107-3460


**JA101**

Michael R. Cogan, PC
12 South Summit Avenue
Suite 250
Gaithersburg, MD 20877


Nordstrom FSB
Attn: Bankruptcy
PO Box 6555
Englewood, CO 80155


OneMain Financial
Attn: Bankruptcy
Po Box 3251
Evansville, IN 47731


Pro Collect, Inc
Attn: Bankruptcy
12170 N Abrams Road, Ste 100
Dallas, TX 75243


Resurgent Capital Services
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603


Speedy Cash
3527 N Ridge Rd
Wichita, KS 67205-1212


STEVEN KRIEGER LAW PLLC
2200 WILSON BLVD
SUITE 102
Arlington, VA 22201


Tower Federal C U
7901 Sandy Spring Rd
Laurel, MD 20707


TransUnion
PO Box 2000
Chester, PA 19022-2000


Truist
214 North Tryon Street
Charlotte, NC 28202

**JA102**

Truist Bank
Attn: Bankruptcy
Mail Code VA-RVW-6290 POB 85092
Richmond, VA 23286


Verizon Wireless
Attn: Bankruptcy
500 Technology Dr, Ste 599
Weldon Springs, MO 63304


Virginia Dept of Taxation
Bankruptcy Unit
PO Box 2156
Richmond, VA 23218-2156

**JA103**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

**In re:**

|  |  |
|---|---|
| **Abtin Vaziri,** | **Case No. 23-10896-KHK** |
| **Debtor** | **Chapter 13** |

### Objection to Confirmation of Plan by Cyrus Amiri

Comes now Cyrus Amiri, a creditor in this case, through undersigned counsel, and in support of his objection to confirmation of the plan filed on September 8, 2023 states as follows:

### The plan does not conform with the Good Faith requirement of 1325(a)(3):

The latest plan filed by the debtor does not appear to commit his entire disposable income. In addition, the debtor's plan and schedules appear to suffer from certain omissions and are not entirely accurate.

### The plan does not comply with 11 U.S.C Section 1325(b)(1)

The plan does not provide for all of debtor's projected disposable income. If disposable income were properly calculated the debtor would be able to fund a plan at 100 percent.

Wherefore, the movant asks this court to deny confirmation of debtor's plan.

/s/Robert S. Brandt
Robert S. Brandt, VSB#46196
Counsel for creditor
600 Cameron Street
Alexandria, VA 22314
703-342-7330

**JA104**

brandt@brandtlawfirm.com

<u>CERTIFICATE OF SERVICE</u>

    This is to certify that on this 4th day of October, 2023 I caused to be served the foregoing Objection to confirmation by CM/ECF on all interested parties including counsel for debtor.


            <u>/s/Robert S. Brandt</u>


**JA105**

## UNITED STATES BANKRUPTCY COURT

### FOR THE

### EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In the Matter of: | Chapter 13 |
| ABTIN VAZIRI | Case No. 23-10896-KHK |
| Debtor | |

### OBJECTION TO CONFIRMATION OF MODIFIED PLAN,
### NOTICE OF OBJECTION TO CONFIRMATION OF MODIFIED PLAN
### AND
### NOTICE OF SCHEDULED HEARING ON THIS OBJECTION

Thomas P. Gorman, Chapter 13 Trustee, has filed this objection to confirmation of your Chapter 13 Modified Plan filed September 8, 2023.  The cause for this objection is as follows:

**Violation of 11 U.S.C. §1325(a)(3)** - Good Faith - Above median Debtor shows $3,076.00/mo. of disposable income (with no anticipated changes noted at Line 46 of Form 122C-2) yet proposes a 73% Plan with payments of only $2,500.00/mo for the first 14 months.

**Violation of 11 U.S.C. §1325(a)(6)** - Feasibility - Plan is underfunded as follows:

| PERFORMANCE: | | | |
|---|---|---:|---:|
| | Amount of Plan Payment | 2,500.00 | 3,200.00 |
| | Number of Months | 14 | 46 |
| | | 35,000.00 | 147,200.00 |
| | **Total Receipts** | | 182,200.00 |
| | **Disbursements Required:** | | |
| | Attorney | 4,300.00 | |
| | Taxes-Other Priority | 13,535.32 | |
| | Secured | 0.00 | |
| | Unsecured | 151,546.57 | 207,598.05x73% |
| | Other | 0.00 | |
| | Trustee | 18,220.00 | 10% |
| | **Total Disbursement** | | 187,601.89 |

**JA106**

**Notice of Objection To Confirmation**
Abtin Vaziri, Case # 23-10896-KHK

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the court to grant the relief sought in the objection, or if you want the court to consider your views on the objection, then on or before five business days prior to the hearing date, you or your attorney must:

File with the court a written response with supporting memorandum as required by Local Bankruptcy Rule 9013-1.  Unless a written response and supporting memorandum are filed and served by the date specified, the Court may deem any opposition waived, treat the motion as conceded, and issue an order granting the requested relief without further notice or hearing.  If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before twenty-one days from the service of this notice.  You must mail a copy to the persons listed below.

***Attend the hearing to be held on November 8, 2023 at 1:30 p.m., in Courtroom III on the 3rd floor, United States Bankruptcy Court, 200 South Washington Street, Alexandria, VA 22314.***  If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.

A copy of any written response must be mailed to the following persons:

Thomas P. Gorman
300 North Washington Street, Ste, 400
Alexandria, VA 22314

Clerk of the Court
United States Bankruptcy Court
200 South Washington Street
Alexandria, VA 22314

If you or your attorney do not take steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

**JA107**

**Notice of Objection To Confirmation**
Abtin Vaziri, Case # 23-10896-KHK

Date: _October 18, 2023_____                    __/s/Thomas P. Gorman _____
                                                 Thomas P. Gorman
                                                 Chapter 13 Trustee
                                                 300 N. Washington Street, #400
                                                 Alexandria, VA 22314
                                                 (703) 836-2226
                                                 VSB 26421

## CERTIFICATE OF SERVICE

I hereby certify that I have this 18th day of October, 2023, served via ECF to authorized
users or mailed a true copy of the foregoing Objection to Confirmation, Notice of
Objection and Notice of Hearing to the following parties.

Abtin Vaziri                        Ashley Frances-May Morgan
Chapter 13 Debtor                   Attorney for Debtor
13705 James Monroe Hwy              722 Grant Street, Suite G
Leesburg, VA 20176-5437             Herndon, VA 20170


                                    __/s/ Thomas P. Gorman_____
                                    Thomas P. Gorman

**JA108**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

**CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

Name of Debtor(s):    **Abtin Vaziri**                    Case No:  **23-10896**

This plan, dated ___**November 30, 2023**___, is:

☐ the *first* Chapter 13 plan filed in this case.
☑ a modified Plan, which replaces the
☐ confirmed or ☑ unconfirmed Plan dated ___**October 26, 2023**___.

Date and Time of <u>Modified Plan</u> Confirmation Hearing:
___**February 1, 2024 at 1:30 PM**___
Place of <u>Modified Plan</u> Confirmation Hearing:
___**Judge Kindred's Courtroom U.S. Bankruptcy Court**___
**200 S. Washington St.**
**Alexandria, VA 22314-5405**

The Plan provisions modified by this filing are:
___**Amounts paid in**___

Creditors affected by this modification are:
___**All**___

**1. Notices**

**To Creditors:**

**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.**

**The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

**In addition, you may need to file a timely proof of claim in order to be paid under any plan.**

**The following matters may be of particular importance.**

**Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
|---|---|---|---|
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | ☐ Included | ☑ Not included |
| C. | Nonstandard provisions, set out in Part 12 | ☐ Included | ☑ Not included |

**2.    Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of **$2,500.00 per month for 10 months, then $3,780.00 per month for 8 months, then $4,730.00 per month for 42 months**.
Other payments to the Trustee are as follows:

The total amount to be paid into the Plan is $___**253,900.00**___.

**3.    Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

**A.    Administrative Claims under 11 U.S.C. § 1326.**

Page 1

1.    The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

2.    Check one box:

☑ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $ __**4,300.00**__, balance due of the total fee of $ __**5,800.00**__ concurrently with or prior to the payments to remaining creditors.

☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

**B.    Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Internal Revenue Service** | **Taxes and certain other debts** | 13,400.00 | Prorata<br>8 months |
| **Virginia Dept of Taxation** | **Taxes and certain other debts** | 350.00 | Prorata<br>8 months |

**C.    Claims under 11 U.S.C. § 507(a)(1).**

The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

**4.    Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

**A.    Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

**B.    Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| -NONE- | | | |

**C.    Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims

Page 2

**JA110**

secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.    Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| **-NONE-** | | | | |

**E.    Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

**5.    Unsecured Claims.**

**A.    Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately ___**100**___ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately ___**0**___ %.

**B.    Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**6.    Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

**A.    Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

**B.    Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

**JA111**

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

    **C.**  **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| **-NONE-** | | | | |

**7.**    **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

    **A.**    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

    **B.**    **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **-NONE-** | | | | |

**8.**    **Liens Which Debtor(s) Seek to Avoid.**

    **A.**    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| **-NONE-** | | | | |

    **B.**    **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **-NONE-** | | | |

**9.**    **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

**JA112**

- If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.
- Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

**10.**    **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not transfer, sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**11.**    **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**12.**    **Nonstandard Plan Provisions**

      ☑ **None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.**

Dated:    **November 30, 2023**

**/s/ Abtin Vaziri**                                             **/s/ Ashley F. Morgan**
**Abtin Vaziri**                                                 **Ashley F. Morgan 86464**
Debtor                                                     Debtor's Attorney

      By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

**Exhibits:**       **Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan**

Certificate of Service

I certify that on    **November 30, 2023**   , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                                                      **/s/ Ashley F. Morgan**
                                                      **Ashley F. Morgan 86464**
                                                      Signature

                                                      **722 Grant St.**
                                                      **Suite G**
                                                      **Herndon, VA 20170-4532**
                                                      Address

                                                      **703-880-4881**
                                                      Telephone No.

CERTIFICATE OF SERVICE PURSUANT TO RULE 7004

I hereby certify that on    **November 30, 2023**    true copies of the foregoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

☐ by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

☐ by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

                                                      **/s/ Ashley F. Morgan**
                                                      **Ashley F. Morgan 86464**
                                                      Signature of attorney for debtor(s)

Page 5

**JA113**

[ver. 06/23]

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

**JA114**

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Abtin Vaziri** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (If known) | **23-10896** |

Check if this is:

■ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

## Schedule I: Your Income                                    12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

|  | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ■ Employed ☐ Not employed | ■ Employed ☐ Not employed |
| Occupation | **Salesman** | |
| Employer's name | **Dulles Motorsports** | |
| Employer's address | **107-109 Catoctin Cir SE Leesburg, VA 20175** | |
| How long employed there? | **8 months** | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ **11,177.00** | $ **0.00** |
| 3. | **Estimate and list monthly overtime pay.** | +$ **0.00** | +$ **0.00** |
| 4. | **Calculate gross income.** Add line 2 + line 3. | $ **11,177.00** | $ **0.00** |

JA115

Debtor 1   **Abtin Vaziri**                                                              Case number (if known)   **23-10896**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ **11,177.00** | $ **0.00** |
| 5. | **List all payroll deductions:** | | | |
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. $ | **3,333.00** | $ **0.00** |
| 5b. | **Mandatory contributions for retirement plans** | 5b. $ | **0.00** | $ **0.00** |
| 5c. | **Voluntary contributions for retirement plans** | 5c. $ | **0.00** | $ **0.00** |
| 5d. | **Required repayments of retirement fund loans** | 5d. $ | **0.00** | $ **0.00** |
| 5e. | **Insurance** | 5e. $ | **7.00** | $ **0.00** |
| 5f. | **Domestic support obligations** | 5f. $ | **0.00** | $ **0.00** |
| 5g. | **Union dues** | 5g. $ | **0.00** | $ **0.00** |
| 5h. | **Other deductions.** Specify: _____ | 5h.+ $ | **0.00** + | $ **0.00** |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. $ | **3,340.00** | $ **0.00** |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. $ | **7,837.00** | $ **0.00** |
| 8. | **List all other income regularly received:** | | | |
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. $ | **0.00** | $ **0.00** |
| 8b. | **Interest and dividends** | 8b. $ | **0.00** | $ **0.00** |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. $ | **0.00** | $ **0.00** |
| 8d. | **Unemployment compensation** | 8d. $ | **0.00** | $ **0.00** |
| 8e. | **Social Security** | 8e. $ | **0.00** | $ **0.00** |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. $ | **0.00** | $ **0.00** |
| 8g. | **Pension or retirement income** | 8g. $ | **0.00** | $ **0.00** |
| 8h. | **Other monthly income.** Specify: _____ | 8h.+ $ | **0.00** + | $ **0.00** |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. $ | **0.00** | $ **0.00** |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. $ **7,837.00** + $ | **0.00** = | $ **7,837.00** |
| 11. | **State all other regular contributions to the expenses that you list in Schedule J.** Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J. Specify: _____ | 11. +$ | | **0.00** |
| 12. | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies | 12. $ | | **7,837.00** Combined monthly income |

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.

☐ Yes. Explain: | Debtor is getting more established in work and should be seeing increases in income for 2024. |

**JA116**

| Fill in this information to identify your case: |
|---|

| Debtor 1 | **Abtin Vaziri** |
|---|---|

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    EASTERN DISTRICT OF VIRGINIA

Case number    **23-10896**
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Your Household |
|---|---|

1. **Is this a joint case?**

☑ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**

☐ No
☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**    ☑ No

Do not list Debtor 1 and Debtor 2.    ☐ Yes.    Fill out this information for each dependent..............

Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

☑ No
☐ Yes

| Part 2: | Estimate Your Ongoing Monthly Expenses |
|---|---|

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  | **Your expenses** |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ _____ **2,500.00**

If not included in line 4:

4a.    Real estate taxes    4a. $ _____ **0.00**
4b.    Property, homeowner's, or renter's insurance    4b. $ _____ **0.00**
4c.    Home maintenance, repair, and upkeep expenses    4c. $ _____ **25.00**
4d.    Homeowner's association or condominium dues    4d. $ _____ **0.00**
5. **Additional mortgage payments for your residence,** such as home equity loans    5. $ _____ **0.00**

## JA117

Case 23-10896-KHK    Doc 31    Filed 11/30/23    Entered 11/30/23 18:16:58    Desc Main
Document    Page 10 of 14

Debtor 1    **Abtin Vaziri**      Case number (if known)    **23-10896**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a.   Electricity, heat, natural gas | 6a. | $ | 100.00 |
| | 6b.   Water, sewer, garbage collection | 6b. | $ | 20.00 |
| | 6c.   Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 150.00 |
| | 6d.   Other. Specify:   **Cell Phone** | 6d. | $ | 75.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ | 600.00 |
| 8. | **Childcare and children's education costs** | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | 200.00 |
| 10. | **Personal care products and services** | 10. | $ | 250.00 |
| 11. | **Medical and dental expenses** | 11. | $ | 100.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | 400.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | 150.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a.   Life insurance | 15a. | $ | 0.00 |
| | 15b.   Health insurance | 15b. | $ | 680.00 |
| | 15c.   Vehicle insurance | 15c. | $ | 100.00 |
| | 15d.   Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify:   **Personal Property Tax** | 16. | $ | 30.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a.   Car payments for Vehicle 1 | 17a. | $ | 0.00 |
| | 17b.   Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c.   Other. Specify: | 17c. | $ | 0.00 |
| | 17d.   Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a.   Mortgages on other property | 20a. | $ | 0.00 |
| | 20b.   Real estate taxes | 20b. | $ | 0.00 |
| | 20c.   Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d.   Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e.   Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: | 21. | +$ | 0.00 |

| | | | | |
|---|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | | |
| | 22a. Add lines 4 through 21. | | $ | 5,380.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 5,380.00 |

| | | | | |
|---|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | 7,837.00 |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | 5,380.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | 2,457.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.

■ Yes.    Explain here: **Debtor's vehicle is older and needs more work than typical.**

JA118

Abtin Vaziri
13705 James Monroe Hwy
Leesburg, VA 20176-5437


United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314


Ad Astra Recovery
7330 West 33rd Street North
Suite 118
Wichita, KS 67205


American Experss Company
200 Vesey Street
New York, NY 10285-3106


Amex
Correspondence/Bankruptcy
PO Box 981540
El Paso, TX 79998


BB&T/Truist
Attn: Bankruptcy
PO Box 1847
Wilson, NC 27894


Capital One
PO Box 30285
Salt Lake City, UT 84130


Capital One
1600 Capital One Drive
Mc Lean, VA 22102


CBE Group
Attn: Bankruptcy
PO Box 900
Waterloo, IA 50704


CCI/Contract Callers Inc
Attn: Bankruptcy Dept
501 Greene St Ste 302
Augusta, GA 30901

**JA119**

Chase Card Services
Attn: Bankruptcy
P.O. 15298
Wilmington, DE 19850


ChexSystems, Inc.
Attn: Consumer Relations
7805 Hudson Road, Suite 100
Woodbury, MN 55125-1703


Cyrus Amiri
c/o Steven Krieger, Esq.
2200 Wilson Blvd #102
Arlington, VA 22201


Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany, OH 43054


Equifax
PO Box 740241
Atlanta, GA 30374-0241


Experian
475 Anton Boulevard
Costa Mesa, CA 92626-7037


Fortiva/Atlanticus
PO Box 105555
Atlanta, GA 30348-5555


Genesis FS Card Services
PO Box 4477
Beaverton, OR 97076


I.C. System, Inc.
PO Box 64378
Saint Paul, MN 55164-4378


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19107-3460


**JA120**

Michael R. Cogan, PC
12 South Summit Avenue
Suite 250
Gaithersburg, MD 20877


Nordstrom FSB
Attn: Bankruptcy
PO Box 6555
Englewood, CO 80155


OneMain Financial
Attn: Bankruptcy
Po Box 3251
Evansville, IN 47731


Pro Collect, Inc
Attn: Bankruptcy
12170 N Abrams Road, Ste 100
Dallas, TX 75243


Resurgent Capital Services
Attn: Bankruptcy
Po Box 10497
Greenville, SC 29603


Speedy Cash
3527 N Ridge Rd
Wichita, KS 67205-1212


STEVEN KRIEGER LAW PLLC
2200 WILSON BLVD
SUITE 102
Arlington, VA 22201


Tower Federal C U
7901 Sandy Spring Rd
Laurel, MD 20707


TransUnion
PO Box 2000
Chester, PA 19022-2000


Truist
214 North Tryon Street
Charlotte, NC 28202

**JA121**

Case 23-10896-KHK    Doc 31    Filed 11/30/23    Entered 11/30/23 18:16:58    Desc Main
Document      Page 14 of 14

```
Truist Bank
Attn: Bankruptcy
Mail Code VA-RVW-6290 POB 85092
Richmond, VA 23286


Verizon Wireless
Attn: Bankruptcy
500 Technology Dr, Ste 599
Weldon Springs, MO 63304


Virginia Dept of Taxation
Bankruptcy Unit
PO Box 2156
Richmond, VA 23218-2156
```

**JA122**

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

**In re:**

|  |  |
|---|---|
| **Abtin Vaziri** | **Case No. 23-10896-KHK** |
| **Debtor** | **Chapter 13** |

### <u>MOTION TO DISMISS CHAPTER 13 CASE WITH PREJUDICE</u>

Comes now, Cyrus Amiri, a creditor in this case, through undersigned counsel, and moves this court in the above styled proceeding to dismiss the debtor's case with prejudice, and in support of his motion states as follows:

1.  Mr. Amiri is one of many creditors of the debtor. Mr. Amiri lent money to the debtor in 2020. The money was not repaid. A lawsuit ensued. A judgment in favor of Mr. Amiri was obtained. Currently, the debtor owes Mr. Amiri roughly $20,000 as a result of this judgment.

2.  On May 30, 2023, the debtor filed the instant chapter 13 bankruptcy case with the court. The first plan that debtor filed proposed payments of $2500 per month for 60 months and offered the creditors a 60 percent plan. The plan was met by an objection by the trustee who noted that even at 60 percent the plan was underfunded due to the claim filed by the IRS. More importantly, the trustee noted that using the debtor's own disposable income figures (in excess of $3,000 per

**JA123**

month) the $2500 per month proposal was simply not adequate. Filing such a plan

is an indicia of bad faith.

3.   On September 8, 2023 the debtor filed his second plan. The pla proposed

to eventually increase payments to $3200 per month in month 15 of the plan, and

offered the creditors a 73 percent payout. The plan was once again objected to by

the trustee who noted that if the debtor's disposable income (per his own means

test) is in excess of $3,000 per month, then why should creditors need to wait 15

months before being paid at a rate of $3,200 per month? The trustee correctly

deduced that creditors should not have to accept reduced payments of $2500 per

month for over a year if the debtor's DMI is considerably greater.

In addition, Mr. Amiri filed his own objection to the plan noting that the

debtor is not committing all of his disposable income to the creditors. The

objection also noted that the plan and schedules are not entirely accurate. The

objection further noted that debtor could, and ought to, be proposing a 100 percent

plan.

4.   After taking another denial of confirmation the debtor filed his third

Amended plan on November 30, 2023. The confirmation on this plan is set for

February 1, 2024. The latest plan finally proposes a payout of 100 percent to the

creditors. But, the "step-up" payout nature of the plan continues. The plan again

proposes payments of only $2500 for the first ten months, followed by payments of

**JA124**

$3,780 for the next eight months, and finally payments of $4730 for the final 42

months. By implication, the debtor seems to be suggesting that he cannot make

payments of roughly $4200 per month for 60 months at this time, but that he

expects to be able to do so in the future. In fact, the debtor's "footnote" at the end

of schedule I suggests just that. Debtor states that he expects things to get even

better for him at work in 2024 and 2025.

### **The plan is not feasible and must be dismissed for unreasonable delay**

If the debtor wanted to propose a "real" 100 percent plan then he should be

proposing payments of roughly $4200 per month for 60 months. The debtor has the

means to do so. Proposing a plan with stepped up payments is only appropriate

when the debtor has an event that is certain to take place during the life of the plan

thereby allowing the debtor to increase his payments. If a car payment was coming

to an end, or child support payments, or alimony payments perhaps, then

increasing the payout in year three for instance would make sense. But, the fact

that the debtor earns commission and that his pay could vary from year to year

does not give him the right to speculate on what his payments will be two years

from now. Who is to say that debtor could afford $4730 per month 18 months after

filing? Why is debtor assuming that he will have such a large amount of disposable

income at a later date? The third plan filed by the debtor was the opportunity to

**JA125**

accept his faith and file a traditional 100 percent plan. He chose not to do so,
despite the fact that he has the means to do so.

### The plan was filed in bad faith

No debtor wants to pay his creditors, especially not at 100 cents on the
dollar, but the fact of the matter is that the debtor should not be dragged kicking
and screaming into a 100 percent plan by his creditors and the trustee. Why is the
debtor finally proposing a 100 percent plan now? Why now on his third plan
instead of his first plan? In fact, if the disposable income per debtor's plan is
slightly less than $3100/month, then why is debtor proposing a 100 percent plan?
Would a plan that pays $3200 per month for 60 months with a payout total of
roughly $192,000 not suffice? Why is the debtor "tipping" the creditors by offering
a 100 percent plan at this stage of the proceedings when the debtor's CMI seems to
suggest that a lower payout, perhaps 75 percent might be more appropriate?

### The debtor's bankruptcy petition was not filed in good faith

Mr. Amiri will repeat what he said months ago when he filed his objection to
the confirmation of debtor's second plan: the debtor's schedules are not accurate.
The debtor's schedules have some material omissions. The debtor's schedules
suffer from some material misstatements. In short, the debtor's petition was
inaccurate when it was filed, and it is still inaccurate today.

**JA126**

Wherefore, for the foregoing reasons, that movant asks this court to dismiss

this case with prejudice for a period of at least six months.


/s/Robert S. Brandt
Robert S. Brandt, VSB#46196
Counsel for Movant
600 Cameron Street
Alexandria, VA 22314
703-342-7330
brandt@brandtlawfirm.com




<u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 20th day of December, 2023 I caused to be served the foregoing Motion to Dismiss by CM/ECF on all interested parties including counsel for debtor, and in addition mailed a copy of the foregoing motion to:

Mr. Abtin Vaziri
13705 James Monroe Hwy
Leesburg, VA 20176

/s/Robert S. Brandt



**JA127**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

| | |
|---|---|
| **Abtin Vaziri,** | ) |
| | ) **Case No. 23-10896-KHK** |
| **Debtor.** | ) |
| | ) **Chapter 13** |
| | ) |

### DEBTOR'S RESPONSE TO MOTION TO DISMISS

**COMES NOW,** the Debtor, Abtin Vaziri, by and through Counsel, Ashley F. Morgan, Esq., of the law firm of Ashley F. Morgan Law, PC, and prays and submits, as follows:

1. Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on May 30, 2023.

2. The §341 Creditors Meeting was held and concluded on July 11, 2023.

3. Debtor submitted a proposed Chapter 13 Plan dated November 20, 2023. There are no pending objections to the Plan.

4. The Creditor, Cyrus Amiri, moved to dismiss the pending case with prejudice (D.E. #38).

5. The proposed Chapter 13 Plan will pay all creditors 100% of allowable claims. The plan payments will pay the claims during the 60-month period.

6. The Debtor is current with all his Plan payments.

7. The Creditor opposes that the Debtor continues with the case, as he argues that the Plan is not in good faith. He argues that the previous plans did not purport to pay all creditors at a 100% or pay all disposable income into the plan. However, the case has only been pending for 7 months, claims deadlines have only recently passed, and the Debtor's current plan is

Ashley F. Morgan, Esq., VSB No. 86464
Ashley F. Morgan Law, PC
722 Grant Street, Suite G
Herndon, VA 20170
Ph: (703) 880-4881  ** Fax: (571) 376-5891
Email: AFMorganLaw@gmail.com

at 100% payments. It is common for a plan confirmation in Chapter 13 cases to take up to a year.

8. The Creditor also takes issue with step payments in the plan. However, the plan payments were done in order to ensure the Debtor could adjust to the bankruptcy plan.

9. The step payments in the plan were designed to ensure that the Debtor could afford his 2023 tax bill. At the time of filing, the Debtor had been facing multiple garnishments over many months. As a result, he adjusted his withholding to a much lower amount to be able to survive.

10. At the time of filing, Debtor has no federal or state withholding. As a result, the Debtor, through consultation with counsel, was aware that he would need to prepare for a tax bill for his 2023 filling.

11. The pre-petition garnishment also made it difficult for the Debtor to afford certain expenses, like large repairs on his older vehicle and medical expenses for an on-going medical condition. This meant certain expenses were delayed until after filing.

12. While not ideal, the Debtor needed to prepare for the outstanding bill with a lower payment. If the Debtor owed taxes for his 2023 filing and failed to pay the balance at the time, the IRS could move to dismiss the pending Chapter 13 case and/or require the balance of the taxes be paid in the plan. Both of these situations could be prejudicial to the Debtor and the creditors in the case.

13. Additionally, the Debtor is in a position that is highly based on commission with possible fluctuations of income. Disposable income is calculated on an average basis. The Debtor needed time to stabilize post-garnishment to ensure he could balance better income months with lower months. At the time of filing, the Debtor had been at his job for less than a year, so there was some uncertainty with how much change in income the Debtor would see.

**JA129**

14. The Chapter 13 process allows time for creditors to file claims and for the Debtor to review and determine if there is a basis to object to the claims. The Debtor cannot predict what creditors will file claims and until counsel can review any filed claims, it is uncertain if there could be a legal basis to object.

15. The Plan calls for a large increase in payments less than 12 months into the plan. This is not a plan that adjusts in the last two or three years into the plan with the hopes of a change in circumstances, but after on-going issues could be adequately addressed.

16. The Debtor has three claim objections pending for January 18, 2023, which may lower any potential claims that need to be paid.

**WHEREFORE,** Debtor submits that there are grounds upon which to oppose the Motion to Dismiss with Prejudice.

Respectfully submitted this January 11, 2024.

Abtin Vaziri
By Counsel

**Ashley F. Morgan Law, PC**
722 Grant St, Suite G
Herndon, VA 20170
Tel: (703) 880-4881
Fax: (571) 376-5891

By:    /s/ Ashley F. Morgan
Ashley F. Morgan, VA Bar No. 86464
**Counsel for Debtor**

### Certificate of Service

I, Ashley F. Morgan, Esq., Counsel for Debtor herein, hereby certify that on this January 11, 2024, I served via ECF to authorized users.

   /s/ Ashley F. Morgan
Ashley F. Morgan, Esq.

**JA130**

1

1          IN THE UNITED STATES BANKRUPTCY COURT
            EASTERN DISTRICT OF VIRGINIA (ALEXANDRIA)
2
   In Re:                         )  Case No. 23-10896
3                                 )  Alexandria, Virginia
   ABTIN VAZIRI,                  )
4                                 )
            Debtor.               )  January 18, 2024
5                                 )  2:34 p.m.
   ------------------------------ )
6

7                  TRANSCRIPT OF HEARING ON
   MOTION TO DISMISS CASE WITH PREJUDICE FILED BY CREDITOR,
8         CYRUS AMIRI #38 DEBTOR'S RESPONSE #4

9      OBJECTION TO PROOF OF CLAIM #5 FOR DISCOVER BANK
                IN THE AMOUNT OF $5,964.40
10        FILED BY THE DEBTOR #32 WITHDRAWN #41

11            OBJECTION TO PROOF OF CLAIM #21
           FOR NATIONAL CREDIT ADJUSTERS, LLC
12             IN THE AMOUNT OF $1,645.23
               FILED BY THE DEBTOR #34
13
              OBJECTION TO PROOF OF CLAIM #3
14            FOR RESURGENT CAPITAL SERVICES
               IN THE AMOUNT OF $803.44
15             FILED BY THE DEBTOR #36

16      BEFORE THE HONORABLE KLINETTE H. KINDRED
              UNITED STATES BANKRUPTCY JUDGE
17

18

19

20

21

22

23

24

25

2

APPEARANCES:

For the Debtor:                 ASHLEY F. MORGAN, ESQ.
                                ASHLEY F. MORGAN LAW, PC
                                722 Grant Street
                                Suite G
                                Herndon, VA 20170

For Cyrus Amiri, creditor:      ROBERT S. BRANDT, ESQ.
                                THE LAW OFFICE OF ROBERT S.
                                BRANDT
                                600 Cameron Street
                                Alexandria, VA 22314

For the Office of the U.S.      THOMAS P. GORMAN, ESQ.
Trustee:                        UNITED STATES DEPARTMENT OF
                                JUSTICE
                                1414 Prince Street
                                Suite 202
                                Alexandria, VA 22314

Transcription Services:         eScribers, LLC
                                7227 North 16th Street
                                Suite #207
                                Phoenix, AZ 85020
                                (800) 257-0885

PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

**Colloquy**

3

1        THE CLERK:  All rise.  Court is now in session.

2        THE COURT:  Please be seated.

3        All right.  Dana, call the remaining matters on the

4    docket.

5        THE COURT OFFICER:  Items 23, 25, 26, Abtin Vaziri,

6    case 23-10896.

7        THE COURT:  Parties, put your names on the record.

8        MS. MORGAN:  Ashley Morgan, here for the debtor.  The

9    debtor is also present.

10       MR. BRANDT:  Good afternoon, Your Honor. My name is

11   Robert Brandt.  I represent Mr. Amiri, one of the creditors in

12   this case.

13       THE COURT:  All right.

14       MR. GORMAN:  Good afternoon again, Your Honor.  Thomas

15   Gorman, Trustee.

16       THE COURT:  All right.  Ms. Morgan, I'm going to hear

17   your objections to proofs of claims first.

18       MS. MORGAN:  Your Honor, there should be two on the

19   docket.  One was withdrawn yesterday.

20       THE COURT:  All right.

21       MS. MORGAN:  But objection to proof of claim 3 was a

22   claim filed by Resurgent Capital.  The claim we claim is stale.

23   The statute of limitations was about -- it was three years

24   because there was no signed document.  The last activity on the

25   account was November of 2019.  Therefore, we ask that the Court

**Colloquy**

4

```
 1   disallow the claim as stale and barred by the statute of
 2   limitations.
 3            THE COURT:  All right.  I'll sustain that objection.
 4   Please present an order.
 5            MS. MORGAN:  Okay.  Thank you, Your Honor.
 6            Our objection to claim 21, National Credit Adjusters,
 7   similar situation.  No signed documents were included.  We
 8   believe that the statute of limitations has run.  The last
 9   activity in the account was March of 2020.
10            THE COURT:  All right.  Your objection is sustained.
11            MS. MORGAN:  Thank you, Your Honor.
12            THE COURT:  All right.  Now, Mr. Brandt, I'll hear
13   your motion.
14            MR. BRANDT:  Yes, Your Honor.  I'm trying to read your
15   facial expression; it seems skeptical.
16            THE COURT:  So you should.
17            MR. BRANDT:  Like I said, Robert Brandt.  I represent
18   Mr. Amiri, one of the creditors in this case.
19            I took the time.  I now understand, when Mr. Gorman
20   says it took me a long time, I have a better grasp of what he
21   means by that.  I took a long time to prepare these exhibit
22   binders, one for the witness, one for Your Honor, one for
23   opposing counsel.
24            THE COURT:  And now we have a problem, because you did
25   not present two for chambers.  My law clerk must have a copy of
```

Colloquy

5

1  the exhibits.  And at this point, after so many years, I do not

2  understand why you presented me with only one.  But we digress.

3  Continue.

4       MR. BRANDT:  Okay.  I'll bring four next time.  The

5  exhibits hopefully speak for themselves.  And the basis of the

6  motion is that this is a one-hundred percent plan that could

7  have easily been filed at the get-go, should have been filed.

8  Plan number one should have been a one-hundred percent plan.

9  It was not.

10      And here we are, eight months later, with an alleged

11  one-hundred percent plan, with a number of step-up payments,

12  which is indicative of bad faith and completely unnecessary

13  since --

14      THE COURT:  Why is that?

15      MR. BRANDT:  Because, well, after Your Honor hears the

16  testimony, and --

17      THE COURT:  I'm not sure that I'm there yet.  You've

18  got to make a case for me to hear some testimony.  Go ahead.

19      MR. BRANDT:  Okay.  Well, my style is not to give it

20  away in opening, but --

21      THE COURT:  You're going to have to try.

22      MR. BRANDT:  Try, okay.  The evidence will show that

23  there are some massive inaccuracies in the schedules.  That's

24  ninety percent of the basis.

25      THE COURT:  So you want me to dismiss this case, where

6

1  the debtor is offering to pay all creditors at a hundred cents

2  on the dollar?

3          MR. BRANDT:  Oh, absolutely.

4          THE COURT:  Just because there are errors on the

5  schedule?

6          MR. BRANDT:  No, no, not errors, massive

7  untruthfulness in the schedules.

8          THE COURT:  So you're saying that the petition was

9  filed in bad faith?

10          MR. BRANDT:  Yes.

11          THE COURT:  Okay.  Go on.

12          MR. BRANDT:  The petition was filed in bad faith.  If

13  the U.S. Trustee was reviewing these documents, this would be a

14  Chapter 7 motion to deny discharge, if this was in the Chapter

15  7 context.  And we're not talking about one or two oopsies;

16  we're talking about what I call massive oopsies, time and time

17  and time again.

18          So yes, I am saying that the petition was filed in bad

19  faith.  The plan, if you want to call it the cherry on top,

20  yeah, so as further indication of bad faith, once you review

21  the exhibits and you hear the testimony, it will become

22  abundantly clear that the debtor could have avoided all of this

23  by simply filing a traditional one-hundred percent plan right

24  out of the gate, the first plan, with no step-up payments,

25  because the money is certainly there.  So that's the crux of my

**Colloquy**

7

1  case.

2          THE COURT:  All right.  I don't see the need for

3  testimony yet.  I want you to show me in the schedules these

4  massive errors.

5          MR. BRANDT:  Okay.  So you --

6          THE COURT:  I've got the book.  You open your book,

7  and let's go through it.

8          MR. BRANDT:  So you want me to testify?

9          THE COURT:  You're not testifying.  All you're doing

10 is pointing me --

11         MR. BRANDT:  Okay.

12         THE COURT:  -- to the errors that you're speaking of.

13 One moment.  Let me pull it up on --

14         MR. BRANDT:  Okay.

15         THE COURT:  -- on the --

16         MR. BRANDT:  You're taking away my whole Perry Mason

17 moment.

18         THE COURT:  That's right.  Because I don't like Perry

19 Mason moments in my court.

20         MR. BRANDT:  You don't like it.  Okay.  All right.

21 Page 12 of 67 of --

22         THE COURT:  One moment.  One moment.

23         MR. BRANDT:  Oh, I'm sorry.

24         THE COURT:  All right.  So we're skipping over the

25 schedules.  We're going straight to the statement of financial

**Colloquy**

8

1   affairs?

2          MR. BRANDT:  No, no, the schedules, page 12 of 67 of

3   the schedules.

4          THE COURT:  All right.  One moment.

5          MR. BRANDT:  May 30th, 2023.

6          THE COURT:  One moment.  All right.  On page 12 of the

7   schedules, are you talking about the first -- were there some

8   amended schedules here?  I'm at docket number 1; is that

9   correct?

10         MR. BRANDT:  Right, docket number 1.

11         THE COURT:  All right.  Page 12 of 67 is the state --

12  oh, I see, it's his Schedule A and B.  Go ahead.

13         MR. BRANDT:  All right.  Schedule A and B.  So where

14  it lists that he has 200 dollars on hand, I can't prove it.

15  But that's --

16         THE COURT:  Which --

17         MR. BRANDT:  Paragraph number 16, cash.

18         THE COURT:  One moment.

19         MR. BRANDT:  Cash on hand.

20         THE COURT:  All right.  And your problem with this is

21  what?

22         MR. BRANDT:  It's highly unlikely that it's 200

23  dollars.

24         THE COURT:  And why would you say that?

25         MR. BRANDT:  Because I've combed for hours through the

**Colloquy**

1    bank statements that I asked in discovery, for '21, '22, and

2    '23, and the odds of that being 200 dollars are slim to none.

3    But I don't have conclusive proof.  I have --

4            THE COURT:  Bank statements don't show what a person

5    has in their pocket.

6            MR. BRANDT:  Right, they don't.

7            THE COURT:  So why are you concerned about this?

8            MR. BRANDT:  Because the bank statements show tens of

9    thousands of dollars flowing in and out.  But it's a minor

10   issue.

11           THE COURT:  Okay.  Let's get to a massive --

12           MR. BRANDT:  A massive, okay.  All right.  Bank of

13   America checking account, number 17, deposits of money.

14   Checking account, Bank of America, 1,300 dollars.  I have the

15   date of filing bank statement.  It's not 1,300 dollars; it's

16   6,500 dollars.

17           THE COURT:  Okay.

18           MR. BRANDT:  Okay.

19           THE COURT:  Go on.

20           MR. BRANDT:  Savings account.  At one point there's a

21   savings account.  The reason I know that is because I've seen

22   the bank statements saying transfers to savings account.  So I

23   don't know if there's an explanation for that.  Maybe he closed

24   the account.  I don't know.

25           Schedules E and F.  It's minor, but just for fun, the

**Colloquy**

10

1   IRS is listed --

2           THE COURT:  What page are you on?

3           MR. BRANDT:  I believe it's 20 of 67.

4           THE COURT:  All right.  One moment.

5           MR. BRANDT:  E and F, the creditors.

6           THE COURT:  I'm there.

7           MR. BRANDT:  The IRS is listed as unknown.  It's not

8   unknown.  It's at least 10,000 dollars.  He knew that.  He

9   should have known that.

10          THE COURT:  And why should he have known that?  How

11  would he know that?

12          MR. BRANDT:  Because he filed a tax return a few years

13  prior where he owed about 9,300 dollars, and there's interest

14  accumulated.  And then the IRS filed a proof of claim for

15  13,000 dollars.  He knew going in he owed money to the IRS.

16          THE COURT:  But he didn't know how much.

17          MR. BRANDT:  No, no, he knew, because he owed 9,300

18  dollars when he filed the return.

19          THE COURT:  Go on.

20          MR. BRANDT:  Okay.  All right.  Schedules I and J,

21  page 32 of 67.

22          THE COURT:  One moment.  I'm there.

23          MR. BRANDT:  Okay.  So he says that he's grossing, on

24  average, 11,177.  That's more or less accurate at the time.

25  Then below that, he says that he has payroll taxes of 3,333.

**Colloquy**

11

 1   He does not.  That's false.  At the time of filing, because I

 2   looked at the pay stubs, he has -- he's paying Medicare and

 3   he's paying Social Security tax.

 4          He's paying a third of what he claims he's paying

 5   here.  He's not paying the IRS.  He's not paying Virginia

 6   taxes.  So when he says, I'm currently paying 3,333 dollars in

 7   payroll taxes, look at me, I have no money, I only have about

 8   7,800 dollars left; that's false.  It's patently false.  Look

 9   at the pay stubs.

10          THE COURT:  All right.  So what you're saying is that

11   on 5A, where it says tax Medicare Social Security deductions,

12   and this is a Chapter 13 --

13          MR. BRANDT:  Right.

14          THE COURT:  -- where this document, this schedule is a

15   forward-looking document, you're saying that this is wrong.

16          MR. BRANDT:  Yes, because they didn't list it as a

17   forward-looking document.  I do it that way.

18          THE COURT:  It's not listed as a forward-looking

19   document.  In Chapter 13, the Schedule I that's attached to a

20   plan is a forward-looking document.

21          MR. BRANDT:  Right.

22          THE COURT:  Do we agree on that?

23          MR. BRANDT:  Oh, I absolutely agree with that.

24          THE COURT:  All right.  So what's wrong with this

25   3,333?

**Colloquy**

12

```
1          MR. BRANDT:  Because that's not what he meant.  He
2   meant to tell the Court I'm currently paying 3,333.
3          THE COURT:  I'm looking at 3,333.  Looking forward,
4   that would appear to be accurate.
5          MR. BRANDT:  Okay.  All right.
6          THE COURT:  Moving on.
7          MR. BRANDT:  If you look at the pay stubs at the time,
8   you'll see a number of line items -- we'll get there when we
9   get to the pay stubs -- that is a deduction.  If I googled it
10  correctly, it looks like a payment to his employer, meaning, it
11  looks like he owes some money to his employer.  I think it says
12  A/R receivable.  And you see the year-to-date, you see the
13  deduction.  So you see paychecks where he is paying, depending
14  on the paycheck, 7-, 8-, 9-, 1,000 dollars to -- again, the way
15  I understood it, to his employer.  That should have been shown
16  here.
17         THE COURT:  Okay.  So what you're saying is, in this
18  forward-looking document, he should be showing what he's paid
19  in the past to his employer?
20         MR. BRANDT:  I'm saying, if you look at his pay stubs,
21  you will see, both before the filing and after the filing --
22         THE COURT:  Okay.
23         MR. BRANDT:  -- deductions going to his -- I presume,
24  to his employer.
25         THE COURT:  Okay.
```

**Colloquy**

13

1          MR. BRANDT:  Because that's how I read the acronym.
2     It's a highly unusual acronym.
3          THE COURT:  Does he have some pay stubs in this
4     exhibit?
5          MR. BRANDT:  Oh, yeah.
6          THE COURT:  Where are they?
7          MR. BRANDT:  Exhibit number 6, debtor's pay stubs for
8     April and May of 2020 --
9          THE COURT:  One moment.  One moment.  My book starts
10    with Exhibit number 15.  So where should I go from here?
11         MR. BRANDT:  Okay.  So 15, 16, 17, 18, 19, 20.
12         THE COURT:  All right.
13         MR. BRANDT:  Next to last one.
14         THE COURT:  All right.  One moment.  And this is dated
15    September 1, 2023.  Go on.  What should I be looking at here?
16         MR. BRANDT:  So if you want to pick one just for fun,
17    if you look at May 10th, you should have a pay stub there, I
18    believe, from May 10th, 2023.
19         THE COURT:  One moment.  All right.  I don't see May
20    10.  I see the period beginning May 7th.  Is that the one
21    you're talking about, or is there another?
22         MR. BRANDT:  I'm looking at pay dates.
23         THE COURT:  Pay date, okay.
24         MR. BRANDT:  Pay dates.  So if you look --
25         THE COURT:  I see May 12th, pay date, 2023.  I also

**Colloquy**

14

1    see May 10th, 2023.

2            MR. BRANDT:  Right, pay date.  Pay date, May 10th,

3    2023.

4            THE COURT:  And when was this case filed?

5            MR. BRANDT:  May 30th, 2023.

6            THE COURT:  So this is pre-petition.

7            MR. BRANDT:  Okay.

8            THE COURT:  Okay.

9            MR. BRANDT:  So you'll see on that pay stub A/R

10   employee, which I think means, I don't know, accounts

11   receivables employee -- I don't know what that is -- 1,818.  So

12   it's a huge chunk of money coming out of the paycheck.

13           THE COURT:  Pre-petition?

14           MR. BRANDT:  Pre-petition.

15           THE COURT:  Let's look at the post-petition.

16           MR. BRANDT:  Okay.  June 9th, 2023.

17           THE COURT:  All right.

18           MR. BRANDT:  All right.  I'm sorry.  The pay date,

19   June 9th, 2023.

20           THE COURT:  All right.  These aren't in order, so I've

21   got to hunt.  All right.  I don't have that one.  We skip from

22   pay date May 26th, 2023 to September 1st, 2023.

23           MR. BRANDT:  Sorry.  I have them all, but I didn't

24   want to --

25           THE COURT:  And in none of these post-petition stubs

**Colloquy**

15

1    do I see an A/R employee.

2         MR. BRANDT:  Right.  So what I have, I have a pay date

3    for August the 4th of 2023.  It's a payment of 45 dollars.  And

4    that is likely, as far as I can tell, the last payment that he

5    makes for 2023.

6         THE COURT:  All right.  What next?

7         MR. BRANDT:  What next?  Okay.  All right.  Can we

8    move on to Schedule J?

9         THE COURT:  Yes.

10        MR. BRANDT:  Okay.

11        THE COURT:  I'm there.

12        MR. BRANDT:  All right.  So his expenses, starting

13   with number 4.  How much do you pay in rent?  2,500 dollars.

14   Do you see that?  That's a lie.  He's not paying 2,500 dollars

15   a month.  I know how much he's paying.  He's paying 1,500

16   dollars a month.

17        Home maintenance, 25 dollars.  That's a lie.  He has

18   no home maintenance.

19        Next page, utilities.  Every single one --

20        THE COURT:  One moment.  One moment.  You say home

21   maintenance, he has no home maintenance?

22        MR. BRANDT:  Correct.  He is living at his sister's

23   home.  His sister -- I believe that's his sister because they

24   share the same last name -- lives in a 1.5-million-dollar home.

25   It's about 4- or 5,000 square feet.  He's been living there for

**Colloquy**

16

1    years.  There was a period when he moved out for about six

2    months.  I think it was in 2021.  But then he came back in

3    January of 2022.  So since January of 2022, he's been back in

4    his sister's house.  And not because I'm brilliant, but because

5    every single month, right there, if you look at the bank

6    statements, you see rent for 1,500 dollars, not 2,500 dollars.

7            There are no utilities.  He doesn't pay any utilities.

8    How do I know?  Because I spent hours looking at his bank

9    statements.  Okay?  So that's made up.

10           Food and household supplies, he spends easily 1,000

11   dollars at restaurants.  He doesn't spend 600, at least 1,000

12   dollars.  Okay?

13           Clothing, made up.  Personal expenses, made up.  You

14   just throw a number on there.  Transportation, it's made up.

15   He doesn't do 400 dollars' worth of gas, but you just throw a

16   number in there.

17           Entertainment.  You wanted a whopper; you wanted a big

18   one.  Okay.  So the entertainment is not 150 dollars a month.

19   Okay?  Now, I'm not trying to be a bad guy, but I have to

20   represent my client.  And I was trying to be subtle about it.

21   And I know Your Honor is very incredulous, but unfortunately,

22   the gentleman has a gambling problem.  Okay?  So he spends 5-,

23   6-, 7-, 8,000 dollars a month gambling.  So the entertainment

24   expense is not 150; it's about 5-, 6-, 7,000 dollars, depending

25   on what month you look at in gambling.  It's about 100 dollars

**Colloquy**

17

1   for golf; he likes to golf. And twenty-three dollars for a gym

2   membership. That's his entertainment expense.

3         The health insurance, 680; he made it up. And I know

4   he made it up because I spent hours poring through his bank

5   statements. Yes, he was paying health insurance for a while --

6   I have the bank statements -- for about a half a year, Blue

7   Cross Blue Shield, if I'm not mistaken. I think it was the

8   latter part of 2022. Then it stopped.

9         You start looking at the bank statements in January of

10  2023, and you will find no health insurance deductions there.

11  Nor do you see it on his -- excuse me -- on his pay stubs,

12  although you see it recently, about a month or two ago, at a

13  much lower amount.

14        Car insurance, I barely ever saw that expense. The

15  debtor's vehicle is older is a bunch of baloney; I haven't seen

16  any expenses there relating to the vehicle. But okay, sure.

17        Statement of financial affairs, page 37 of 67.

18        THE COURT: One moment. I'm there.

19        MR. BRANDT: Question number 5: Did you receive any

20  other income during this year or the two previous calendar

21  years? And they tell you -- they give you a slew of examples

22  of what they consider income other than your traditional

23  income. Gambling and lottery winnings is one of them.

24        Now, I imagine he's going to say I lose a lot more

25  than I win, but he wins sometimes. I know that because I

**Colloquy**

18

1  looked at his bank statements and you see, sometimes, going

2  back, anyway, a couple of years to some winnings from FanDuel

3  online gambling.  Okay.  So that's number one.

4        But even if you want to go with the explanation, look,

5  all I do is lose and I never win any income gambling, then you

6  have the next whopper which is every single bank statement -- I

7  could go like this, and you could just pick a date, and I could

8  just grab a bank statement, and you will see, including the six

9  months preceding the bankruptcy filing, deposits by the

10  thousands, by the thousands, that are not from his paychecks.

11        Okay?  So in my notes here, which I took hours to

12  compose, you will see, in the year 2022 of our Lord, he took

13  deposits of about 70,000 dollars that were not disclosed or

14  accounted for.  In 2023, deposits of about 40,000 dollars.

15  Again, this is aside from his paychecks.

16        Question number 6:  Disclose payments that you made

17  during the ninety days preceding the bankruptcy filing.  I have

18  it here in my notes.  I looked at the bank statements.  One of

19  them, not a big deal, about 650 dollars to the IRS.  The other

20  one, a little more of a big deal.  And it's going to take me a

21  second to get there.

22        But there are two gentlemen, I think, or maybe one

23  man, one woman, which I suspect are coworkers, which I suspect

24  he owes money to, where he borrows, pays, borrows, pays, and if

25  you look at the bank statements, it's right there,  Zelle

Colloquy

19

1    payments during the ninety days preceding the bankruptcy

2    filing.  And they are a couple thousand dollars to each

3    individual.

4           So one, they weren't disclosed, the preference

5    payments.  And number two, there's a ninety-nine percent chance

6    those are individual creditors which were not listed on

7    Schedule E and F, the creditors.  And same goes for the

8    employer if money is owed to the employer.

9           Question 15, statement of financial affairs.  The

10   question asks you, point blank:  Within one year before you

11   filed for bankruptcy, or since you filed for bankruptcy -- I'm

12   just -- or since you filed for bankruptcy -- I'm just picking

13   up on that now -- did you lose anything because of theft, fire,

14   other disaster, or gambling?

15          So if you look at the bank statements, you will see

16   losses by the thousands and thousands and thousands, on any

17   given month, including -- I mean, I limited -- I didn't want to

18   bore the Court.  If you limit it simply to the six months

19   preceding the bankruptcy filing, it's there, plain as day.

20          Question number 16, it seems minor, but he doesn't

21   disclose when he made the payments to the attorney.  So when

22   you get the classic debtor argument, look, it was a rush job

23   right?  I went running in there, it was a garnishment, I only

24   had forty-eight hours.  I was in a rush, I didn't have time to

25   sign anything; it was go, go, go, let's get this filed.  That's

Colloquy

20

1    baloney because he met with his counsel.  I have it here in my

2    notes.  The first time he met with her was about nine or so

3    months before the filing.  And the reason I know that, because

4    that's when you see the first payment to counsel for 500

5    dollars about nine months prior to filing.

6            Question number 18, what I call the classic bankruptcy

7    question, statement of financial affairs.  Did you sell or

8    trade any property during the two years preceding the

9    bankruptcy filing?  He was married.  He was divorced, classic

10   separation agreement.  We are going to sell the marital home.

11   We're going to divide the proceeds.  That's exactly what

12   happens.  That happens during the two-year lookback period.  It

13   wasn't disclosed.  It should have been disclosed.  I think they

14   netted about 45,000 dollars.

15           The means test.  All right.  Page 49.  Right now, I'm

16   grossing about 143,000 dollars.  Okay.  That looks about right.

17           THE COURT:  What page are you on?

18           MR. BRANDT:  I skipped to the means test, page 49 of

19   67.  He's showing his gross income as roughly 143,000.  I agree

20   with you at the time of filing, okay, 143,000.  And then you

21   skip to the second half of the means test, page 54 of 67.

22           THE COURT:  I'm there.

23           MR. BRANDT:  Line item number 16.  I'm not going to

24   get an accountant.  I don't think it's 3,333 a month in taxes,

25   but okay, we'll go with that one.

**Colloquy**

21

1        Line number 18, life insurance, 100 dollars.  He made
2    it up.  He has no life insurance.  He's not paying 100 dollars
3    for life insurance.

4        The health -- I'm sorry.  I'm speaking too fast.  Line
5    number 25, health insurance, 680 a month.  He made it up.  He
6    was not paying 680 a month during the months preceding the
7    bankruptcy filing.  It stopped in December of 2022.  It wasn't
8    680 a month.  It was a different amount.  And even if you want
9    to go with, but yes, roughly two, three months ago, I picked up
10   health insurance at work, which he did, it's not 680 a month;
11   it's a couple of hundred dollars a month.

12       You get to line item number 45.  He's showing
13   disposable income of 3,076.  That one, let's just -- let's go
14   with that.  Let's say that that's correct.  Then why are you
15   proposing a plan, out of the gate, of 2,500 dollars a month?

16            THE COURT:  Did you read the debtor's response to your
17   motion?

18            MR. BRANDT:  I did.

19            THE COURT:  And so how do you respond to his --

20            MR. BRANDT:  I'll come back to that later.  But --

21            THE COURT:  How about now?

22            MR. BRANDT:  Now, okay.  It is common for a plan
23   confirmation Chapter 13 case to take up to a year.  I don't
24   necessarily agree, but okay, let's go with that.  The creditor
25   also takes issue with step payments in the plan.  That's a side

**Colloquy**

1   show based on everything I just said now.  Designed for him to

2   afford his tax bill of 2023.  That's baloney.

3          THE COURT:  Why?

4          MR. BRANDT:  Because I've looked at his bank

5   statements.

6          THE COURT:  Bank statements are not tax returns.

7          MR. BRANDT:  Okay.  When you look at his bank

8   statements, you will see that it has nothing to do -- that's

9   like me saying, you know, I don't know.

10         THE COURT:  Was he withholding for his taxes before he

11   filed this case?

12         MR. BRANDT:  Not properly, no.

13         THE COURT:  So do you agree, then, that there might be

14   a tax bill coming that he's going to have to address?

15         MR. BRANDT:  Yes.

16         THE COURT:  Okay.

17         MR. BRANDT:  Yes.  Okay.  The pre-petition garnishment

18   also made it difficult for the debtor to afford certain

19   expenses like large repairs on his older vehicle.  He's

20   obsessed with the older vehicle.  That's made up.  It has

21   nothing to do with his older vehicle.  I've looked at his tax

22   statements.

23         His medical expenses --

24         THE COURT:  What do you know about the older vehicle?

25         MR. BRANDT:  I know that he's not at the mechanic

Colloquy

23

1    every other week, the way he wants to make it appear.

2            THE COURT:  Go on.

3            MR. BRANDT:  Okay?  And then the medical expenses.

4    I'll get there in one second.  The medical expenses -- I'm

5    using my hands like a five year old -- are this much, compared

6    to this much of other expenses, based on bank statements, post-

7    petition, which I'll get to in a second.  So that's also an

8    exaggeration if you don't want to call it a fabrication.

9            So this whole song and dance about I'm just getting

10   back on my feet because of the garnishment, and I have a boo

11   boo, and I'm going to the doctor, and oh, by the way, I have to

12   fix my car, is ninety-five percent made up, because I've looked

13   at the bank statements, and what they show post-petition is,

14   the first couple of months post-petition massive expenses on

15   gambling.

16           And then after that -- and again, I'm not trying to

17   embarrass anyone, but Your Honor is asking, so I have to

18   answer, that's tabled for a while in the months -- in the

19   summer of 2023.  After he files in August -- July, August,

20   September, around there, the gambling is set aside, if you

21   will.  It drops tremendously, but then you see an uptick in

22   travel.

23           So you see two trips to Istanbul.  You see money being

24   pulled out 6,000, 2,000 before he gets on a plane.  And you see

25   extravagant spending during these months post-petition.  There

Colloquy

24

 1  is -- by the way, the pattern of substantial deposits that have

 2  nothing to do with his paychecks continue.  Those are not an

 3  aberration.

 4      And the spending is tremendous.  There is the hiring

 5  of an immigration attorney out of Chicago.  And if I were a

 6  stickler like Mr. Gorman, I'd point out that you need

 7  permission to hire an attorney in Chapter 13, which most people

 8  forget about.  So I don't know what's going on there.  I don't

 9  know if it's a girlfriend or something.  Anyway, but there is

10  money pouring out the door on everything except for medical and

11  what is it -- and car which represents two percent of the

12  spending during this period of time.

13     (Pause)

14         MR. BRANDT:  I don't know if you want me to keep

15  going, but I mean, if --

16         THE COURT:  If you want to make your case, maybe you

17  should.  Let me just stop you.  Okay.  Here's what I see.  I

18  see a debtor who has lots of skeletons in his closet.  And I

19  understand your comment about the U.S. Trustee being all over

20  this if this were a Chapter 7.  I think you're absolutely

21  right.  But this isn't a Chapter 7 case.  It's a Chapter 13

22  case.

23      And what I'm presented with is a debtor who has

24  demonstrated extremely bad judgment in his financial life.

25  Obviously, if I believe what you say -- and I don't disbelieve

Colloquy

25

1    you -- he has a gambling problem.

2          But on February 2nd --  February 1st, I'm going to

3    rule on the confirmation -- and I am -- of his Chapter 13 plan

4    because there are no objections to it so far.  And you're

5    welcome to file an objection.  But what the Court is going to

6    be facing is a one-hundred percent repayment plan for all

7    creditors, not just the creditor that you represent, but all of

8    his creditors will be paid at one hundred cents on the dollar.

9    So were I to dismiss this case, all creditors except for your

10   client, might not get a shot at this debtor.

11          I don't see bad faith here with this Chapter 13 case,

12   because I'm going to be presented with a one-hundred percent

13   repayment plan.  So I'm going to give this debtor every

14   opportunity to do what he's claiming he can do.  And everything

15   you said doesn't belie that.  It appears that this debtor can

16   afford this one-hundred percent repayment plan.

17          And as for your request for dismissal with prejudice,

18   what I would be doing if I did that would be saying, if you

19   don't file a plan that's confirmable in the first three tries,

20   dismissed with prejudice.  I'm not going to do it.

21          MR. BRANDT:  May I respond?

22          THE COURT:  There is no response.  I'm denying your

23   motion to dismiss with prejudice.  And if you have a problem

24   with this plan, you should file an objection.

25          MR. BRANDT:  Well, the problem is, I don't have a

Colloquy

26

1  problem with the plan -- well, I do have a problem with the

2  plan, but putting that aside, I have a problem -- if Your Honor

3  would please indulge me for ninety seconds just so I can put it

4  on the record.

5          THE COURT:  You're on the clock.

6          MR. BRANDT:  Okay.  If I put Mr. Gorman on the stand

7  and asked him how many times have you stood here and

8  paraphrased and made the argument, that's nice that it's a one-

9  hundred percent plan, but that doesn't give you carte blanche

10  to do anything and everything you want on the petition, he

11  would be compelled to answer in the affirmative, meaning this

12  is a case that screams of bad faith.

13          So I'm astounded that, when a debtor lies about his

14  income, flat out lies, doesn't disclose sources of income, lies

15  about gambling, lies on statement of financial affairs about

16  property he sold and what happened to that money, lies about

17  his expenses, essentially lies about everything, how the Court

18  can conclude you get a pass because it's a one-hundred percent

19  plan, respectfully, is beyond me.

20          And to me, then why don't we just advise our clients,

21  you can put down anything you want on the schedules.  As long

22  as it's a one-hundred percent plan, we're good to go.  I,

23  respectfully, don't think that it works that way.  Thank you

24  very much.

25          THE COURT:  You're welcome.

**Colloquy**

27

1          The motion is denied.  The Court will prepare the --

2     counsel, you prepare the order.

3          MS. MORGAN:  Thank you, Your Honor.

4          THE COURT:  You're welcome.

5          THE COURT OFFICER:  Your Honor, there's no further

6     matters on the docket.

7          THE COURT:  Then we're adjourned.

8          THE CLERK:  All rise.  Court is adjourned.

9       (Whereupon these proceedings were concluded at 3:12 PM)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

28

1                          I N D E X

2

3

4     RULINGS:                                    PAGE    LINE

5     Objection to proof of claim 3 for            4      3
      Resurgent Capital Services in the
6     amount of $803.44  is sustained

7     Objection to Proof of Claim #21 for          4      10
      National Credit Adjusters, LLC in the
8     amount of $1,645.23 is sustained.

9     Creditor Cyrus Amiri's Motion to dismiss    27      1
      is denied with prejudice

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

29

1

2                    C E R T I F I C A T I O N

3

4         I, Sharona Shapiro, the court-approved transcriber, do

5    hereby certify the foregoing is a true and correct transcript

6    from the official electronic sound recording of the proceedings

7    in the above-entitled matter.

8

9

10   *Sharona Shapiro*                    February 4, 2024

11   _____      _____

12   SHARONA SHAPIRO                       DATE

13   AAERT Certified Electronic Transcriber CET-492

14

15

16

17

18

19

20

21

22

23

24

25

## A

**A/R (3)**
12:12;14:9;15:1
**aberration (1)**
24:3
**absolutely (3)**
6:3;11:23;24:20
**Abtin (1)**
3:5
**abundantly (1)**
6:22
**account (8)**
3:25;4:9;9:13,14,
20,21,22,24
**accountant (1)**
20:24
**accounted (1)**
18:14
**accounts (1)**
14:10
**accumulated (1)**
10:14
**accurate (2)**
10:24;12:4
**acronym (2)**
13:1,2
**activity (2)**
3:24;4:9
**address (1)**
22:14
**adjourned (2)**
27:7,8
**Adjusters (1)**
4:6
**advise (1)**
26:20
**affairs (3)**
8:1;17:17;19:9;
20:7;26:15
**affirmative (1)**
26:11
**afford (3)**
22:2,18;25:16
**afternoon (2)**
3:10,14
**again (5)**
3:14;6:17;12:14;
18:15;23:16
**ago (2)**
17:12;21:9
**agree (5)**
11:22,23;20:19;
21:24;22:13
**agreement (1)**
20:10
**ahead (2)**
5:18;8:12
**alleged (1)**
5:10
**although (1)**
17:12

**amended (1)**
8:8
**America (2)**
9:13,14
**Amiri (2)**
3:11;4:18
**amount (2)**
17:13;21:8
**appear (2)**
12:4;23:1
**appears (1)**
25:15
**April (1)**
13:8
**argument (1)**
19:22;26:8
**around (1)**
23:20
**Ashley (1)**
3:8
**aside (3)**
18:15;23:20;26:2
**astounded (1)**
26:13
**attached (1)**
11:19
**attorney (3)**
19:21;24:5,7
**August (3)**
15:3;23:19,19
**average (1)**
10:24
**avoided (1)**
6:22
**away (2)**
5:20;7:16

## B

**back (5)**
16:2,3;18:2;21:20;
23:10
**bad (9)**
5:12;6:9,12,18,20;
16:19;24:24;25:11;
26:12
**baloney (3)**
17:15;20:1;22:2
**bank (23)**
9:1,4,8,12,14,15,22;
16:5,8;17:4,6,9;18:1,
6,8,18,25;19:15;22:4,
6,7;23:6,13
**bankruptcy (10)**
18:9;17;19:1,11,11,
12,19;20:6,9;21:7
**barely (1)**
17:14
**barred (1)**
4:1
**based (2)**
22:1;23:6
**basis (2)**

5:5,24
**become (1)**
6:21
**beginning (1)**
13:20
**belie (1)**
25:15
**below (1)**
10:25
**better (1)**
4:20
**beyond (1)**
26:19
**big (3)**
16:17;18:19,20
**bill (2)**
22:2,14
**binders (1)**
4:22
**blanche (1)**
26:9
**blank (1)**
19:10
**Blue (2)**
17:6,7
**boo (2)**
23:10,11
**book (3)**
7:6,6;13:9
**bore (1)**
19:18
**borrows (2)**
18:24,24
**both (1)**
12:21
**BRANDT (88)**
3:10,11;4:12,14,17,
17;5:4,15,19,22;6:3,6,
10,12;7:5,8,11,14,16,
20,23;8:2,5,10,13,17,
19,22,25;9:6,8,12,18,
20;10:3,5,7,12,17,20,
23;11:13,16,21,23;
12:1,5,7,20,23;13:1,5,
7,11,13,16,22,24;
14:2,5,7,9,14,16,18,
23;15:2,7,10,12,22;
17:19;20:18,23;
21:18,20,22;22:4,7,
12,15,17,25;23:3;
24:14;25:21,25;26:6
**brilliant (1)**
16:4
**bring (1)**
5:4
**bunch (1)**
17:15

## C

**calendar (1)**
17:20
**call (5)**

3:3;6:16,19;20:6;
23:8
**came (1)**
16:2
**can (7)**
15:4;7;25:14,15;
26:3,18,21
**Capital (1)**
3:22
**Car (3)**
17:14;23:12;24:11
**carte (1)**
26:9
**case (15)**
3:6,12;4:18;5:18,
25;7:1;14:4;21:23;
22:11;24:16,21,22;
25:9,11;26:12
**cash (2)**
8:17,19
**cents (2)**
6:1;25:8
**certain (1)**
22:18
**certainly (1)**
6:25
**chambers (1)**
4:25
**chance (1)**
19:5
**Chapter (11)**
6:14,14;11:12,19;
21:23;24:7,20,21,21;
25:3,11
**checking (2)**
9:13,14
**cherry (1)**
6:19
**Chicago (1)**
24:5
**chunk (1)**
14:12
**claim (7)**
3:21,22,22,22;4:1,
6;10:14
**claiming (1)**
25:14
**claims (2)**
3:17;11:4
**classic (3)**
19:22;20:6,9
**clear (1)**
6:22
**CLERK (3)**
3:1;4:25;27:8
**client (2)**
16:20;25:10
**clients (1)**
26:20
**clock (1)**
26:5
**closed (1)**
9:23

**closet (1)**
24:18
**Clothing (1)**
16:13
**combed (1)**
8:25
**coming (2)**
14:12;22:14
**comment (1)**
24:19
**common (1)**
21:22
**compared (1)**
23:5
**compelled (1)**
26:11
**completely (1)**
5:12
**compose (1)**
18:12
**concerned (1)**
9:7
**conclude (1)**
26:18
**concluded (1)**
27:9
**conclusive (1)**
9:3
**confirmable (1)**
25:19
**confirmation (2)**
21:23;25:3
**consider (1)**
17:22
**context (1)**
6:15
**Continue (2)**
5:3;24:2
**copy (1)**
4:25
**correctly (1)**
12:10
**counsel (4)**
4:23;20:1,4;27:2
**couple (4)**
18:2;19:2;21:11;
23:14
**Court (104)**
3:1,2,5,7,13,16,20,
25;4:3,10,12,16,24;
5:14,17,21,25;6:4,8,
11;7:2,6,9,12,15,18,
19,22,24;8:4,6,11,16,
18,20,24;9:4,7,11,17,
19;10:2,4,6,10,16,19,
22;11:10,14,18,22,24;
12:2,3,6,17,22,25;
13:3,6,9,12,14,19,23,
25;14:4,6,8,13,15,17,
20,25;15:6,9,11,20,
17:18;19:18;20:17,
22;21:16,19,21;22:3,
6,10,13,16,24;23:2;

In Re: ABTIN VAZIRI

January 18, 2024

24:16;25:5,22;26:5,
17,25;27:1,4,5,7,8
**coworkers (1)**
18:23
**Credit (1)**
4:6
**creditor (2)**
21:24;25:7
**creditors (9)**
3:11;4:18;6:1;10:5;
19:6,7;25:7,8,9
**Cross (1)**
17:7
**crux (1)**
6:25
**currently (2)**
11:6;12:2

## D

**Dana (1)**
3:3
**dance (1)**
23:9
**date (9)**
9:15;13:23,25;14:2,
2,18,22;15:2;18:7
**dated (1)**
13:14
**dates (2)**
13:22,24
**day (1)**
19:19
**days (2)**
18:17;19:1
**deal (2)**
18:19,20
**debtor (12)**
3:8,9;6:1,22;19:22;
22:18;24:18,23;
25:10,13,15;26:13
**debtor's (3)**
13:7;17:15;21:16
**December (1)**
21:7
**deduction (2)**
12:9,13
**deductions (3)**
11:11;12:23;17:10
**demonstrated (1)**
24:24
**denied (1)**
27:1
**deny (1)**
6:14
**denying (1)**
25:22
**depending (2)**
12:13;16:24
**deposits (5)**
9:13;18:9,13,14;
24:1
**Designed (1)**

22:1
**different (1)**
21:8
**difficult (1)**
22:18
**digress (1)**
5:2
**disallow (1)**
4:1
**disaster (1)**
19:14
**disbelieve (1)**
24:25
**discharge (1)**
6:14
**Disclose (3)**
18:16;19:21;26:14
**disclosed (4)**
18:13;19:4;20:13,
13
**discovery (1)**
9:1
**dismiss (3)**
5:25;25:9,23
**dismissal (1)**
25:17
**dismissed (1)**
25:20
**disposable (1)**
21:13
**divide (1)**
20:11
**divorced (1)**
20:9
**docket (5)**
3:4,19;8:8,10;27:6
**doctor (1)**
23:11
**document (7)**
3:24;11:14,15,17,
19,20;12:18
**documents (2)**
4:7;6:13
**dollar (2)**
6:2;25:8
**dollars (39)**
8:14,23;9:2,9,14,15,
16;10:8,13,15,18;
11:6,8;12:14;15:3,13,
14,16,17;16:6,6,11,
12,18,23,24,25;17:1;
18:13,14,19;19:2;
20:5,14,16;21:1,2,11,
15
**dollars' (1)**
16:15
**door (1)**
24:10
**down (1)**
26:21
**drops (1)**
23:21
**during (8)**

17:20;18:17;19:1;
20:8,12;21:6;23:25;
24:12

## E

**easily (2)**
5:7;16:10
**eight (1)**
5:10
**embarrass (1)**
23:17
**employee (3)**
14:10,11;15:1
**employer (7)**
12:10,11,15,19,24;
19:8,8
**Entertainment (4)**
16:17,18,23;17:2
**errors (4)**
6:4,6;7:4,12
**essentially (1)**
26:17
**even (2)**
18:4;21:8
**evidence (1)**
5:22
**exactly (1)**
20:11
**exaggeration (1)**
23:8
**examples (1)**
17:21
**except (2)**
24:10;25:9
**excuse (1)**
17:11
**exhibit (4)**
4:21;13:4,7,10
**exhibits (3)**
5:1,5;6:21
**expense (3)**
16:24;17:2,14
**expenses (10)**
15:12;16:13;17:16;
22:19,23;23:3,4,6,14;
26:17
**explanation (2)**
9:23;18:4
**expression (1)**
4:15
**extravagant (1)**
23:25
**extremely (1)**
24:24

## F

**fabrication (1)**
23:8
**facial (1)**
4:15
**facing (1)**

25:6
**faith (7)**
5:12;6:9,12,19,20;
25:11;26:12
**false (3)**
11:1,8,8
**FanDuel (1)**
18:2
**far (2)**
15:4;25:4
**fast (1)**
21:4
**February (2)**
25:2,2
**feet (2)**
15:25;23:10
**few (1)**
10:12
**file (3)**
25:5,19,24
**filed (15)**
3:22;5:7,7;6:9,12,
18;10:12,14,18;14:4;
19:11,11,12,25;22:11
**files (1)**
23:19
**filing (14)**
6:23;9:15;11:1;
12:21,21;18:9,17;
19:2,19;20:3,5,9,20;
21:7
**financial (6)**
7:25;17:17;19:9;
20:7;24:24;26:15
**find (1)**
17:10
**fire (1)**
19:13
**first (7)**
3:17;6:24;8:7;20:2,
4;23:14;25:19
**five (1)**
23:5
**fix (1)**
23:12
**flat (1)**
26:14
**flowing (1)**
9:9
**Food (1)**
16:10
**forget (1)**
24:8
**forty-eight (1)**
19:24
**forward (1)**
12:3
**forward-looking (5)**
11:15,17,18,20;
12:18
**four (1)**
5:4
**fun (2)**

9:25;13:16
**further (2)**
6:20;27:5

## G

**gambling (11)**
16:22,23,25;17:23;
18:3,5;19:14;23:15,
20;25:1;26:15
**garnishment (3)**
19:23;22:17;23:10
**gas (1)**
16:15
**gate (2)**
6:24;21:15
**gentleman (1)**
16:22
**gentlemen (1)**
18:22
**get-go (1)**
5:7
**gets (1)**
23:24
**girlfriend (1)**
24:9
**given (1)**
19:17
**goes (1)**
19:7
**golf (2)**
17:1,1
**Good (3)**
3:10,14;26:22
**googled (1)**
12:9
**GORMAN (5)**
3:14,15;4:19;24:6;
26:6
**grab (1)**
18:8
**grasp (1)**
4:20
**gross (1)**
20:19
**grossing (2)**
10:23;20:16
**guy (1)**
16:19
**gym (1)**
17:1

## H

**half (2)**
17:6;20:21
**hand (2)**
8:14,19
**hands (1)**
23:5
**happened (1)**
26:16
**happens (2)**

In Re: ABTIN VAZIRI

January 18, 2024

20:12,12
**health (6)**
17:3,5,10;21:4,5,10
**hear (4)**
3:16;4:12;5:18;
6:21
**hears (1)**
5:15
**Here's (1)**
24:17
**highly (2)**
8:22;13:2
**hire (1)**
24:7
**hiring (1)**
24:4
**Home (7)**
15:17,18,20,21,23,
24;20:10
**Honor (13)**
3:10,14,18;4:5,11,
14,22;5:15;16:21;
23:17;26:2;27:3,5
**hopefully (1)**
5:5
**hours (5)**
8:25;16:8;17:4;
18:11;19:24
**house (1)**
16:4
**household (1)**
16:10
**huge (1)**
14:12
**hundred (4)**
6:1;21:11;25:8;
26:9
**hunt (1)**
14:21

**I**

**imagine (1)**
17:24
**immigration (1)**
24:5
**inaccuracies (1)**
5:23
**included (1)**
4:7
**including (2)**
18:8;19:17
**income (8)**
17:20,22,23;18:5;
20:19;21:13;26:14,14
**incredulous (1)**
16:21
**indication (1)**
6:20
**indicative (1)**
5:12
**individual (2)**
19:3,6

**indulge (1)**
26:3
**insurance (9)**
17:3,5,10,14;21:1,2,
3,5,10
**interest (1)**
10:13
**IRS (6)**
10:1,7,14,15;11:5;
18:19
**issue (2)**
9:10;21:25
**Istanbul (1)**
23:23
**item (2)**
20:23;21:12
**Items (2)**
3:5;12:8

**J**

**January (3)**
16:3,3;17:9
**job (1)**
19:22
**judgment (1)**
24:24
**July (1)**
23:19
**June (2)**
14:16,19

**K**

**keep (1)**
24:14
**knew (3)**
10:8,15,17
**known (2)**
10:9,10

**L**

**large (1)**
22:19
**last (5)**
3:24;4:8;13:13;
15:4,24
**later (2)**
5:10;21:20
**latter (1)**
17:8
**law (1)**
4:25
**least (2)**
10:8;16:11
**left (1)**
11:8
**less (1)**
10:24
**lie (2)**
15:14,17
**lies (6)**

26:13,14,14,15,16,
17
**life (4)**
21:1,2,3;24:24
**likely (1)**
15:4
**likes (1)**
17:1
**limit (1)**
19:18
**limitations (3)**
3:23;4:2,8
**limited (1)**
19:17
**line (5)**
12:8;20:23;21:1,4,
12
**list (1)**
11:16
**listed (4)**
10:1,7;11:18;19:6
**lists (1)**
8:14
**little (1)**
18:20
**lives (1)**
15:24
**living (2)**
15:22,25
**long (3)**
4:20,21;26:21
**look (14)**
11:7,8;12:7,20;
13:17,24;14:15;16:5,
25;18:4,25;19:15,22;
22:7
**lookback (1)**
20:12
**looked (6)**
11:2;18:1,18;22:4,
21;23:12
**Looking (6)**
12:3,3;13:15,22;
16:8;17:9
**looks (3)**
12:10,11;20:16
**Lord (1)**
18:12
**lose (3)**
17:24;18:5;19:13
**losses (1)**
19:16
**lot (1)**
17:24
**lots (1)**
24:18
**lottery (1)**
17:23
**lower (1)**
17:13

**M**

**maintenance (4)**
15:17,18,21,21
**makes (1)**
15:5
**man (1)**
18:23
**many (2)**
5:1;26:7
**March (1)**
4:9
**marital (1)**
20:10
**married (1)**
20:9
**Mason (2)**
7:16,19
**massive (7)**
5:23;6:6,16;7:4;
9:11,12;23:14
**matters (2)**
3:3;27:6
**May (12)**
8:5;13:8,17,18,19,
20,25;14:1,2,5,22;
25:21
**Maybe (3)**
9:23;18:22;24:16
**mean (2)**
19:17;24:15
**meaning (2)**
12:10;26:11
**means (5)**
4:21;14:10;20:15,
18,21
**meant (2)**
12:1,2
**mechanic (1)**
22:25
**medical (4)**
22:23;23:3,4;24:10
**Medicare (2)**
11:2,11
**membership (1)**
17:2
**met (2)**
20:1,2
**might (2)**
22:13;25:10
**minor (3)**
9:9,25;19:20
**mistaken (1)**
17:7
**moment (16)**
7:13,17,22,22;8:4,6,
18;10:4,22;13:9,9,14,
19;15:20,20;17:18
**moments (1)**
7:19
**money (11)**
6:25;9:13;10:15;
11:7;12:11;14:12;
18:24;19:8;23:23;
24:10;26:16

**month (15)**
15:15,16;16:5,18,
23,25;17:12;19:17;
20:24;21:5,6,8,10,11,
15
**months (11)**
5:10;16:2;18:9;
19:18;20:3,5;21:6,9;
23:14,18,25
**more (2)**
10:24;17:24;18:20
**Morgan (8)**
3:8,8,16,18,21;4:5,
11;27:3
**most (1)**
24:7
**motion (6)**
4:13;5:6;6:14;
21:17;25:23;27:1
**move (1)**
15:8
**moved (1)**
16:1
**Moving (1)**
12:6
**much (7)**
10:16;15:13,15;
17:13;23:5,6;26:24
**must (1)**
4:25

**N**

**name (2)**
3:10;15:24
**names (1)**
3:7
**National (1)**
4:6
**necessarily (1)**
21:24
**need (2)**
7:2;24:6
**netted (1)**
20:14
**next (6)**
5:4;13:13;15:6,7,
19;18:6
**nice (1)**
26:8
**nine (2)**
20:2,5
**ninety (4)**
5:24;18:17;19:1;
26:3
**ninety-five (1)**
23:12
**ninety-nine (1)**
19:5
**none (2)**
9:2;14:25
**Nor (1)**
17:11

**notes (3)**
18:11,18;20:2
**November (1)**
3:25
**number (22)**
5:8,11;8:8,10,17;
9:13;12:8;13:7,10;
15:13;16:14,16;
17:19;18:3,16;19:5,
20;20:6,23;21:1,5,12

**O**

**objection (6)**
3:21;4:3,6,10;25:5,
24
**objections (2)**
3:17;25:4
**obsessed (1)**
22:20
**Obviously (1)**
24:25
**odds (1)**
9:2
**offering (1)**
6:1
**OFFICER (2)**
3:5;27:5
**old (1)**
23:5
**older (5)**
17:15;22:19,20,21,
24
**once (1)**
6:20
**one (43)**
3:11,19;4:18,22,22,
22;5:2,8;6:15;7:13,
22,22;8:4,6,18;9:20;
10:4,22;13:9,9,13,14,
16,19,20;14:21;15:19,
20,20;16:18;17:18,
23;18:3,18,20,22,23;
19:4,10;20:25;21:13;
23:4;25:8
**one- (1)**
26:8
**one-hundred (9)**
5:6,8,11;6:23;25:6,
12,16;26:18,22
**online (1)**
18:3
**only (3)**
5:2;11:7;19:23
**oopsies (2)**
6:15,16
**open (1)**
7:6
**opening (1)**
5:20
**opportunity (1)**
25:14
**opposing (1)**

4:23
**order (3)**
4:4;14:20;27:2
**out (10)**
6:24;9:9;14:12;
16:1;21:15;23:24;
24:5,6,10;26:14
**over (2)**
7:24;24:19
**owed (4)**
10:13,15,17;19:8
**owes (2)**
12:11;18:24

**P**

**Page (12)**
7:21;8:2,6,11;10:2,
21;15:19;17:17;
20:15,17,18,21
**paid (2)**
12:18;25:8
**Paragraph (1)**
8:17
**paraphrased (1)**
26:8
**part (1)**
17:8
**Parties (1)**
3:7
**pass (1)**
26:18
**past (1)**
12:19
**patently (1)**
11:8
**pattern (1)**
24:1
**Pause (1)**
24:13
**pay (22)**
6:1;11:2,9;12:7,9,
20;13:3,7,17,22,23,
24,25;14:2,2,9,18,22;
15:2,13;16:7;17:11
**paycheck (2)**
12:14;14:12
**paychecks (4)**
12:13;18:10,15;
24:2
**paying (15)**
11:2,3,4,4,5,5,6;
12:2,13;15:14,15,15;
17:5;21:2,6
**payment (4)**
12:10;15:3,4;20:4
**payments (7)**
5:11;6:24;18:16;
19:1,5,21;21:25
**payroll (2)**
10:25;11:7
**pays (2)**
18:24,24

**people (1)**
24:7
**percent (14)**
5:6,8,11,24;6:23;
19:5;23:12;24:11;
25:6,12,16;26:9,18,22
**period (4)**
13:20;16:1;20:12;
24:12
**permission (1)**
24:7
**Perry (2)**
7:16,18
**person (1)**
9:4
**Personal (1)**
16:13
**petition (5)**
6:8,12,18;23:7;
26:10
**pick (2)**
13:16;18:7
**picked (1)**
21:9
**picking (1)**
19:12
**plain (1)**
19:19
**plan (22)**
5:6,8,8,11;6:19,23,
24;11:20;21:15,22,
22,25;25:3,6,13,16,19,
24;26:1,2,9,19,22
**plane (1)**
23:24
**Please (3)**
3:2;4:4;26:3
**PM (1)**
27:9
**pocket (1)**
9:5
**point (4)**
5:1;9:20;19:10;
24:6
**pointing (1)**
7:10
**poring (1)**
17:4
**post- (1)**
23:6
**post-petition (5)**
14:15,25;23:13,14,
25
**pouring (1)**
24:10
**preceding (6)**
18:9,17;19:1,19;
20:8;21:6
**preference (1)**
19:4
**prejudice (3)**
25:17,20,23
**prepare (3)**

4:21;27:1,2
**pre-petition (4)**
14:6,13,14;22:17
**present (3)**
3:9;4:4,25
**presented (3)**
5:2;24:23;25:12
**presume (1)**
12:23
**previous (1)**
17:20
**prior (2)**
10:13;20:5
**problem (9)**
4:24;8:20;16:22;
25:1,23,25;26:1,1,2
**proceedings (1)**
27:9
**proceeds (1)**
20:11
**proof (3)**
3:21;9:3;10:14
**proofs (1)**
3:17
**properly (1)**
22:12
**property (2)**
20:8;26:16
**proposing (1)**
21:15
**prove (1)**
8:14
**pull (1)**
7:13
**pulled (1)**
23:24
**put (4)**
3:7;26:3,6,21
**putting (1)**
26:2

**R**

**read (3)**
4:14;13:1;21:16
**reason (2)**
9:21;20:3
**receivable (1)**
12:12
**receivables (1)**
14:11
**receive (1)**
17:19
**recently (1)**
17:12
**record (2)**
3:7;26:4
**relating (1)**
17:16
**remaining (1)**
3:3
**rent (2)**
15:13;16:6

**repairs (1)**
22:19
**repayment (3)**
25:6,13,16
**represent (3)**
3:11;4:17;16:20;
25:7
**represents (1)**
24:11
**request (1)**
25:17
**respectfully (2)**
26:19,23
**respond (2)**
21:19;25:21
**response (2)**
21:16;25:22
**restaurants (1)**
16:11
**Resurgent (1)**
3:22
**return (2)**
10:12,18
**returns (1)**
22:6
**review (1)**
6:20
**reviewing (1)**
6:13
**right (46)**
3:3,13,16,20;4:3,10,
12;6:23;7:2,18,20,24;
8:4,6,10,11,13,20;9:6,
12;10:4,20;11:10,13,
21,24;12:5;13:12,14,
19;14:2,7,17,18,20,21;
15:2,6,7,12;16:5;
18:25;19:23;20:15,
15,16;24:21
**rise (2)**
3:1;27:8
**Robert (2)**
3:11;4:17
**roughly (2)**
20:19;21:9
**rule (1)**
25:3
**run (1)**
4:8
**running (1)**
19:23
**rush (2)**
19:22,24

**S**

**same (2)**
15:24;19:7
**Savings (3)**
9:20,21,22
**saw (1)**
17:14
**saying (9)**

6:8,18;9:22;11:10,
15;12:17,20;22:9;
25:18
**schedule (7)**
6:5;8:12,13;11:14,
19;15:8;19:7
**schedules (11)**
5:23;6:7;7:3,25;8:2,
3,7,8;9:25;10:20;
26:21
**screams (1)**
26:12
**seated (1)**
3:2
**second (4)**
18:21;20:21;23:4,7
**seconds (1)**
26:3
**Security (2)**
11:3,11
**seems (2)**
4:15;19:20
**sell (2)**
20:7,10
**separation (1)**
20:10
**September (3)**
13:15;14:22;23:20
**session (1)**
3:1
**set (1)**
23:20
**share (1)**
15:24
**Shield (1)**
17:7
**shot (1)**
25:10
**show (6)**
5:22;7:3;9:4,8;
22:1;23:13
**showing (3)**
12:18;20:19;21:12
**shown (1)**
12:15
**side (1)**
21:25
**sign (1)**
19:25
**signed (2)**
3:24;4:7
**similar (1)**
4:7
**simply (2)**
6:23;19:18
**single (3)**
15:19;16:5;18:6
**sister (2)**
15:23,23
**sister's (2)**
15:22;16:4
**situation (1)**
4:7

**six (3)**
16:1;18:8;19:18
**skeletons (1)**
24:18
**skeptical (1)**
4:15
**skip (2)**
14:21;20:21
**skipped (1)**
20:18
**skipping (1)**
7:24
**slew (1)**
17:21
**slim (1)**
9:2
**Social (1)**
11:3,11
**sold (1)**
26:16
**sometimes (2)**
17:25;18:1
**song (1)**
23:9
**sorry (4)**
7:23;14:18,23;21:4
**sources (1)**
26:14
**speak (1)**
5:5
**speaking (2)**
7:12;21:4
**spend (1)**
16:11
**spending (3)**
23:25;24:4,12
**spends (2)**
16:10,22
**spent (2)**
16:8;17:4
**square (1)**
15:25
**stale (2)**
3:22;4:1
**stand (1)**
26:6
**start (1)**
17:9
**starting (1)**
15:12
**starts (1)**
13:9
**state (1)**
8:11
**statement (8)**
7:25;9:15;17:17;
18:6,8;19:9;20:7;
26:15
**statements (19)**
9:1,4,8,22;16:6,9;
17:5,6,9;18:1,18,25;
19:15;22:5,6,8,22;
23:6,13

**statute (3)**
3:23;4:1,8
**step (1)**
21:25
**step-up (2)**
5:11;6:24
**stickler (1)**
24:6
**stood (1)**
26:7
**stop (1)**
24:17
**stopped (2)**
17:8;21:7
**straight (1)**
7:25
**stub (2)**
13:17;14:9
**stubs (9)**
11:2,9;12:7,9,20;
13:3,7;14:25;17:11
**style (1)**
5:19
**substantial (1)**
24:1
**subtle (1)**
16:20
**summer (1)**
23:19
**supplies (1)**
16:10
**sure (2)**
5:17;17:16
**suspect (2)**
18:23,23
**sustain (1)**
4:3
**sustained (1)**
4:10

**T**

**tabled (1)**
23:18
**talking (4)**
6:15,16;8:7;13:21
**tax (7)**
10:12;11:3,11;22:2,
6,14,21
**taxes (5)**
10:25;11:6,7;20:24;
22:10
**tens (1)**
9:8
**test (3)**
20:15,18,21
**testify (1)**
7:8
**testifying (1)**
7:9
**testimony (4)**
5:16,18;6:21;7:3
**theft (1)**

19:13
**Therefore (1)**
3:25
**third (1)**
11:4
**Thomas (1)**
3:14
**thousand (1)**
19:2
**thousands (6)**
9:9;18:10,10;19:16,
16,16
**three (3)**
3:23;21:9;25:19
**throw (2)**
16:14,15
**times (1)**
26:7
**took (5)**
4:19,20,21;18:11,
12
**top (1)**
6:19
**trade (1)**
20:8
**traditional (2)**
6:23;17:22
**transfers (1)**
9:22
**Transportation (1)**
16:14
**travel (1)**
23:22
**tremendous (1)**
24:4
**tremendously (1)**
23:21
**tries (1)**
25:19
**trips (1)**
23:23
**Trustee (3)**
3:15;6:13;24:19
**try (2)**
5:21,22
**trying (4)**
4:14;16:19,20;
23:16
**twenty-three (1)**
17:1
**two (11)**
3:18;4:25;6:15;
17:12,20;18:22;19:5;
20:8;21:9;23:23;
24:11
**two-year (1)**
20:12

**U**

**understood (1)**
12:15
**unfortunately (1)**

16:21
**unknown (2)**
10:7,8
**unlikely (1)**
8:22
**unnecessary (1)**
5:12
**untruthfulness (1)**
6:7
**unusual (1)**
13:2
**up (14)**
7:13;16:9,13,13,14;
17:3,4;19:13;21:2,5,9,
23;22:20;23:12
**uptick (1)**
23:21
**using (1)**
23:5
**utilities (3)**
15:19;16:7,7

**V**

**Vaziri (1)**
3:5
**vehicle (6)**
17:15,16;22:19,20,
21,24
**Virginia (1)**
11:5

**W**

**wants (1)**
23:1
**way (6)**
11:17;12:14;23:1,
11;24:1;26:23
**week (1)**
23:1
**welcome (3)**
25:5;26:25;27:4
**weren't (1)**
19:4
**what's (2)**
11:24;24:8
**Whereupon (1)**
27:9
**whole (2)**
7:16;23:9
**whopper (2)**
16:17;18:6
**win (2)**
17:25;18:5
**winnings (2)**
17:23;18:2
**wins (1)**
17:25
**withdrawn (1)**
3:19
**withholding (1)**
22:10

In Re: ABTIN VAZIRI

January 18, 2024

**Within (1)**
19:10
**witness (1)**
4:22
**woman (1)**
18:23
**work (1)**
21:10
**works (1)**
26:23
**worth (1)**
16:15
**wrong (2)**
11:15,24

**Y**

**year (6)**
17:6,20;18:12;
19:10;21:23;23:5
**years (7)**
3:23;5:1;10:12;
16:1;17:21;18:2;20:8
**year-to-date (1)**
12:12
**yesterday (1)**
3:19

**Z**

**Zelle (1)**
18:25

**1**

**1 (3)**
8:8,10;13:15
**1,000 (3)**
12:14;16:10,11
**1,300 (2)**
9:14,15
**1,500 (2)**
15:15;16:6
**1,818 (1)**
14:11
**1.5-million-dollar (1)**
15:24
**10 (1)**
13:20
**10,000 (1)**
10:8
**100 (3)**
16:25;21:1,2
**10th (4)**
13:17,18;14:1,2
**11,177 (1)**
10:24
**12 (4)**
7:21;8:2,6,11
**12th (1)**
13:25
**13 (7)**
11:12,19;21:23;

24:7,21;25:3,11
**13,000 (1)**
10:15
**143,000 (3)**
20:16,19,20
**15 (3)**
13:10,11;19:9
**150 (2)**
16:18,24
**16 (4)**
8:17;13:11;19:20;
20:23
**17 (2)**
9:13;13:11
**18 (3)**
13:11;20:6;21:1
**19 (1)**
13:11
**1st (2)**
14:22;25:2

**2**

**2,000 (1)**
23:24
**2,500 (4)**
15:13,14;16:6;
21:15
**20 (2)**
10:3;13:11
**200 (3)**
8:14,22;9:2
**2019 (1)**
3:25
**2020 (2)**
4:9;13:8
**2021 (1)**
16:2
**2022 (5)**
16:3,3;17:8;18:12;
21:7
**2023 (17)**
8:5;13:15,18,25;
14:1,3,5,16,19,22,22;
15:3,5;17:10;18:14;
22:2;23:19
**21 (2)**
4:6;9:1
**22 (1)**
9:1
**23 (2)**
3:5;9:2
**23-10896 (1)**
3:6
**25 (3)**
3:5;15:17;21:5
**26 (1)**
3:5
**26th (1)**
14:22
**2nd (1)**
25:2

**3**

**3 (1)**
3:21
**3,076 (1)**
21:13
**3,333 (6)**
10:25;11:6,25;12:2,
3;20:24
**3:12 (1)**
27:9
**30th (2)**
8:5;14:5
**32 (1)**
10:21
**37 (1)**
17:17

**4**

**4 (1)**
15:13
**4- (1)**
15:25
**40,000 (1)**
18:14
**400 (1)**
16:15
**45 (2)**
15:3;21:12
**45,000 (1)**
20:14
**49 (2)**
20:15,18
**4th (1)**
15:3

**5**

**5 (1)**
17:19
**5- (2)**
16:22,24
**5,000 (1)**
15:25
**500 (1)**
20:4
**54 (1)**
20:21
**5A (1)**
11:11

**6**

**6 (2)**
13:7;18:16
**6- (2)**
16:23,24
**6,000 (1)**
23:24
**6,500 (1)**
9:16

**600 (1)**
16:11
**650 (1)**
18:19
**67 (8)**
7:21;8:2,11;10:3,
21;17:17;20:19,21
**680 (5)**
17:3;21:5,6,8,10

**7**

**7 (4)**
6:14,15;24:20,21
**7- (2)**
12:14;16:23
**7,000 (1)**
16:24
**7,800 (1)**
11:8
**70,000 (1)**
18:13
**7th (1)**
13:20

**8**

**8- (1)**
12:14
**8,000 (1)**
16:23

**9**

**9- (1)**
12:14
**9,300 (2)**
10:13,17
**9th (2)**
14:16,19

eScribers, LLC

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

**In re:**

**Abtin Vaziri**                                    **Case No. 23-10896-KHK**

**Debtor**                                          **Chapter 13**

### <u>Objection to confirmation of plan by Cyrus Amiri</u>

Comes now, Cyrus Amiri, a creditor in this case, through undersigned counsel, and moves this court in the above styled proceeding to deny confirmation of this case without leave to amend, or in the alternative to dismiss the case, and in support of his objections states as follows:

Under § 1325(a)(7) bankruptcy courts have authority to deny confirmation of a chapter 13 plan if the petition is not filed in good faith. One of the requirements for achieving confirmation is a showing by debtor that his chapter 13 petition was filed in good faith. If the debtor cannot convince the court that his petition was filed in good faith, then the debtor cannot achieve confirmation. In addition, the debtor must be able to prove that the plan was also proposed in good faith.

As previously argued to the court the debtor in the instant case did not file this case in good faith. In fact, this chapter 13 bankruptcy filing has all the hallmarks of a bad faith filing. The "badges of bad faith" are as follows:

**JA166**

- The debtor had roughly $6500 in his bank account when he filed his bankruptcy petition and not $1300 as he disclosed in his schedules.

- The debtor did not list a savings account that he had/has at Bank of America in his schedules.

- The debtor listed the IRS on his schedules showing the debt as "unknown" when in fact he knew that he owed them roughly $10,000 when he filed his bankruptcy petition.

As for the more egregious omissions/falsehoods in debtor's schedules:

- The debtor did not disclose on his schedules all of his creditors. At the time of his filing the debtor owed money to at least two individuals and likely his employer as well. These creditors were not listed on schedule E/F.

- The debtor did not disclose all of his current monthly income during the 6 months preceding the bankruptcy filing. In addition to his income from work, which was disclosed on the means test, during that same period of time -the six months preceding the bankruptcy filing- the debtor had deposits of nearly $54,000 in his bank account! Meaning, his monthly DMI was about $9,000 higher than what he disclosed on his means test form.

- The foregoing was not a fluke. In the year 2022 the debtor took in deposits of about $70,000 -in addition to his salary- that were not disclosed.

**JA167**

- In the year 2023 the debtor took in deposits of about $40,000 in addition to his earnings from work that were not disclosed.

- Schedule I filed by debtor was not accurate. The debtor did not disclose a major deduction to his employer (believed to be a repayment of a loan).

- Schedule J filed by the debtor was patently false. The expenses were literally made up. Debtor was not paying $2500 in rent at the time of filing, there were no utility expenses, and the entertainment expenses were vastly downplayed. The debtor at the time of his filing, and in fact, continuing on since his filing has not been spending a mere couple of hundred of dollars on entertainment, but rather, the debtor was spending thousands, upon thousands of dollars *typically, about 80 % of his paycheck* gambling. There was no health insurance expense at the time of filing. In short, schedule J was a complete fabrication. Moreover, the disclosure that debtor only had $2,457 in disposable income per line 23 on J was also fictitous.

- The debtor faired no better on the Statement of Financial Affairs. His income outside of his employment was not disclosed, despite being very substantial. Nor did debtor disclose his gambling winning for the two years prior to filing. The debtor did not disclose the payments made during the 90 days preceding the bankruptcy filing. The debtor did not disclose his gambling loses. The debtor did not disclose when he made his payments to his

**JA168**

attorney. The debtor did not disclose that he sold his previous marital home during the two-year preceding the bankruptcy filing.

- As for the means test, some of the expenses that debtor used to reduce his disposable income were false. There was no life insurance expense of $100 per month. There was no health insurance expense of $680 per month.

The pattern of deceit continued well after the petition was filed which demonstrates not only that the petition was filed in bad faith, but that none of the plans were filed in good faith.

- From the get-go the debtor could have committed to a 100 percent plan without any "step-up" payment if he so wished. Debtor could have proposed a traditional 100 percent plan at the outset of the case. The debtor could have proposed a plan that paid $4500 per month for 60 months for the simple fact that not only his true DMI mandated so, but because he could easily afford it. The debtor's undisclosed income, combined with his income form work, allows him to comfortably afford this substantial plan payment.

- As previously stated, the debtor should not be dragged "kicking and screaming" into a 100 percent plan and his filing of a step-up plan structure for which there is no rime or reason for, or any need for, is a further indication that the plan was filed in bad faith.

**JA169**

- As a further indication that the latest plan was filed in bad faith, the debtor did not bother to update his schedule I when filing his plan on November 30th. If he had done so, if he had bothered to reveal what his latest paystubs showed around that time -around November 30th- then he would have noted and disclosed that he was no longer grossing about $11,000 per month, but rather roughly $14,000 per month. At the time that the plan was filed -the current plan before the court- his schedule I should have shown that he was netting on average $10,500 per month and not $7,837. That is a difference of nearly $3,000 per month.

- Moreover, if debtor was serious about filing a 100 percent plan in good faith on November 30th then just like his schedule I would have been updated, so too his schedule J would have been updated to reflect his real monthly expenses instead of once again submitting a false schedule J attached to his plan.

- The whole posture of the current plan before the court is a falsehood. The story that debtor is presenting in his plan, and in his response to the motion to dismiss filed by the undersigned is that debtor has hit a rough patch, needs some time to get back on his feet following a wage garnishment, and that regretfully his resources are being drained by an older vehicle and by some recent health issues. This position by the debtor would be perfectly

**JA170**

understandable if it were true. If the foregoing story presented to the court

matched up with the fact on the ground, then a "step-up" plan might make

sense and might even be justified. The only problem is that the debtor's story

is just that, a story, a tale that is far more fiction than non-fiction.

The fact of the matter is that debtor's bank statements demonstrate that on

September 19, 2023 debtor had nearly $22,000 sitting in his bank account, and that

on October 19, 2023 debtor had roughly $19,000 sitting in his bank account. In

addition, debtor's bank accounts do not paint a picture of a man struggling with

enormous car expenses or medical bills, but rather, they reveal a debtor living an

extravagant lifestyle. As such, it is inconceivable that creditors should have to wait

18 months before payments that can fulfill a true 100 percent plan begin to appear.

Wherefore, the movant asks that the plan be denied confirmation without

leave to amend and that the case be dismissed.

/s/Robert S. Brandt

Robert S. Brandt, VSB#46196
600 Cameron Street
Alexandria, VA 22314
703-342-7330
Counsel for creditor

PROOF OF SERVICE

I certify that on this 24th day of January, 2024 I caused to be served a copy
of the foregoing Objection to confirmation by ECF with the bankruptcy court.

/s/ Robert S. Brandt

**JA171**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |
|---|---|
| _____ | ) |
| **Abtin Vaziri,** | ) **Case No. 23-10896-KHK** |
|  | ) |
| **Debtor.** | ) **Chapter 13** |
| _____ | ) |

## DEBTOR'S RESPONSE TO CREDITOR'S
## OBJECTION TO CONFIRMATION OF PLAN

**COMES NOW,** the Debtor, Abtin Vaziri, by and through Counsel, Ashley F. Morgan, Esq., of the law firm of Ashley F. Morgan Law, PC, and prays and submits, as follows:

1. Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on May 30, 2023.

2. The §341 Creditors Meeting was held and concluded on July 11, 2023.

3. Debtor submitted a proposed Chapter 13 Plan dated May 30, 2023. (Docket Entry #2).

4. The Trustee objected to the Plan based upon a violation of 11 U.S.C. 1325(a)(6) for feasibility and 11 U.S.C. 1325(a)(3) for Good Faith. (Docket Entry #10).

5. Hearing was held and confirmation of plan was denied with ability for Debtor to amend plan on August 17, 2023. (Docket Entry #15).

6. Debtor filed amended Chapter 13 Plan on September 8, 2023 (Docket Entry #20).

7. Cryus Amiri, through counsel Robert S. Brandt, Esq., ("Creditor") filed an objection to the first amended plan on October 4, 2023. (Docket Entry #21).

8. Trustee Objected to the first amended plan on October 18, 2023. (Docket Entry #26).

Ashley F. Morgan, Esq., VSB No. 86464
Ashley F. Morgan Law, PC
722 Grant Street, Suite G
Herndon, VA 20170
Ph: (703) 880-4881  ** Fax: (571) 376-5891
Email: Ashley@AFMorganLaw.com

**JA172**

9. Hearing was held and confirmation was denied on November 8, 2023 with Debtor being granted leave to submit another plan.  (Docket Entry #27 and #28).

10. Debtor filed second amended plan on November 30, 2023.  (Docket Entry #30).

11. This plan calls for creditors to paid out 100% of what is owed.

12. On December 20, 2023 Creditor filed a Motion to Dismiss Case with Prejudice.  (Docket Entry #38). Debtor filed a response to Creditor's Motion to Dismiss on January 11, 2024. (Docket Entry #40)

13. Hearing was held for Motion to Dismiss on January 18, 2024 in front of this Honorable Court.  During the hearing Creditor laid out numerous arguments in the written response and during oral arguments. However, this Honorable Court denied the Motion to Dismiss with Prejudice and ordered that the Confirmation Hearing on the pending 100% Plan would go forward.

14. On January 24, 2024, Creditor then filed an Objection to Confirmation of Chapter 13 Plan under 11 U.S.C. 1325 (a)(7). (Docket Entry #48).

15. The Debtor is current with all his Plan payments.

16. The Chapter 13 Trustee has not objected to the currently proposed Plan.

RESPONSE TO CREDITOR'S OBJECTION TO CONFIRMATION

17.  Debtor incorporates paragraphs 1 to 16 in the response below.

18. Creditor's objection lays out multiple arguments about Debtor's good faith in filing Chapter 13 and specifically this second amended plan.  However, most of these arguments have already been heard by this Honorable Court at the Hearing held on January 18, 2024.   The Court held that those arguments were not sufficient to dismiss the Debtor's underlying case. This Objection to Confirmation is just another attempt to raise the same potential issues of good faith. There appears to be no new information or arguments submitted before this Honorable Court.

**JA173**

19. The arguments proposed by the Creditor look at individual items that could be considered issues. The Creditor fails to look at the totality of the circumstances related to the Debtor, the filed case, and the pending plan before this Honorable Court.

20. As the Court noted earlier in this case, here is a Debtor with some skeletons in his closet, but at this point he is attempting to do right by paying all his creditors back. Denying a 100% Plan would be prejudicial to the majority of the Debtor's creditors.

21. "Good faith" in the context of chapter 13 requires that a debtor's plan not "abuse ... the provisions, purpose, or spirit" of chapter 13 and that it represents "an honest effort" to pay debts. *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir. 1982). By virtue of the Fourth Circuit's *Deans* test, a bankruptcy court is required to consider the totality of the circumstances in order to make a good faith determination.

22. This Debtor has proposed a 100% Chapter 13 Plan. This is a substantial and meaningful distribution to creditors. The Debtor has no recent debts and he only filed bankruptcy after being garnished by multiple creditors. He needs a Chapter 13 Plan to properly manage and pay his debts.  This plan will ensure that all creditors receive what they are owed. Dismissing the case and/or failing to confirm the 100% Plan provides no benefit to the majority of creditors and would ensure that certain creditors are able to garnish the Debtor's wages and/or bank accounts to receive preferential payments. Bankruptcy is a court of equity; ensuring Debtors can reasonably handle their debts and also ensure fair treatment for all creditors.

23. Additionally, there is no abuse of the system here. The Debtor has only filed one prior bankruptcy in 1996.

24. Using the Chapter 13 process to ensure the Debtor was aware of what debts were outstanding, is not bad faith. The Creditor takes issue with the delays in the process, but until after the claim's deadline, it is uncertain about the full balances of the Debtor's debt

**JA174**

and whether these debts have any basis of dispute. This is clear by the fact there were two claims objections that were pending on January 18, 2024, that were sustained by the Court. This reduced the total balance of debt that is paid by the Debtor.

25. Additionally, there are no issues raised by the Creditor about this plan not being feasible or the fact that Debtor will not be able to complete the plan.

26. The Creditor raises many issues of small, in consequential information that is missing or inaccurate in his Schedules. For example, the difference of approximately $1,000.00 in bank accounts balances is not material. Schedules are based often on estimates and when amounts change due to pending transactions and checks that are outstanding, there will be differences that occur. Listing a debt and marking it unknown is also not bad faith; it is reasonable for the Debtor to not have an exact balance for debt that is regularly changing with interest and penalties is normal.

27. Next, the Creditor argues that Debtor left off income from the Mean's Test. He claims that the Debtor had nearly $54,000.00 in deposits. These are not consistent funds and not all deposits are considered income. Deposits have various basis in nature, including retuning money that was previously withdrawn, reimbursements from friends, gifts from family, etc.

28. Next, Creditor goes after the Debtor's Schedules I and J, the monthly budget of a bankruptcy. The monthly budget determined on Schedule I and J is used to help determine the ability of the Debtor to fund a Chapter 13 Plan. The Creditor notes expenses he believes are inaccurate. However, Schedule I and J are based on averages for income and expenses raised over the course of a year. From month to month, expenses will vary; the amount is not the expense every month, but a reasonable expense spread out over the course of a calendar year.

**JA175**

29. Things like medical expenses or car expenses, while expensive, may not happen every month. The Debtor suffers from Multiple Sclerosis (MS) and is in recovery from addiction. As a result, there are on-going health issues that are a concern and very much part of the Debtor's necessary expenses. While he is not visiting a doctor weekly, there are annual expenses like MRIs, doctor visits, and other tests that happen periodically throughout the year. An MRI that costs $1,000.00 once a year would be reflected on his budget at approximately an $85.00 expense but may not appear for eight to 12 months on a bank statement. They also are expenses that can be paid with some of the cash withdrawals that the Creditor points out.

30. Variation in income for the Debtor occurs monthly. As a large part of the Debtor's income is based on commissions, he has fluctuations from month to month and quarter to quarter. The Creditor's request to report higher income on his Schedule I due to an increase in income in the prior three or four months would be inaccurate. With income that can vary substantially, averages from a 12-month period likely are more appropriate. This is similar to when a Debtor receives an annual bonus. Just because there is a bonus in the recent lookback period, it is not something a Debtor will fully rely on. That bonus is prorated on an annual basis to ensure that his income is not over reported.

31. The last section of Creditor's Objection can be summarized as simply has "it's not fair." The Creditor does not put forth any legal argument in the last section of his Objection. He simply is arguing that this case has been a sham on the Court because of small differences in schedules filed and funds were not immediately paid over to all creditors.

32. A Debtor gets the benefit of certain protections when filing a Chapter 13 bankruptcy. One of those is that all unsecured creditors are treated as one and that none of them are above or below each other in the pecking order.  The Creditor is trying to argue that it's not fair that they have to wait for a step-up payment in order to get money.  This Plan

**JA176**

calls for 100% to be paid.  Creditor is being treated fairly just as other creditors.  The interests here are not only those of the Debtor and this creditor that has objected, but all the other creditors who are entitled to payments from the Debtor. Failure to confirm a 100% plan prejudices other creditors who currently have no legal recourse from the Debtor, such as those who do not have judgment against the Debtor. Any dismissal or denial of confirmation really only benefits the few creditors, like Mr. Amiri, that have judgments and the priority creditors, like the taxing authority.

33. While the Debtor disputes a lot of the allegations made by the Creditor, even if the allegations are taken into consideration, on balance, the Plan before the Court is being filed in good faith. It ensures creditors are paid and are paid in a reasonable fashion.

34. As laid out in the Debtor's Response to the Motion to Dismiss (Docket Entry #40), the basis for the Plan had various factors that were being considered. When budgeting and establishing the payments for the Debtor's Plan, ensure that his necessary expenses were met and that he would not be creating a new post-petition debt while paying off his pre-petition debts. As the Creditor noted in his oral arguments made on January 18, 2024, he noted that there were limited taxes withheld from the Debtor's pay. As a result, it was anticipated that there would be a tax balance for the year 2023.  Debtor has been saving funds in anticipation of this tax burden.

35. As this moment, the Debtor anticipates an approximately $20,000.00 tax bill for his 2023 taxes, between IRS and Virginia. The funds available in the Debtor's bank account will need to be used to pay the tax bill. The argument by the Creditor that the step payment is not appropriate basically is arguing that the Debtor should incur a debt to the taxing authority in order to pay his creditors more each month.

36. Similarly, if the tax debt was not accounted for, the IRS and Virginia could file a post-petition tax Claim pursuant to §1305(a)(1), which provides that a proof of claim may be

**JA177**

filed by any entity that holds a claim against the debtor for taxes that become payable to a

governmental unit while the case is pending. Alternatively, if the tax debt was not

planned for, either taxing authority could move to dismiss the case. Both of these

potential options would have been prejudicial to the creditors and the Debtor. If there was

an additional claim filed, then creditor payments would be delayed or if the case was

dismissed, then creditors would have failed to receive payments that would have

otherwise been appropriate.

37. At the beginning of the year, the Debtor adjusted his withholding to ensure there is little

to no balance owed to the taxing authorities for tax year 2024. This adjustment ensures

that the large bank account balance that concerns that the Debtor has been saving in his

bank account would no longer be of any concern.

**WHEREFORE,** Debtor submits that there are grounds upon which to oppose the

Objection to Confirmation and the Debtor's 100% Plan should be Confirmed as filed.

Respectfully submitted this January 26, 2024.

Abtin Vaziri
By Counsel

**Ashley F. Morgan Law, PC**
722 Grant St, Suite G
Herndon, VA 20170
Tel: (703) 880-4881
Fax: (571) 376-5891

By:    /s/ Ashley F. Morgan
Ashley F. Morgan, VA Bar No. 86464
**Counsel for Debtor**

**Certificate of Service**

I, Ashley F. Morgan, Esq., Counsel for Debtor herein, hereby
certify that on this January 26, 2024, I served via ECF to
authorized users.


   /s/ Ashley F. Morgan   
Ashley F. Morgan, Esq.

**JA179**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

_____

**Abtin Vaziri,**                                )        **Case No. 23-10896**

                                                 )        **Chapter 13**

           **Debtor.**                    )

_____ )

#### ORDER DENYING CREDITOR'S MOTION TO DISMISS WITH PREJUDICE

UPON CONSIDERATION of Creditor's Motion to Dismiss with Prejudice, filed by Cyrus Amiri (Docket Entry #38), and Debtor's Response to the Motion to Dismiss (Docket Entry #40);

IT APPEARING that Counsel for the Creditor, Counsel for the Debtor, and the Debtor were present, and upon consideration of argument by Counsel for the Creditor; it is hereby

**ORDERED** that the Motion to Dismiss with Prejudice is OVERRULED; and it is

**FURTHER ORDERED** that Chapter 13 Case of Debtor Abtin Vaziri will continue.

**IT IS SO ORDERED.**

Date: Jan 31 2024
_____

/s/ Klinette H Kindred
_____
Klinette H. Kindred
U.S. Bankruptcy Judge

Entered on Docket: Jan 31 2024

I ASK FOR THIS:

/s/ Ashley F. Morgan, Esq.
Ashley F. Morgan, Esq., VSB No. 86464
Attorney for Debtor
Ashley F. Morgan Law, PC
722 Grant Street, Suite G
Herndon, VA 20170
Ph: (703)880-4881
Fax: (571) 742-9487
Ashley@AFMorganLaw.com

**JA180**

SEEN & OBJECTED TO:

/s/ Robert S. Brandt, Esq. (with permission)
Robert S. Brandt, Esq., VSB No. 46196
Counsel for Creditor, Cryus Amiri
600 Cameron Street
Alexandria, VA 22314
703-342-7330
brandt@brandtlawfirm.com

## CERTIFICATION PURSUANT TO LOCAL RULE 9022-1(c)(2)

I hereby certify that the foregoing Order was served via first class postage prepaid mail and/or email upon all necessary parties pursuant to Local Rule 9022-1(c)(2).

/s/    Ashley F. Morgan
Ashley F. Morgan, Counsel for Debtor

Parties to Receive Copies:

Thomas P. Gorman
Chapter 13 Trustee
300 N Washington St Ste 400
Alexandria, VA 22314

Order Overruling Motion to Dismiss with Prejudice, Page 2
Case 23-10896

**JA181**

1

```
 1              IN THE UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF VIRGINIA (ALEXANDRIA)
 2
    In Re:                         )  Case No. 23-10896
 3                                 )  Alexandria, Virginia
    ABTIN VAZIRI,                  )
 4                                 )
              Debtor.              )  February 1, 2024
 5                                 )  2:06 p.m.
    ------------------------------ )
 6

 7                   TRANSCRIPT OF HEARING ON
          OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
 8            FILED BY CREDITOR, CYRUS AMIRI #48
                   DEBTOR'S RESPONSE #5
 9
             BEFORE THE HONORABLE KLINETTE H. KINDRED
10                UNITED STATES BANKRUPTCY JUDGE

11  APPEARANCES:

12  For the Debtor:            ASHLEY F. MORGAN, ESQ.
                               ASHLEY F. MORGAN LAW, PC
13                             722 Grant Street
                               Suite G
14                             Herndon, VA 20170

15  For Cyrus Amiri, creditor: ROBERT S. BRANDT, ESQ.
                               THE LAW OFFICE OF ROBERT S.
16                             BRANDT
                               600 Cameron Street
17                             Alexandria, VA 22314

18

19

20

21  Transcription Services:    eScribers, LLC
                               7227 North 16th Street
22                             Suite #207
                               Phoenix, AZ 85020
23                             (800) 257-0885

24  PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

25  TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
```

**Colloquy**

2

```
 1          THE COURT OFFICER:  Recalling matter 24, Abtin Vaziri,
 2    case 23-10896.
 3          MS. MORGAN:  Ashley Morgan, here for the debtor.  The
 4    debtor is also present.
 5          THE COURT:  All right.
 6          MR. BRANDT:  Robert Brandt for the creditor.
 7          THE COURT:  All right.  Mr. Brandt, this is your
 8    objection.
 9          MR. BRANDT:  Yes.  The objection to conformation is
10    more or less the same as the prior motion to dismiss.
11          THE COURT:  So why should my ruling be different?
12          MR. BRANDT:  One of the requirements of plan
13    confirmation is that the petition be filed in good faith.  The
14    petition was filed in bad faith.  Therefore the plan cannot be
15    confirmed.  Thank you.
16          THE COURT:  Counsel?
17          MS. MORGAN:  Your Honor, as you sort of point out, the
18    argument is the same as previously.  As we sort of laid out in
19    our response, there are multiple factors that get looked into,
20    good faith, totality of the circumstances under Deans.  There's
21    many numerous issues to be looked at in a situation like this.
22          The debtor is going to be paying a one-hundred percent
23    plan to all creditors.  The creditor raises small issues here
24    and there, but I don't think it affects the fact that this is
25    paying a hundred percent on the dollar.  Creditors are being
```

**Colloquy**

3

 1  made whole by this.  There's troubles with step payments that

 2  we've explained.  I think this is just a rehashing of the same

 3  argument.

 4          THE COURT:  That's what I see.  Just a rehashing.  I

 5  find that this case was filed in good faith.  And as all

 6  creditors are being paid at one hundred cents on the dollar,

 7  I'm going to overrule your objection.  The plan will be

 8  confirmed.

 9          MR. BRANDT:  Thank you.

10          THE COURT:  You're welcome.

11          MS. MORGAN:  Thank you, Your Honor.

12     (Whereupon these proceedings were concluded at 2:07 PM)

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1

2                            I N D E X

3

4

5   RULINGS:                                    PAGE   LINE

6   Chapter 13 plan is confirmed.                3      7

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5

1

2                          C E R T I F I C A T I O N

3

4          I, Sharona Shapiro, the court-approved transcriber, do

5    hereby certify the foregoing is a true and correct transcript

6    from the official electronic sound recording of the proceedings

7    in the above-entitled matter.

8

9

10                                          February 4, 2024

11   _____     _____

12   SHARONA SHAPIRO                        DATE

13   AAERT Certified Electronic Transcriber CET-492

14

15

16

17

18

19

20

21

22

23

24

25

eScribers, LLC

In Re: ABTIN VAZIRI

February 1, 2024

| A | F | O | S |
|---|---|---|---|
| **Abtin (1)** <br> 2:1 <br> **affects (1)** <br> 2:24 <br> **argument (2)** <br> 2:18;3:3 <br> **Ashley (1)** <br> 2:3 | **fact (1)** <br> 2:24 <br> **factors (1)** <br> 2:19 <br> **faith (4)** <br> 2:13,14,20;3:5 <br> **filed (3)** <br> 2:13,14;3:5 <br> **find (1)** <br> 3:5 | **objection (3)** <br> 2:8,9;3:7 <br> **OFFICER (1)** <br> 2:1 <br> **One (2)** <br> 2:12;3:6 <br> **one-hundred (1)** <br> 2:22 <br> **out (2)** <br> 2:17,18 <br> **overrule (1)** <br> 3:7 | **same (3)** <br> 2:10,18;3:2 <br> **situation (1)** <br> 2:21 <br> **small (1)** <br> 2:23 <br> **sort (2)** <br> 2:17,18 <br> **step (1)** <br> 3:1 |

| B | | | T |
|---|---|---|---|
| **bad (1)** <br> 2:14 <br> **Brandt (6)** <br> 2:6,6,7,9,12;3:9 | | | **Therefore (1)** <br> 2:14 <br> **totality (1)** <br> 2:20 <br> **troubles (1)** <br> 3:1 |

| | G | | |
|---|---|---|---|
| | **good (3)** <br> 2:13,20;3:5 | | |

| C | H | P | U |
|---|---|---|---|
| **case (2)** <br> 2:2;3:5 <br> **cents (1)** <br> 3:6 <br> **circumstances (1)** <br> 2:20 <br> **concluded (1)** <br> 3:12 <br> **confirmation (1)** <br> 2:13 <br> **confirmed (2)** <br> 2:15;3:8 <br> **conformation (1)** <br> 2:9 <br> **Counsel (1)** <br> 2:16 <br> **COURT (7)** <br> 2:1,5,7,11,16;3:4,10 <br> **creditor (2)** <br> 2:6,23 <br> **creditors (3)** <br> 2:23,25;3:6 | **Honor (2)** <br> 2:17;3:11 <br> **hundred (2)** <br> 2:25;3:6 | **paid (1)** <br> 3:6 <br> **paying (2)** <br> 2:22,25 <br> **payments (1)** <br> 3:1 <br> **percent (2)** <br> 2:22,25 <br> **petition (2)** <br> 2:13,14 <br> **plan (4)** <br> 2:12,14,23;3:7 <br> **PM (1)** <br> 3:12 <br> **point (1)** <br> 2:17 <br> **present (1)** <br> 2:4 <br> **previously (1)** <br> 2:18 <br> **prior (1)** <br> 2:10 <br> **proceedings (1)** <br> 3:12 | **under (1)** <br> 2:20 |

| | I | | V |
|---|---|---|---|
| | **into (1)** <br> 2:19 <br> **issues (2)** <br> 2:21,23 | | **Vaziri (1)** <br> 2:1 |

| | L | | W |
|---|---|---|---|
| | **laid (1)** <br> 2:18 <br> **less (1)** <br> 2:10 <br> **looked (2)** <br> 2:19,21 | | **welcome (1)** <br> 3:10 <br> **Whereupon (1)** <br> 3:12 <br> **whole (1)** <br> 3:1 |

| | M | | 2 |
|---|---|---|---|
| | **many (1)** <br> 2:21 <br> **matter (1)** <br> 2:1 <br> **more (1)** <br> 2:10 <br> **Morgan (4)** <br> 2:3,3,17;3:11 <br> **motion (1)** <br> 2:10 <br> **multiple (1)** <br> 2:19 | | **2:07 (1)** <br> 3:12 <br> **23-10896 (1)** <br> 2:2 <br> **24 (1)** <br> 2:1 |

| D | | R | |
|---|---|---|---|
| **Deans (1)** <br> 2:20 <br> **debtor (3)** <br> 2:3,4,22 <br> **different (1)** <br> 2:11 <br> **dismiss (1)** <br> 2:10 <br> **dollar (2)** <br> 2:25;3:6 | | **raises (1)** <br> 2:23 <br> **Recalling (1)** <br> 2:1 <br> **rehashing (2)** <br> 3:2,4 <br> **requirements (1)** <br> 2:12 <br> **response (1)** <br> 2:19 <br> **right (2)** <br> 2:5,7 <br> **Robert (1)** <br> 2:6 <br> **ruling (1)** <br> 2:11 | |

| E | N | | |
|---|---|---|---|
| **explained (1)** <br> 3:2 | **numerous (1)** <br> 2:21 | | |

**JA187**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In the Matter of:

Abtin Vaziri                                    Chapter 13

                                                Case No.  23-10896-KHK

                Debtor(s)

## ORDER CONFIRMING PLAN

The Chapter 13 Plan (the "**Plan**") filed by the debtor (s) on November 30, 2023, replacing all previously filed plans, if any, having been transmitted to all creditors; and it having been determined that the Plan meets each of the requirements of 11 U.S.C. § 1325(a);

**It is ORDERED that:**

(1)    The Plan as filed or modified is CONFIRMED.

(2)    Upon entry of this order, all property of the estate revests in the Debtor. Notwithstanding such revesting, the Debtor shall not, without obtaining prior court approval, as it relates to real or personal property:  transfer, sell, acquire, encumber, refinance, enter into a loan modification, or incur debt (whether secured or unsecured) exceeding the cumulative total of $5000.00 in principal.  A motion seeking approval of any such transaction shall (i) provide proper notice to the Chapter 13 Trustee and all other appropriate parties and (ii) include a complete disclosure of the terms of the proposed transaction.

(3)    All funds received by the Chapter 13 Trustee on or before the date of an order of dismissal shall be disbursed to creditors, unless such disbursement would be de minimis, in which case the funds may be disbursed to the Debtor(s) or paid into the Treasury registry fund account of the Court, at the discretion of the Trustee.

All funds received by the Chapter 13 Trustee after the date of the entry of the order of dismissal shall be refunded to the Debtor(s) at their address of record.

All undisbursed funds on deposit with the Chapter 13 Trustee on or after the date of an order of conversion shall be disbursed to the Debtor.

(4)    The holder of each secured claim provided for in paragraphs 4A or 4D of the Plan shall retain the lien securing such claim until the earlier of (i) the payment of the underlying debt determined under nonbankruptcy law or

**JA188**

**Order Confirming Plan**
Abtin Vaziri
**Case #23-10896-KHK**

(ii) discharge under § 1328 or (iii) such lien is otherwise avoided by separate Court order entered in this case or associated adversary proceeding.  If this case is dismissed or converted without completion of the Plan, such lien shall be retained by such holder to the extent recognized by applicable nonbankruptcy law.

(5)      The Debtor(s) shall provide copies of tax returns to the Chapter 13 Trustee upon request.

(6)      In any chapter 13 case (1) that involves any claim that is secured by a security interest in the debtor's principal residence for which the plan provides that either the trustee or debtor will make contractual installment payments and (2) where there is no order terminating or annulling the automatic stay related to such claim, the debtor(s) shall file, within 30 days of completion of the plan payments due under the terms of any confirmed plan, a certification (in addition to the certification required under LBR 4008-2(A)) as to whether all contractual installment payments due during the life of the case have been made. If the debtor fails to timely file a certification, or if the debtor's certification states that not all contractual installment payments were made during the Chapter 13 case, the standing trustee shall file a motion to dismiss without a discharge.

(7)      Other Provisions.

None.

Dated: ___Feb 2 2024___                    /s/ Klinette H Kindred
                                           _____
                                           Klinette H. Kindred
                                           United States Bankruptcy Judge

Confirmation Recommended.              Entered On Docket: Feb 2 2024

_/s/ Thomas P. Gorman_____
Thomas P. Gorman
Chapter 13 Trustee
1414 Prince Street, Suite 202
Alexandria, VA 22314
(703) 836-2226

**JA189**

**Order Confirming Plan**
Abtin Vaziri
**Case #23-10896-KHK**


<u>Local Rule 9022-1(C) Certification</u>

The foregoing Order was signed by and/or served upon all necessary parties pursuant to Local
Rule 9022-1(C).


<u>/s/ Thomas P. Gorman</u>_____
Thomas P. Gorman, Chapter 13 Trustee


**PARTIES TO RECEIVE COPIES**


Abtin Vaziri
Chapter 13 Debtor
13705 James Monroe Hwy
Leesburg, VA 20176-5437


Ashley Frances-May Morgan
Attorney for Debtor
722 Grant Street, Suite G
Herndon, VA 20170


Thomas P. Gorman
Chapter 13 Trustee
1414 Prince Street, Suite 202
Alexandria, VA  22314

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CYRUS AMIRI,
        *Appellant*,

   v.

ABTIN VAZIRI,
        *Appellee.*

No. 1:24-cv-00236-MSN-WEF

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter comes before the Court on Creditor Cyrus Amiri's appeal from the Bankruptcy Court for the Eastern District of Virginia. Appellant argues that the Bankruptcy Court erred by refusing to dismiss Appellee's Chapter 13 bankruptcy case with prejudice and in ultimately affirming Appellee's bankruptcy plan. Finding that the Bankruptcy Court acted within its discretion, this Court will affirm those decisions.

**I.    BACKGROUND**

Appellee filed a Chapter 13 bankruptcy petition on May 30, 2023. ECF 2-1 ("Record") at 1. The same day, Appellee filed his first Chapter 13 plan, which proposed payments to the Trustee of $2,500 per month for 60 months. Record 76-77. On July 19, 2023, the Chapter 13 Trustee objected to the plan, claiming that it violated the statutory requirements of good faith and feasibility, since Appellee could afford higher payments and the plan failed to account for an IRS claim. Record 118-120. In response to this objection Appellee on September 8, 2023, filed a second plan that provided for 14 months of $2,400 payments and 46 months of $3,200 payments. Record 120-121. That plan would have resulted in the payment of approximately 73% of the debt owed to Appellee's unsecured creditors. Record 121. This time, both the Trustee and the Appellant filed

**JA191**

objections to the plan. On October 4, 2023, Appellant objected that the plan was noncompliant because it was "not entirely accurate" and therefore not filed in good faith, and did "not provide for all of debtor's projected disposable income." Record 133. The Trustee also objected, arguing the plan was underfunded and did not reflect the extent of Plaintiff's disposable income. Record 142-143.

Appellee filed his third (and final) plan on November 30, 2023. Record 150. That plan provided for 100% repayment of his debts and laid out payments to the Trustee of $2,500 per month for ten months, then $3,780 for eight months, then $4,730 for 42 months.

On December 20, 2023, Appellant filed a motion to dismiss Appellee's case. *See* Record 182-186. In his Motion, Appellant argued that the stepped-up payments in the third plan showed that the plan was filed in bad faith, suggested that Appellee could not actually afford repayment, and further argued that inaccuracies in the debtor's bankruptcy schedules showed that his petition was not filed in good faith. *See id.* He therefore asked the Bankruptcy Court to dismiss the case with prejudice for a period of six months. Record 186. In response, Appellee argued that the stepped-up payments in the plan were put in place to ensure he could pay his 2023 tax bill and necessary expenses that he had delayed. Record 190. He further argued that his anticipated changes in income would allow him to afford the stepped-up payments at ten and eighteen months into the plan. Record 190-191.

The Bankruptcy Court heard Appellant's motion to dismiss on January 18, 2024. Record 235. The Bankruptcy Court considered Appellant's allegations of inaccuracies. Record 241-258. While Appellant initially argued that Appellee's argument regarding his 2023 bill was "baloney," his counsel conceded that "there might be a tax bill coming that he's coming to have to address." Record 256. At the conclusion of the argument, the Bankruptcy Court stated that she saw from the

petition "a debtor who has demonstrated extremely bad judgment in his financial life," but did not "see bad faith here," particularly considering the "one-hundred percent repayment plan." Record 258-259. The Bankruptcy Court rejected the argument that "if you don't file a plan that's confirmable in the first three tries," the case should be "dismissed with prejudice." Record 259. The Bankruptcy Court also focused throughout on the fact that unlike in a Chapter 7 case, the Appellee's filings in Chapter 13 bankruptcy are prospective or forward-looking and are not intended to reflect exact statements of his past income, assets, or expenses. Record 245, 246, 258. Accordingly, the Bankruptcy Court denied the motion to dismiss but invited Appellant to file an objection to confirmation of the plan. Record 259.

On January 24, 2024, Appellant filed an objection to the plan's confirmation, citing the Bankruptcy Court's authority under 11 U.S.C. § 1325(a)(7) to deny confirmation of a petition if it was not filed in good faith. Record 198. In support of the proposition that the petition was not filed in good faith, Appellant listed a litany of alleged "omissions/falsehoods" in Appellee's schedules. Record 212-214. Appellant further argued that because Appellee did not initially propose a 100-percent repayment, but instead had to be dragged into one "kicking and screaming," he was not serious about filing a plan in good faith. Record 201-203. In response, Appellee noted that the arguments made were the same ones addressed by the Bankruptcy Court in its ruling on the motion to dismiss. Record 213-214. He further argued that the facts demonstrated he had not "abuse[d] . . . the provisions, purpose, or spirit" of Chapter 13, and therefore had acted in good faith. Record 214 (citing *Deans v. O'Donnell*, 692 F.2d 968, 972 (4th Cir.1982). Appellee then provided explanations for or disputed the alleged discrepancies Appellant pointed to in his motion. Record 215-218. In particular, he noted an anticipated $20,000 tax bill for 2023 that he would need to use

his current available funds to pay in 2024, and that if that tax debt was not planned for the tax authorities could move to dismiss the case. Record 218-219.

The Bankruptcy Court held a hearing on confirmation of the plan on February 1, 2024. Record 283. Appellant's counsel stated that the "objection to confirmation [was] more or less the same as the prior motion to dismiss." Record 271. Appellee's counsel responded by arguing that under the totality of the circumstances the plan was filed under good faith, noting that creditors would be made whole, and that the stepped-up payments were justified. Record 284-285. Finding that the objection was simply a "rehashing" of the motion to dismiss, the Bankruptcy Court overruled it. Record 272. The Bankruptcy Court then entered an order confirming the plan on February 2, 2024. Record 223-226.

Appellant noticed this appeal on February 15, 2024, seeking review of each of the above-described rulings. ECF 1-1.

## II.    STANDARD OF REVIEW

"When reviewing a decision of the bankruptcy court a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal." *Paramount Home Entm't Inc. v. Circuit City Stores, Inc.*, 445 B.R. 521, 526-27 (E.D. Va. 2010). This Court "thus review[s] the bankruptcy court's legal conclusions de novo and its factual findings for clear error." *In re Harford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004). To find that a finding of fact is clearly erroneous, this Court must be "left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985).

## III.    LEGAL FRAMEWORK

Under the Bankruptcy Code, a Chapter 13 plan may not be confirmed if it was not "proposed in good faith." 11 U.S.C. § 1325(a)(3). Similarly, the "action of the debtor in filing the

petition" must also have been "in good faith." *Id.* § 1325(a)(7). Courts decide whether good faith exists based on the totality of the circumstances, and look to factors including "the percentage of proposed repayment to creditors, the debtor's financial situation, the period of time over which creditors will be paid, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing the facts of the case, the nature of the debtor's pre-petition conduct that gave rise to the debts, whether the debts would be dischargeable in a Chapter 7 proceeding, and any other unusual or exceptional problems the debtor faces." *In re Solomon*, 67 F.3d 1128, 1134 (4th Cir. 1995). A bankruptcy court should consider these factors "mindful of the fact that the good faith inquiry is intended to prevent abuse of the provisions, purpose, or spirit of Chapter 13." *Id.* While this good faith inquiry is most frequently applied to issues arising under Section 1325(a)(3), the Fourth Circuit has cited the same factors and inquiry to cases under Section 1325(a)(7). *See In re Bateman*, 515 F.3d 272, 283 (4th Cir. 2008). Further, "[i]n the bankruptcy context, a court's finding with respect to the good faith requirement is reviewed for clear error." *Gorman v. Cantu*, 713 Fed. Appx. 200, 204 (4th Cir. 2017) (quoting *Behrmann v. Nat'l Heritage Found., Inc.*, 663 F.3d 704, 709 (4th Cir. 2011)) (cleaned up).

## IV.    ANALYSIS

Appellant asserts several errors in his brief on appeal. First, he argues that he "should have been afforded the opportunity to put on his evidence that the debtor filed his bankruptcy case bad faith [sic]," and that he should have been allowed to call Appellee to the stand to testify at the hearing. ECF 4 ("Br.") at 11. He further objects to the ruling on the motion to dismiss by arguing that "the bankruptcy court essentially created a per se rule that those debtors that file a 100 percent plan can never have their cases dismissed, regardless of how much bad faith they engaged in filing

their petition." *Id.* Further, Appellant asserts that on confirmation of the plan, Appellee had the burden of demonstrating good faith, and did not do so—again, in part because he did not testify. Br. 16-18. This Court finds that Appellant has identified no reversible error, and will therefore affirm the decisions of the Bankruptcy Court to deny his motion to dismiss and to confirm Appellee's plan.

### A.    Appellant has identified no error with respect to the evidence considered by the Bankruptcy Court.

Appellant argues that after he filed a motion to dismiss Appellee's case, he should "been afforded the opportunity to put on evidence" and to "call the debtor as a witness to testify." Br. 11. As for his first argument—that he should have been afforded the opportunity to put on evidence—Appellee does not explain how he was denied this opportunity. The transcript of the hearing indicates that Appellee's counsel was able to walk the Bankruptcy Court through the litany of alleged errors that Appellee claims show that the petition was filed in bad faith. *See* Record 241-258.

Appellant next claims that since "good faith was put at issue," "it was incumbent on the debtor to take the stand and testify that he filed his case in good faith." Br. 11. This misses the mark. On a motion to dismiss a Chapter 13 bankruptcy case, "the party seeking to dismiss the debtor's case has the burden of proving that the debtor's bad faith warrants dismissal." *In re Page*, 519 B.R. 908, 913 (Bankr. M.D.N.C. 2014) (citing *Matter of Love*, 957 F.2d 1350, 1355 (7th Cir. 1992)).[1] Furthermore, Appellant cites to no authority supporting a right on a motion to dismiss to call the debtor to testify, and make no legal argument why this Court should create one today. The

---

[1] Appellant's citation to *In re Tamecki*, 229 F.3d 205, 207 (3d Cir. 2000) is inapposite, as that case involved good faith under Chapter 7. *See* Br. 11.

Court will therefore not reverse the Bankruptcy Court's decision on the motion to dismiss on the ground that she did not allow Appellant to call Appellee to the stand.

**B.    The Bankruptcy Court did not clearly err in finding good faith when hearing Appellee's motion to dismiss.**

Appellee next argues that the Bankruptcy Court committed reversible error by refusing to dismiss the case. In doing so, he frames the Bankruptcy Court as arriving at a legal conclusion that "those debtors that file a 100 percent [repayment] plan can never have their cases dismissed, regardless of how much bad faith they engaged in filing their petition because they were willing to pay their creditors back in full." Br. 11. Because "the Bankruptcy Code does not create an exception for those debtors who are willing to propose a 100 percent [repayment] plan," Appellant argues the case should have been dismissed. Br. 12.

Appellant's move here—attempting to recast what is ordinarily a factual determination as a legal conclusion—doesn't pass the smell test. There is no indication in the record that the Bankruptcy Court made the legal conclusion that Appellant argues it did. Rather, the Bankruptcy Court's consideration of the repayment percentage was entirely appropriate, as the Fourth Circuit has held that "the percentage of proposed repayment to creditors" is the first factor to look to when determining good faith under the totality of the circumstances. *In re Solomon*, 67 F.3d at 1134. Furthermore, the records belies Appellant's view that the Court relied solely on the repayment amount *in spite of* falsehoods in Appellee's filings. Rather, the Bankruptcy Court appears to have *credited* Appellee's arguments that his filings made sense in the context of a prospective, Chapter 13 personal bankruptcy, and that the stepped-up payments reflected Appellee's need to pay his 2023 taxes. *See* Record 245, 246, 256, 258. Therefore, the Bankruptcy Court's decision does not evince the kind of erroneous bright-line rule that Appellant claims it does.

**JA197**

For these reasons, the Bankruptcy Court's determination that Appellant did not show bad faith should be understood—as it ordinarily is—as a factual determination warranting clear error review, not a legal conclusion to be reviewed de novo. *Behrmann*, 663 F.3d at 704. Under this standard of review, this Court only need find that there is evidence to support the Bankruptcy Court's determination, and that no "definite and firm conviction that a mistake has been committed" is warranted. *Anderson*, 470 U.S. at 573. Here, there was evidence in the record to support the Bankruptcy Court's conclusion: the proposed plan paid 100 percent, Appellee's submissions explained the claimed discrepancies and "bad faith," there was no information to cast doubt on Appellee's employment prospects, and Appellee lacked a lengthy or complicated history of prior bankruptcy claims. *See In re Solomon*, 67 F.3d at 1134. This is not to say that no evidence pointed in the other direction. As the Bankruptcy Court noted, the case involves "a debtor who has demonstrated extremely bad judgment in his financial life" and had a "gambling problem." Record 258-259; *see In re Solomon*, 67 F.3d at 1134 (asking courts to consider, as part of the totality of circumstances, "the nature of the debtor's pre-petition conduct that gave rise to the debts" and "the debtor's financial situation."). In finding good faith, the Bankruptcy Court assessed the totality of these circumstances. This assessment hardly leaves this Court "with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573.

C.    **The Bankruptcy Court did not clearly err in approving the bankruptcy plan.**

To approve the bankruptcy plan, the Bankruptcy Court was required to find that it was "proposed in good faith" and also that "the action of the debtor in filing the petition was in good faith." 11 U.S.C. § 1325(a)(3), (7). Appellant asserts that the Bankruptcy Court erred by approving the plan (over his objection) without "requiring the debtor to testify and to prove by a preponderance of the evidence that he filed his third plan in good faith." Br. 16. In this instance, Appellee is at least correct that the burden of showing good faith lies with the debtor. *See In re*

*Daniel*, 260 B.R. 763, 766-767 ("The debtor has the burden of proof of establishing that the plan is filed in good faith, as required by Code § 1325(a)(3)."). But Appellant offers no basis in law for his proposed requirement that the debtor himself *testify* in open court to meet that burden. Courts in this Circuit have made findings of good faith *without* any mention of a debtor's testimony. *See, e.g.*, *In re Mark*, 336 B.R. 260, 267-268 (Bankr. D. Md. 2006) (looking to record evidence to determine that debtor acted in good faith); *In re Carr*, 344 B.R. 776, 782 (Bankr. N.D. W. Va. 2006) (same). Moreover, this Court has not found any case in this Circuit finding a lack of good faith on the ground that the debtor in a Chapter 13 bankruptcy did not testify.

Rather, the record here supports the notion that the Bankruptcy Court found good faith on the same grounds as in its prior decision denying the motion to dismiss. Record 271-272. This supports that the determination was made after weighing the record evidence and presentations from Appellant's and Appellee's counsel. For the reasons described above, that determination was not clear error. *See supra* § IV.B.

## V.    CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Appellant's appeal is **DENIED** and the Bankruptcy Court's orders denying Appellant's motion to dismiss and confirming Appellee's bankruptcy plan are **AFFIRMED**.

The Clerk is directed to close this civil action.

**SO ORDERED.**

/s/
_____
Michael S. Nachmanoff
United States District Judge

January 3, 2025
Alexandria, Virginia

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

**In re:**

    **Abtin Vaziri**                           **Case No. 23-10896-KHK**

       **Debtor**                            **Chapter 13**

_____

**Cyrus Amiri**                  **Case No.: 1:24-cv-00236-MSN-WEF**

      **Appellant,**

  **v.**

**Abtin Vaziri,**

      **Appellee.**
_____

<u>**NOTICE OF APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**</u>

Cyrus Amiri, the Appellant, appeals to the United States Court of Appeals for the Fourth Circuit from the order of the United States District Court for the Eastern District of Virginia, entered in this case on January 3, 2025, affirming the final judgment of the United States Bankruptcy Court for the Eastern District of Virginia.

The parties to the order from and the names and addresses of their respective attorneys are as follows:

**JA200**

1. <u>Cyrus Amiri</u>- Appellant/Creditor

Represented by:     Robert S. Brandt (VSB #46196)
                    600 Cameron Street
                    Alexandria, VA 22314
                    703-342-7330
                    brandt@brandtlawfirm.com

2. <u>Abtin Vaziri</u>- Appellee/Debtor

    Represented by:       Ashley Morgan, Esq.
                          722 Grant Street, Suite G
                          Herndon, VA 22030
                          703-880-4881

                          By: <u>/s/Robert S. Brandt</u>
                          The Law Office of Robert S. Brandt
                          VSB#46196
                          600 Cameron Street
                          Alexandria, VA 22314
                          703-342-7330
                          brandt@brandtlawfirm.com
                          Counsel for Appellant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of January, 2025 a true copy of the foregoing Notice of Appeal was filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all interested parties.

                          /s/Robert S. Brandt

**JA201**